RECEIVED
2006 SEP 21  A 9 40

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION


WINSTON DAVIS
    PETITIONER,


VS.                              CIVIL ACTION NO. 1:06CV842-M#+
                                 PETITIONER REQUEST
                                 ORAL ARGUMENTS.


STATE OF ALABAMA
    RESPONDANTS.


PETITION FOR WRIT OF FEDERAL HABEAS
CORPUS PETITION 28 USC §§ 2254

COMES NOW, PETITIONER, WINSTON DAVIS
IN THE ABOVE-STYLE CAUSE AND MOVES
THIS HONORABLE COURT TO ISSUE ORDER


1.

TO RESPONDANTS, ALABAMA ATTORNEY
GENERAL TO SHOW CAUSE AS TO
WHY THIS COURT SHOULD NOT GRANT
PETITIONER RELIEF PURSUANT TO THIS
PETITION AND PETITIONER STATES THE
FOLLOWING GROUNDS FOR RELIEF:


GROUNDS OF PETITION:

GROUND ONE:

THE ACTION OF THE GENEVA COUNTY
CIRCUIT COURT JUDGE CHARLES L.
WOODS (DECEASED 2003) DEPRIVED
PETITIONER, WINSTON DAVIS OF HIS
RIGHT TO DUE PROCESS OF LAW
UNDER THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION
AND ARTICLE 1, SECTION 6, OF ALABAMA
CONSTITUTION OF 1901, DUE TO HIS
"PREJUDICE AND BIAS" TOWARD PETITIONER
WINSTON DAVIS, "FOR BLOWING THE
WHISTLE ON A PRISON RING, IN GENEVA
COUNTY, ALABAMA."

2.

<u>GROUND TWO:</u>

(A)   " PETITIONER, WINSTON DAVIS'S
      CONVICTION IN GENEVA COUNTY
      CIRCUIT COURT FOR "<u>CASE CC-96-126</u>"
      IS IN VIOLATION OF HIS RIGHTS
      TO HAVE EFFECTIVE OF ASSISTANCE
      OF COUNSEL AT TRIAL UNDER
      THE SIXTH AMENDMENT TO THE UNITED
      STATES CONSTITUTION AND ARTICLE 1,
      SECTION 6, ALABAMA CONSTITUTION OF 1901,
      DUE TO COURT APPOINTED TRIAL COUNSEL
      CHARLES W. BLANKENEY'S "WILLFULLY
      AND INTENTIONAL FAILURE TO PURSE
      ARGUMENT THAT PETITIONER, WINSTON
      DAVIS "<u>HAD A RIGHT TO BE PRESENT</u>
      <u>DURING EVERY STAGE OF HIS TRIAL</u>",
      AND FURTHER,

(B)   AND FILE A WRIT OF MANDAMUS PETITION
      TO THE ALABAMA COURT OF CRIMINAL
      APPEALS TO FORCE THE TRIAL COURT
      JUDGE, CHARLES L. WOODS TO "RECUSE
      HIMSELF FROM ANY FURTHER INVOLVEMENT

3.

WITH PETITIONER, WINSTON DAVIS'S
TRIAL CC-99-126, PURSUANT TO
ALABAMA CANNONS OF JUDICIAL ETHICS
(CANON 3.C.1.(A), "DUE TO HER
"PREJUDICE AND BIAS, TOWARD PETITIONER
WINSTON DAVIS,"

(C) AND, BASE PETITIONER, WINSTON DAVIS'S
DEFENCE ON ALICE R. KELLY'S
"IGNORANCE TO THE WRITTEN, SIGNED
CONTRACT WITH PETITIONER WINSTON
DAVIS TO AVOID THE EFFECTS OF
IT.

4.

<u>STATEMENT OF FACTS, WHICH CANNOT
BE REBUTTED, NOR CONTRADICTED
THEREFORE MUST BE CONSIDERED
PRIM-FACIE EVIDENCE AS TRUE</u>

1. ON AUGUST 1998, PETITIONER, WINSTON
DAVES ENTERD INTO A WRITTEN, SIGNED
CONTRACT WITH A LADY FROM DESTIN,
FLORIDA. WHO HAD PURCHASED A HOME
IN GENEVA, ALABAMA, FOR HER MOTHER
FOR HOME IMPROVEMENT.

2. ON OCTOBER 18, 1998, PETITIONER,
WINSTON DAVES GAVE A TAPED RECORDED
STATEMENT TO THE STATE OF ALABAMA
FIRE MARSHAL'S INVESTIGATOR,
MR. CARY CHATEE, REGARDING AN
ARSON RING, OPERATING IN AND AROUND
GENEVA COUNTY, ALABAMA, WHICH
INVOLVED THE FOLLOWING PERSONS:
    NEIL HOLLEY, STATE FARMS AGENT,

5.

DONALD R. MAER, ("DECEASED AUGUST, 2006) PAUL KENNEDY, WILLIAM KENNEDY AND WALLACE DOWLING, STOCKHOLDERS OF HARTFORD FINANCIAL CORPORATION, WHO WHOLLY OWN CITY BANK OF HARTFORD, AND GARRY TOLLEY THE ARSONIST. (SEE PETITIONER'S EXHIBIT 1 (A))

2. ON OCTOBER 19, 1998, MR. GARY CARTEE, STATE OF ALABAMA FIRE MARSHAL'S INVESTIGATOR GOES TO GENEVA COUNTY AND OBTAINED AN ARREST WARRANT FOR GARRY TOLLEY FOR ARSON IN THE SECOND DEGREE. (SEE: PETITIONER'S EXHIBIT 1 (A)")

3. FOR THE NEXT SEVERAL MONTHS ALICE KELLY AND HER SISTER RACHEL TOWNSEND INCREASED THE WRITTEN CONTRACT FROM 26,000.00 TO $51,900.00 BUT DID NOT WANT TO PAY FOR THE ITEMS "NOT" IN THE WRITTEN SIGNED CONTRACT, PETITIONER, REFUSED.

6.

4. ON JANUARY 15, 1999, THE GENEVA COUNTY, DISTRICT ATTORNEY, DAVID EMERY ("RETIRED") WATERED DOWN THE EVIDENCE WHICH PETITIONER WINSTON DAVIS GAVE THE STATE OF ALABAMA FIRE MARSHAL'S INVESTIGATOR MR CRATEE, AND GOES TO THE GENEVA COUNTY GRAND JURY AND REQUESTED THEY BRING "CRIMINAL MISCHEIF" CHARGES AGAINST GRADY TOLLEY  CC-99-004 (SEE: PETITIONER'S "EXHIBIT 1")

5. ON AUGUST 5, 1999, PETITIONER, WINSTON DAVIS WAS ARRESTED, BOOKED INTO THE GENEVA COUNTY JAIL, RELEASED ON A $50,000.00 PROPERTY BOND.

6. ON AUGUST 30, 1999, PETITIONER, WINSTON DAVIS, GOES TO ARRAIGNMENT FOR CC-99-126, THE 33RD CIRCUIT COURT JUDGE CHARLES L. WOODS, COMMITTED PLAIN ERROR, WHEN HE FORCED PETITIONER

7.

TO ENTER HIS PLEA OF NOT GUILTY, TO DEBAR PETITIONER FROM ATTACKING THE INDICTMENT CC-99-126, DUE TO IT BEING FATAL DEFECTIVE, BECAUSE UNDER ALABAMA LAW, WHEN AN ACCUSED ENTERS A PLEA, AT ARRAIGNMENT HE WAIVES ANY DEFECT IN THE INDICTMENT. (SEE: PETITIONER'S "EXHIBIT 2. AT R-5")

8. ON AUGUST 30, 1999, PETITIONER, WINSTON DAVIS WAS HELD IN THE GENEVA COUNTY JAIL ON A $50,000.00 BOND WHICH HE COULD NOT MAKE, PENDING A REVOCATION OF PROBATION HEARING FOR CASE CC-96-219 (SEE: PETITIONER'S "EXHIBIT 2 AT R-3")

9. ON SEPTEMBER 17, 1999, REVOCATION OF PROBATION HEARING WAS HELD AND THE 33RD CIRCUIT COURT JUDGE CHARLES L. WOODS "DENIED" THE STATE'S MOTION TO REVOKE PETITIONERS PROBATION (SEE: PETITIONERS "EXHIBIT 3 AT R-32")

8.

10. ON SEPTEMBER 29, 1999, THE 33RD CIRCUIT COURT JUDGE CHARLES L. WOODS, ISSUED ORDER REVOKING PETITIONER'S PROBATION, WHICH STATES IN PERTINENT PART:

"THEREFORE, IT IS ORDERED THAT THE DEFENDANT'S PROBATION IS HEREBY REVOKED, THE DEFENDANT IS TO SERVE THE BALANCE OF HIS FOUR (4) YEAR SENTENCES, AND DEFENDANT IS GIVEN CREDIT FOR TIME SERVED ON THESE SENTENCES" (SEE: PETITIONER'S "EXHIBIT 4")

11. ON OCTOBER 4, 1999, PETITIONER'S RETAINED COUNSEL HONORABLE JOHN M. BATES OF DOTHAN, ALABAMA, FOR CASE CC-96-214, FILE MOTION TO WITHDRAW AND MOTION FOR COURT TO APPOINT COUNSEL TO FILE AN APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS ON ANY ISSUE THAT PETITIONER MAY HAVE TO THE ORDER REVOKING HIS

9.

PROBATION. (SEE: PETITIONERS "EXHIBIT 4.")

12. ON OCTOBER 4, 1999, THE 33RD CIRCUIT COURT JUDGE CHARLES L. WOODS, ALLOWED ATTORNEY BATES TO WITHDRAW AND WILLFULLY AND INTENTIONAL FAILED TO APPOINT COUNSEL TO FILE AN APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS TO THE ORDER REVOKING PETITIONER'S PROBATION (SEE: PETITIONERS "EXHIBIT 4")

13. ON OCTOBER 13, 1999, PETITIONERS FILE MOTION FOR COURT TO APPOINT COUNSEL TO FILE AN APPEAL TO THE ORDER REVOKING HIS PROBATION TO THE ALABAMA COURT OF CRIMINAL APPEALS.

14. ON NOVEMBER, 18, 1999, PETITIONER, WINSTON DAVIS WAS TRANSPORTED TO THE STATE PENITENTIARY, TO SERVE "THE BALANCE OF HIS FOUR (4) YEAR SENTENCE, WITH GOOD TIME SERVED. (SEE: PETITIONERS "EXHIBIT 4")

10.

15. ON JANUARY, 25, 2000, PETITIONER,
WINSTON DAVIS WAS TRANSPORTED
BACK TO GENEVA COUNTY JAIL, FOR
TRIAL CC-99-126 SCHEDULED FOR
JANUARY 25, 2000,
       COURT APPOINTED STAND-By COUNSEL
CRACKER WALDROP, FILED MOTION
TO WITHDRAW, AND COURT APPOINTED
CHARLES W. BLANKENEY TO REPRESENT
PETITIONER AS TRIAL COUNSEL, FOR
CASE CC-99-126.

16. ON JANUARY 25, 2000, COURT APPOINTED
TRIAL COUNSEL CHARLES W. BLANKENEY,
CAME TO THE GENEVA COUNTY JAIL
AND SPENT LESS 10 MINUTES PREPARE-
ING DEFENCE ( ✱ SEE: PETITIONER'S
"EXHIBIT 5" FOUND IN THE TRIAL
COURT TRANSCRIPT ON DIRECT APPEAL
TO THE ALABAMA COURT OF CRIMINAL
APPEALS, AS "ATTORNEY'S FEE DECLARATION")

11.

17. ON JANUARY 25, 2000, PETITIONER, WINSTON DAVIS WAS TRANSPORTED BACK TO THE STATE PENITENTIARY.

18. ON OR ABOUT MARCH, 2000 THE 33RD CIRCUIT COURT JUDGE, CHARLES L. WOODS ALLOW GARDY TOLLEY THE ANSOWEST FOR CASE CC-99-004, TO ENTER A GUILTY PLEA TO "CRIMINAL MISCHEIF" (A MISDEMEANOR) AND WHILE FREE. (SEE PETITIONER'S EXHIBIT "L")

19. ON APRIL 18, 2000, PETITIONER, RECEIVED LETTER, FROM COURT APPOINTED TRIAL COUNSEL CHARLES W. BLAKENEY, WHICH STATES IN PERTINENT PART:

(A) "I CANNOT OBTAIN A CHANGE OF VENUE FOR YOUR CASE BASED ON ANY REASON YOU HAVE LISTED IN YOUR LETTER, MY FILING A FRIVOLOUS MOTION SUCH AS THAT WOULD ONLY SERVE TO ANGER THE JUDGE..." AND FURTHER,

12.

(B) TO-DATE THE COURT HAS REFUSED
THE FUNDS ( SEE: PETITIONER'S "EXHIBIT 2
AT P- 2 AND 3") ( ALSO SEE: PETITIONERS
"EXHIBIT 3".), FOR WHICH TO PURCHASE
THE TRANSCRIPT OF ALICE KELLY'S PRIOR
TESTIMONY, AND FURTHER

(C.) KNOWING THE LAW AND HOW EFFECTIVELY
WORK IN A LEGAL FORUM IS MY JOB,
AND I WELL MAKE THE DECISION
CONCERNING THE SAME.
        I DO NOT NEED YOU TELLING ME
HOW TO DO MY JOB.
        YOU DON'T TELL ME HOW TO BE
THE ATTORNEY, AND I WON'T TELL YOU
HOW TO BE AN INMATE".
        (SEE: PETITIONER'S "EXHIBIT 6".),

20. ON APRIL 25, 2000, PETITIONER, RECEIVED
LETTER FROM COURT APPOINTED TRIAL
COUNSEL CHARLES W. BLANKENEY, WHICH
STATES IN PERTINENT PART:

13.

"I WAS INFORMED THAT THESE ARGUMENTS WERE TO TAKE PLACE AT APPROXIMATELY 12:00 NOON TODAY, SO THERE WAS NO WAY I COULD HAVE YOU TRANSFERED HERE FOR ORAL ARGUMENTS . . ." (SEE; PETITIONER'S "EXHIBIT 7".), AND FURTHER,

21. ON MAY 26, 2000, PETITIONER, WINSTON DAVIS, WAS TRANSPORTED TO GENEVA COUNTY JAIL FOR TRIAL SCHEDULED FOR JUNE 6, 2000 FOR CC-99-126.

22. BETWEEN MAY 26, 2000, AND JUNE 6, 2000, COURT APPOINTED TRIAL COUNSEL, CHARLES W. BLANKENEY REFUSED TO ACCEPT PETITIONER'S COLLECT TELEPHONE CALLS, OR VISIT IN THE COUNTY JAIL.

23. ON JUNE 6, 2000, PETITIONER, WINSTON DAVIS GOES TO TRIAL FACING THEFT OF UNITED STATES LAWFULL CURRENCY BY DECEPTION, "WITHOUT ANY FUNDS" TO

14.

Here Expert Witnesses E.T.C. (See: Petitioner's "Exhibit 7" also see: Petitioner's "Exhibit 2 At R-2 And 3")

24. On June 8, 2000, The Court Appointed Trial Counsel, Charles W. Blakeney could have, but Did not Object To The 33rd Circuit Court-Judge Charles L. Woods's Instruction To Find Petitioner, Winston Miles Guilty on A Different Ground As Charged In the Indictment And Submitted Evidence and Verdict Forms, That He Wanted The Jury To Have (See: Petitioner's Exhibit 8 At R-365 Through 382".) And Deprive Petitioner of Sufficient Notice of What He Was Charged With, So Petitioner could have Opportunity To Prepare His Defence. And Doing So Deprive Petitioner of His Fourteenth Amendment Right To Due Process of Law. And Further,

15.

25. ON JUNE 8, 2000, AT THE CONCLUSION OF TRIAL, THE JURY RETURNED VERDICT AS FOLLOWS:

"WE THE JURY, FIND THE DEFENDANT, WINSTON DAVIS GUILTY OF THEFT BY DECEPTION IN THE FIRST DEGREE"; NOT AS CHARGED IN THE INDICTMENT "BASED WHOLLY ON THE EVIDENCE THE 33RD CIRCUIT COURT JUDGE CHARLES L. WOODS SUBMITTED BEHIND CLOSED DOORS TO THE JURY" (SEE: PETITIONER'S EXHIBIT 8, AT P. 384")

26. ON JUNE 8, 2000, PETITIONER, WINSTON DAVIS WAS TRANSPORTED BACK TO THE STATE PENITENTIARY.

27. ON JUNE 30, 2000, PETITIONER, WINSTON DAVIS WAS TRANSPORTED BACK TO THE GENEVA COUNTY JAIL FOR SENTENCING OF CC-99-126

16.

28. ON JUNE 30, 2000, PETITIONER,
WINSTON DAVIS FILED IN OPEN COURT
HIS MOTION TO DISCHARGE THE
CONVICTION FOR CASE CC-99-126
WHICH STATES IN PERTENENT PART:
SEE: PETITIONERS "EXHIBIT G AT
R-394 THROUGH 397")

DAVIS: " I WOULD LIKE TO SUBMIT THIS
MOTION INTO EVIDENCE, MOTION TO
DISCHARGE THE CONVICTION OF THEFT
BY DECEPTION", THE DEFENDANT HAS
A RIGHT TO BE PRESENT DURING EVERY
STAGE OF HIS TRIAL AND "WITHOUT
HIS PRESENCE, THE COURT HAS NO
JURISDICTION TO PRONOUNCE SENTENCE
AGAINST HIM, EX PARTE HAMMONDS,
510 SO 2D AT 153, AND FURTHER,

A DEFENDANT IS ENTITLED TO BE PRESENT
AT EVERY STAGE OF HIS TRIAL
CALHOUN V. STATE 530.SO2D 259-262
ALA. CRIM. APPEALS (1988) AND FURTHER,

17.

THE DEFENDANT WAS NOT ALLOWED
TO BE PRESENT AT THE DISCOVERY
HEARING (SEE: PETITIONER'S "EXHIBIT 9")
AND FURTHER,

DAVIS V. STATE 416 SO 2D 444,
ALA. CRI. APP. (1982)
"WITHOUT THE DEFENDANT BEING
PRESENT DURING EVERY STAGE OF HIS
TRIAL IS JURISDICTIONAL AND
A VIOLATION TO HIS RIGHTS TO
BE PRESENT RESULTS IN A VOID
CONVICTION". AND FURTHER,

THE DEFENDANT, WINSTON DAVIS REQUEST
A HEARING ON THIS MOTION (SEE:
PETITIONER'S "EXHIBIT 10") FOR COURT
TO ALLOW ATTORNEY BLAKENEY OR NEW
COUNSEL TO BE PRESENT FOR THE
DEFENDANT AND THE DEFENDANT TO BE
PRESENT, AND THE DEFENDANT REQUEST
THIS COURT TO RELEASE THE DEFENDANT
ON THE $50,000.00 PROPERTY BOND POSTED
AUGUST 1999, PENDING THE OUTCOME OF

18.

THIS MOTION (SEE: PETITIONER'S EXHIBITS 7 AND 10"), AND FURTHER,

29. ON JUNE 30, 2000 THE 33RD CIRCUIT COURT JUDGE, CHARLES L. WOODS WILLFULLY AND INTENTIONALLY, WITH MALICE FORETHOUGHT AGAINST PETITIONER WINSTON JONES BECAUSE HE "BLEW THE WHISTLE" ON AN ARSON RING," OPERATING IN AND AROUND GENEVA COUNTY, ALABAMA TO THE ALABAMA FIRE MARSHAL'S INVESTIGATOR, GARY CARTEE (SEE: PETITIONER'S EXHIBIT L") AND PROCEED TO SENTENCE PETITIONER TO THE STATE PENITENTIARY TO FOURTY (40) YEARS TO JUST "DISAPPEAR," WHEN "HE HAD NO JURISDICTION" (SEE: PETITIONER'S EXHIBITS 7, 9 AT R401 AND 10")

30. ON JUNE 30, 2000, THE PETITIONER WINSTON JONES WAS TRANSPORTED BACK TO THE STATE PENITENTIARY, "WITHOUT"

19.

HEARING IN FULL AND FAIR HEARING ON
HIS MOTION TO DISCHARGE THE
CONVICTION CC-99-126", "WITHOUT"
BOND TO BE AT LIBERTY PENDING
THE OUTCOME OF SAID HEARING
ON PETITIONER'S MOTION TO DISCHARGE
THE CONVICTION CC-99-126"(SEE,
PETITIONER'S EXHIBITS 7, 9 AT R-404,
AND EXHIBIT 10")

31. ON AUGUST 29, 2000, THE 33RD CIRCUIT
COURT JUDGE CHARLES L. WOODS, WILLFULLY
AND INTENTIONALLY AND WITH MALICE
FORETHOUGHT DEPRIVE, PETITIONER
WINSTON DAVIS OF HIS CIVIL RIGHTS
WHEN HE ALLOWED PETITIONER MOTION
TO DISCHARGE THE CONVICTION CC-99-126,
TO BE "DEEMED DENIED BY OPPERATION
OF LAW). (SEE, PETITIONER'S EXHIBIT

32. ON OCTOBER 26, 2000, PETITIONER FILE
NOTICE WITH THE GENEVA COUNTY
CLERK OF APPEAL TO THE ALABAMA
COURT OF CRIMINAL APPEALS TO THE

20.

"ARGUMENTS"

GROUND ONE:

PETITIONER, WINSTON DAVES ASSERTS THAT PURSUANT TO THE ACTION OF THE TRIAL COURT JUDGE, CHARLES C. WOODS'S PREJUDICE AND BIAS TOWARD PETITIONER COMMITTED "PLAIN ERROR" WHEN HE SENTENCED PETITIONER TO FOURTY (40) YEARS IN THE STATE PENITENTIARY "WHEN HE HAD NO JURISDICTION" AS FOUND IN PARAGRAPHS 2, 6, 7, 8, 10, 11, 12, 13, 14, 19(B) 20, 23, 24, 25, 29, 30, 31, 32, 33 ABOVE AND SUPPORTED BY EXHIBITS, AND FURTHER,

PETITIONER, WINSTON DAVES ASSERTS THAT "JURISDICTIONAL DEFECTS CANNOT BE WAIVED OR EXCUSED" AND THEREFORE THIS COURT MUST REVERCE AND RENDER STATE COURT CASE CC-99-126"

21.

GROUND TWO:   (A) (B) (C)

PETITIONER, WINSTON DAVIS, ASSERTS
THAT COURT APPOINTED TRIAL COUNSEL
CHARLES W. BLANKENEY, WAS INEFFECTIVE
IN A DIRECT VIOLATION OF PETITIONER'S
RIGHTS UNDER THE SIXTH AMENDMENT
TO THE UNITED STATES CONSTITUTION
TO HAVE EFFECTIVE ASSISTANCE OF
COUNSEL AT TRIAL, AND IN DIRECT
VIOLATION OF PETITIONER'S FOURTEENTH
AMENDMENT TO THE UNITED STATES
CONSTITUTION TO HAVE A FUNDAMENTAL
FAIR TRIAL, AS FOUND IN PARAGRAPH'S
16, 19 (A)(B) (C), 20, 22, 23, 24, 25, 28, 29,
ABOVE AND SUPPORTED BY EXHIBITS.

PETITIONER, WINSTON DAVIS, ASSERTS
THAT HE HAS POINTED OUT INEFFECTIVE
ASSISTANCE OF COUNSEL, AND THIS
COURT MUST REVERSE AND RENDER,
STATE COURT CASE CC-99-126.

22.

## "RELIEF SOUGHT"

WHEREFORE,

PETITIONER, WINSTON DAVIS RESPECTFULLY REQUEST THIS HONORABLE COURT TO APPOINT COUNSEL TO REPRESENT HIM IN THIS PETITION, AND FURTHER,

SET A HEARING ON THIS MATTER, AND ISSUE ORDER TO RESPONDANTS ALABAMA ATTORNEY GENERAL TO PRODUCE THE FOLLOWING DOCUMENTS

(1) PETITIONER'S TAPED RECORDED STATEMENT GIVEN TO THE ALABAMA FIRE MARSHAL'S INVESTIGATOR, MR. GARY CARTEE, ON OCTOBER, 18, 1998.

(2) THE RECORDS AND EVIDENCE THAT THE GENEVA COUNTY DISTRICT ATTORNEY, DAVID EMERY SUBMITTED TO THE GRAND JURY WHICH FOUND THE INDICTMENT CC-99-004, AGAINST GUNDY TOLLEY.

23.

(3) THE FEE DECLARATION, WHICH
COURT APPOINTED TRIAL COUNSEL
CHARLES W. BLAKENEY SUBMITTED
TO THE COURT FOR PAYMENT.
   AND

AFTER SAID HEARING, ISSUE ORDER
REVERSING AND RENDERING STATE
COURT CASE CC-99-126.

DONE SEPT, 20 2006          RESPECTFULLY,
                           Winston Davis
                           WINSTON DAVIS
                           514 SANTOLENA RD.
                           DOTHAN, AL 36303


        CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I PLACED
IN THE UNITED STATES MAIL POSTAGE
PRE PAID ON THIS 20 DAY SEPT, 2006,
THE ORIGINAL OF THIS PETITION

        24.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION


WINSTON DAVIS
     PETITIONER,

US.                                    CIVIL ACTION NO. 1:06CV842 - $\frac{M}{H}$ T

STATE OF ALABAMA
     RESPONDENTS.


EXHIBIT A
AFFIDAVIT
IN SUPPORT OF ACTUAL INNOCENT


BEFORE ME, THE UNDERSIGNED AUTHORITY,
A NOTARY PUBLIC IN AND FOR SAID COUNTY
AND STATE OF ALABAMA AT LARGE,

PERSONALLY APPEARED ONE, WINSTON DAVIS AL DRIVERS LICENSE NUMBER 5524341, WHO BEING KNOWN TO ME AND BEING BY ME FIRST DULY SWORN, DEPOSES AND SAYS ON OATH AS FOLLOWS:

MY NAME IS WINSTON DAVES, I AM CURRENTLY ON PAROLE UNDER THE SUPERVISION OF HONORABLE JOHN C. MEREDITH, ALABAMA BOARD OF PARDON AND PAROLES OFFICER OF HOUSTON COUNTY, ALABAMA, I AM OVER YEARS OF AGE AND AM OFFERING BASED ON MY OWN PERSONAL KNOWLEDGE.

1. THE CONVICTION IN GENEVA COUNTY CIRCUIT COURT CASE NO. CC-99-126 THEFT BY DECEPTION AROSE FROM A WRITTEN CONTRACT BETWEEN ME AND NACE R. KELLY AN "UNSTABLE" LADY FROM DESTIN FLORIDA, FOR HOME IMPROVEMENT ON A HOME LOCATED AT 115 E. CAMPBELL AVE. GENEVA, ALABAMA, WHICH MS. KELLY

2.

HAD PURCHASED FOR HER MOTHER,
BARTHA GRANTHAM.

2. BETWEEN AUGUST 19, 1998 AND MARCH
1999, ALICE R. KELLY, AND HER SISTERS,
BARBARA MORRIS, RACHAL TOWNSEND
INCREASED THE CONTRACT AMOUNT
FROM 26,146.55 TO $51,900.00.

3. ON OR ABOUT MAY 25, 1999, RACHEAL
TOWNSEND BANNED ME FROM THE
JOB SITE OWING ME (IF THE JOB
WAS COMPLETED) $23,900.00.

4. ON AND BETWEEN JUNE 1 1999, THROUGH
AUGUST 1, 1999, ALICE R. KELLY HOUNDED
THE GENEVA COUNTY DISTRICT ATTORNEY
DAVID EMERY AND HIS INVESTIGATOR
JIMMY HAND TO PROSECUTE ME FOR
THEFT OF UNITED STATES CURRENCY
"THIEVED OUT OF A JOINT CHECKING
ACCOUNT," BETWEEN ALICE R. KELLY AND
HER SISTER, BARBARA MORRIS.

3.

5. ON DECEMBER 2003, I FILED A CIVIL COMPLAINT AGAINST, ALICE R. KELLY HER SISTER BARBARA MORRIS, HER SISTER RACHEL TOWNSEND, HER BROTHER GARY GRANTHAM IN THE GENEVA COUNTY CIRCUIT COURT CV-03-187 "THEREIN I ALLEDGED ALICE R. KELLY AND HER SISTERS INCREASED THE CONTRACT FROM $26,126.00 TO $1,900.00".

6. ON FEBRUARY 23, 2004, THE GENEVA COUNTY CLERK MS. GALE LAYE SEVERED "A SUMMONS"(ON ALICE R. KELLY, BARBARA MORRIS, RACHEL TOWNSEND AND GARY GRANTHAM) WHICH STATES IN PERTINENT PART:

1 " THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS". YOU ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF

4.

A WRITTEN ANSWER, "EITHER ADMITTING
OR DENYING EACH ALLEGATION IN THE
COMPLAINT..."

THIS ANSWER MUST BE MAILED OR
HAND DELIVERED WITHIN "30 DAYS"
AFTER THIS SUMMONS AND COMPLAINT
WAS DELIVERED TO YOU..."

YOU MUST ALSO FILE "THE ORIGINAL,
OF YOUR ANSWER, WITH THE CLERK
OF THIS COURT...."

7. ON JUNE 3, 2004, THIS COURT GRANTED
THE DEFENDANTS, ALICE R. KELLY,'S
MOTION, FOR SUMMARY JUDGEMENT.

8. ON JULY 2, 2004, I FILED NOTICE OF
APPEAL TO THE ALABAMA SUPREME COURT
FOR CV-03-187,

5,

9. ON July 27, 2004, THE ALABAMA SUPREME COURT DOCKETED MY APPEAL #1031615 WINSTON DAVIS V. ALICE KELLY, ET AL AND ISSUED ORDER TO THE ALABAMA CIVIL APPEALS TO DOCKET SAID APPEAL. #2030985.

10. ON AUGUST 18 2004, THE GENEVA COUNTY CLERK MS. GALE LAYE, CERTIFIED THE CLERKS PORTIONS OF THE RECORDS ON APPEAL
SEE ON FILE WITH THE GENEVA COUNTY CLERK'S OFFICE FOR CIVIL APPEALS NO 2030985, "ARE DEVOID OF ANY WRITTEN ANSWER TO MY COMPLAINT"

MY POINT IS THIS; IF ALICE R. KELLY, BARBARA MORRIS, RACHAEL TOWNSEND GARY GRANTHAM, FAILED TO READ THE SUMMONS, AND COULD HAVE LOST HUNDREDS OF THOUSANDS OF DOLLARS BY NO FAULT, THEN DID THEY READ THE WRITTEN CONTRACT WITH ME? NO.

6.

11. ON OR ABOUT DECEMBER 1, 2004, AFTER I RECEIVED A COPY OF THE "CERTIFIED RECORDS ON DIRECT APPEAL" TO THE ALABAMA COURT OF CIVIL APPEALS, # 2030985, I FILED MOTION TO DISMISS."

12. UNDER ALABAMA LAW, ONE CANNOT PLEAED IGNORANT TO A WRITTEN CONTRACT TO AVOID THE EFFECTS OF IT. THIS IS WHAT I REQUESTED COURT APPOINTED TRIAL COUNSEL CHARLES W. BLAKENEY TO BASE MY DEFENCE ON, HE REFUSED.

13. I AM CURRENTLY ON PAROLE, BECAUSE OF A CIVIL CONTRACT DISPUTE, AND THE 33RD CIRCUIT COURT JUDGE CHARLES C. WOODS KNEW THIS, WHY WOULD HE DEPRIVE ME OF MY CIVIL RIGHTS AS SETFORTH IN MY FEDERAL PETITION, ? WHILE ACTING UNDER THE COLOR OF LAW.

7.

DONE THIS 20 DAY OF SEPT 2006 Winston Drues

WINSTON DRUES

SSNO. 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

514 SANTOLENA RD.

DOTHAN, AL 36303

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 20th DAY OF Sept 2006

_____
NOTARY PUBLIC

My Commission Expires 10/24/2006

_____
MY COMMISSION EXPIRES

8.

PETITONER WINSTON DAVIS
EXHIBIT B.                    /PAGES L OF 3

HONORABLE L. W. MANN
COURT OF CRIMINAL APP.
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

RE:   CC-99-126 GENEVA COUNTY,
      CIRCUT COURT, MOTION TO
      DISCHARGE CONVICTION.

DEAR MR. MANN,
      PLEASE FIND INCLOSED
COPIES (1) A MOTION TO DISCHARGE
CONVICTION WHICH I FILED IN
OPEN COURT DURING THE SENTENCING
STAGE OF MY TRIAL ON JUNE 30, 2000,
PRIOR TO THE JUDGE CHARLES L.
WOODS PASSING SENTENCE, OF
FOURTY YEARS WHEN HE HAD NO
JURISDICTION (2) A COPY OF THE
GENEVA COUNTY CLERK'S NOTICE OF
APPEAL TO THE ALABAMA COURT
OF CRIMINAL APPEALS, MY MOTION
TO DISCHARGE CONVICTION WAS

L.

DEEMED DENIED ON AUGUST 29, 2000, (3) A COPY OF MY NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS FROM THE DENIAL TO THAT POST-TRIAL MOTION TO DISCHARGE THE CONVICTION ON OCTOBER 26, 2000

MR. MANN, PLEASE REVIEW YOUR FILES AND SEE IF MY APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS FROM THE DENIAL OF MY POST-TRIAL MOTION TO DISCHARGE THE CONVICTION WAS EVER DOCKETED.

RESPECTFULLY SUBMITTED

DONE THIS 4/28/06 Winston Davis
519 SANTOLINA RD
DOTHAN, AL 36303
334 797, 9091

P.S. WILL THIS COURT ISSUE ORDER DOCKETING THIS APPEAL?

2.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFICATE THAT ON THIS 4/28/06 2006, I DID PLACED A COPY OF THE FOREGOING BY PLACING POSTAGE PREPAID FIRST CLASS MAIL TO:

APPELLEES, ALABAMA ATTORNEY GENERAL CRIMINAL APPEALS DIVISION
11 SOUTH UNION STREET
MONTGOMERY, AL 36130,

CLERK OF GENEVA COUNTY
CIRCUIT COURT
P.O. BOX 86
GENEVA, AL 36302.

Winston Davis.

3.

```
ACS0070              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: DC 98 000848.00
OPER: MAH                   CASE ACTION SUMMARY
PAGE:   1                 DISTRICT   CRIMINAL                  RUN DATE: 10/20/98
```

THE DISTRICT COURT OF    GENEVA                                    JUDGE: CWF

STATE  OF  ALABAMA                    VS          TOLLEY GRADY
                                                  500 HILLCREST
CASE: DC 98 000848.00                             HARTFORD, AL  36344 0000

DOB: 08/29/70            SEX: M  RACE: W  HT: 5 06  WT: 175   HR: BRO EYES: GRN
SSN: 424134570  ALIAS NAMES:

CHARGE1: ARSON 2ND                       CODE1: AR22 LIT: ARSON 2ND
MORE?:        OFFENSE DATE: 10/14/98   AGENCY/OFFICER: GCSO    WARD          TYP: F

DATE WAR/CAP ISS:                    DATE ARRESTED: 10/20/98
DATE    INDICTED:                    DATE    FILED: 10/20/98
DATE    RELEASED:  10/20/98          DATE  HEARING:
BOND      AMOUNT:    $75,000.00      DATE  SURETIES:  Personal

DATE 1:              DESC:                     TIME: 0000
DATE 2:              DESC:                     TIME: 0000
DEF/ATY:  David Holmes                TYPE: Ret.                          TYPE:
PROSECUTOR: EMERY, DAVID C

OTH CSE: 9800054500        CHK/TICKET NO:                      GRAND JURY:
COURT REPORTER:  bond           SID NO:
DEF STATUS:                     DEMAND:          00000000               OPER: MAH

NOTE:    GARY CARTEE P O BOX 300352 MONTGOMERY AL  36130

DATE        ACTIONS,  JUDGEMENTS,  AND  NOTES  1/5/99  Iss Sub for 1/14/99

10/20/98   1st appearance held.  Def furnished indigency
           affidavit.  (MJ)

11/18/98   Oral notice of appearance as attorney.
11/20/98   Request for Preliminary Hearing filed by Holmes
11/23/98   Preliminary Hearing is scheduled for 1-7-99
           at 9:00 AM.
11/24/98   Copy of CAS to Emery & Holmes.  MH
1/7/99     Preliminary hearing held.  Defendant is bound over to
           the Grand Jury.  (MJ)

1/15/99    See CC-99-004

           ┌─────────────────────────────────┐
           │  PETITIONER WINSTON DAVIS'S      │
           │      EXHIBIT 1.                   │
           └─────────────────────────────────┘
```

W A R R A N T

STATE OF ALABAMA

GENEVA COUNTY

DISTRICT COURT

AGENCY NUMBER:

WARRANT NUMBER: WR 98 000545.00
OTHER CASE NBR:    DC-98-848

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST    GRADY TOLLEY   AND BRING
HIM/HER BEFORE THE DISTRICT COURT OF GENEVA COUNTY TO ANSWER THE STATE
OF ALABAMA ON A CHARGE(S) OF:

ARSON 2ND   CLASS:B   TYPE:F
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
_____ DAY OF _____ 19____, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 19 DAY OF OCTOBER, 1998.

BOND SET AT: (1) _No Bond_____   BOND TYPE:
             (2) _____
             (3) _____

*Margie Harrison*

JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

CHARGES: ARSON 2ND            13A-007-042                F FELONY

NAME: GRADY TOLLEY                          ALIAS:
ADDRESS: 500 HILLCREST                      ALIAS:
ADDRESS:
CITY: HARTFORD            STATE: AL      ZIP: 36344 0000

EMPLOYMENT:
DOB: 08/29/70    RACE: W    SEX: M    HAIR: BRO
EYE: GRN   HEIGHT: 5'08"      WEIGHT: 175
SID: 000000000   SSN: 000000000

E X E C U T I O N

EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND
(✓)   PLACING DEFENDANT IN THE GENEVA COUNTY JAIL
(  )   RELEASING DEFENDANT ON APPEARANCE BOND

THIS _Oct 20th_ DAY OF _October_ 19 _98_

SHERIFF _Greg Ward_

BY _____

COMPLAINANT:  GARY CARTEE
              P.O. BOX 303352
              MONTGOMERY, AL
              MONTGOMERY  AL  36130

FILED IN OFFICE

OPERATOR: DIH      LAST UPDATE: 101998

OCT 20 1998

*Valeria Moncley*
CLERK

*PETITIONER WINSTON DAVIS*
*EXHIBIT 1 (A)*

1

1     IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

2 STATE OF ALABAMA           )

3     PLAINTIFF         )

4 VS               )    CASE NO. CC 99-126

5 WINSTON DAVIS         )

6     DEFENDANT         )

7 * * * * * * * * * * * * * * * *

8 The following is a transcript of the Arraignment in the above

9 styled case which was held in the Geneva County Courthouse,

10 Geneva, Alabama, with the Honorable Charles L. Woods

11 presiding.

12 * * * * * * * * * * * * * * * *

13 *PETITIONER WENSTON DAVIS'S*

14 *EXHEBIT 2.*

15

16

17

18

19

20         A P P E A R A N C E S:

21 FOR THE STATE:         FOR THE DEFENDANT:

22 HON. DAVID EMERY       HON. "CRACKER" WALDROP

23

1

**ARRAIGNMENT**

2     THE COURT:  I call the State of Alabama vs. Winston

3     Davis.

4     MR. DAVIS:  I am Winston Davis, Your Honor.

5     THE COURT:  You are Winston Davis?

6     MR. DAVIS:  Yes sir.

7     THE COURT:  Mr. Davis, do you have an attorney?

8     MR. DAVIS:  No sir, I do not.

9     THE COURT:  Do you have the funds with which to

10    hire an attorney?

11    MR. DAVIS:  No sir, I do not.  I would like to be

12    given time to hire an attorney, Your Honor.  Because of

13    my civil suit, Your Honor, that there might be a

14    conflict of interest with any attorneys in Geneva

15    County.  That's why I would like to hire my own attorney

16    from out of county.

17    THE COURT:  How do you propose to do that?

18    MR. DAVIS:  By working, Your Honor and being given

19    time.

20    THE COURT:  You are now referring to  a civil case.

21    Where are you presently located?

22    MR. DAVIS:  In Dothan.

23    MR. EMERY:  Your Honor, he has made bond in this

24    case, a $50,000.00 bond.  I don't know how one can be

25    indigent and make a $50,000.00 bond.

3

1    MR. DAVIS:  What does indigent mean, Your Honor?

2    THE COURT:    Indigent means that you do not have

3    the funds with which to hire an attorney.

4    MR. DAVIS:  It will take me time to hire it -- to

5    earn the money, Your Honor, but I believe I'm entitled

6    to that under my Constitutional Rights.

7    MR. HUGHES-PROBATION  OFFICER:    Judge,  the Court

8    needs to be made aware that he's also in jail for a

9    pending probation revocation hearing which the Court has

10   set a  $50,000.00 bond in that case, which Mr. Davis has

11   not met yet.

12   MR. DAVIS:  I was unaware that there was a  bond on

13   that until  this morning,  Your HOnor.  They said I'm in

14   arrears in my probation and my records show that I am in

15   arrears for  $160.00, okay.  And the money that I earned

16   last month I  hired  an  attorney to  represent  me the

17   probation violation hearing only.  I can only do so much

18   at a time.  And  since  I'm  under  a  $50,000.00 bond,

19   that's my sister, and no way in the world would I go off

20   and leave my sister  here and  also with  my civil suit,

21   because I've been fighting this almost five years.

22   MR.  EMERY:    There's  really  no question that he

23   needs a lawyer, to appoint him a lawyer.

24   THE COURT:   I  don't  think  there's  any question

25   either.

**4**

MR. DAVIS:  Your  Honor,  I  really  believe  it  would be a conflict of  interest  from  the  things  that  I've learned in  the  last  month,  and  I'm not  at  liberty  to say, but in the next month or so then I would be able to notify the Court --

THE COURT: Do you mean if I cannot find an attorney in Geneva that I don't  have  the  power  to  appoint  an attorney somewhere that could represent you?

MR.  DAVIS:  Yes  sir,  but  until  I  get  the information I'm in the  process of  asking the  Court to give me  a court  order on  obtaining, which are certain people, then I would be afraid to accept  that attorney. I'm  sure  you  have  a  lots  of good attorneys here in Geneva County.  It's not that.

MR. EMERY:  I missed out on the first part  of this conversation.  What  is  the problem?  Why can't you-- You don't want a lawyer appointed?

MR. DAVIS:  No  sir,  because  of  my  civil suit. Because  I  believe  this  is witness intimidation, Your Honor.  I believe this is witness intimidation.  I had a civil  --  I  had  a  contract  with  these people I was working for, and my contract reads:  Any additional work to be  done was an additional costs.  These people bring the paperwork  to  the  District Attorney's  office and I give  a  tape  recorded  statement  and  went  over  the

5

contract. And there is just too many things, Your Honor, that might be a conflict of interest there. And I would really appreciate the Court allowing me to go back to work and letting my attorney from Dothan come down here and talk to me.

THE COURT: If I have or Judge McLauchlin has some probation violation here, it's going to come up, and it's going to come up in short order. I need to process this case to a certain point. I may be in a very good position to continue this case upon a proper motion without having to try this case. But on the other hand I need to proceed in an orderly fashion and the law requires that I proceed in an orderly fashion.

MR. DAVIS: I understand that, Your Honor.

THE COURT: And this is what I'm going to have to do.

MR. DAVIS: Oh yes sir, I understand that.

THE COURT: So I am going to find at this point in time that I am going through arraignment today and I am going to appoint Mr. Cracker Waldrop, who is not from this immediate area to represent you on what I call this particular arraignment.

MR. DAVIS: All right sir.

THE COURT: I'm going to let you talk to him at a later time than right now and we'll come back to it.

6

MR. DAVIS: Could I ask you to ask the attorney two questions for me to make sure he's not a conflict of interest?

Mr. EMERY : You know, Mr. Davis why don't you do this. Why don't you go talk to Mr. Cracker Waldrop, the two of you go talk instead of making it public. Just go talk to him.

THE COURT: That way we will not have all this in this record.

MR. EMERY: You can ask him yourself.

MR. DAVIS: I would like for it to be on the Court record.

THE COURT: You talk to him and I'll come back to this.

(Whereupon, Mr. Waldrop was appointed to represent Mr. Davis on arraignment and after talking and discussing the case, the following occurred at a later time:

THE COURT: I call the State of Alabama vs. Winston Davis. Are you ready?

MR. WALDROP: Your Honor, on Mr. Winston Davis, he turned down your offer for me to represent him.

THE COURT: Mr. Davis come down here. All right, at this point in time I'm going to require that we proceed with your arraignment with Mr. Waldrop standing

1    by.    I am  going to ask you whether or not you want the

2    indictment rad to you?  If you do, I'll have it read.

3        MR. DAVIS:  Yes sir, I would appreciate that.

4      Get the file Mr. Emery and read the indictment against

5    this Defendant.

6        MR.   EMERY:    "State   of  Alabama.   Geneva County.

7    July 29 Term, 1999.    The   Grand   Jury   of  said County

8    charge that  before the  finding of this indictment one,

9    Winston  Davis,   did  knowingly   obtain by  deception

10   unauthorized   control  over  United States currency, the

11   property  of  Alice  Kelley   in  an   amount  exceeding

12   $1,000.00,  with  intent  to  deprive  the owner of said

13   property in violation of Section 13A-8-3 of the  Code of

14   Alabama, against  the peace  and dignity of the State of

15   Alabama."

16        To that,  how do you plead?

17        Mr. DAVIS:  Not guilty, Your Honor.

18        THE COURT:  your plea of  not guilty  with stand-in

19   counsel has  been entered.  This case will be set on the

20   trial calendar for September 27th with  leave of  you to

21   hire an attorney and have him file any motions or if you

22   want  to,  request  any  motions  to  be  filed  in this

23   particular case by Mr. Waldrop.  He is now your stand-by

24   attorney.

25        MR. DAVIS:  Yes  sir.  Let me  ask something, Your

8

Honor.   A couple of weeks ago I sent the Clerk's office of Court a letter asking for documentation from the District Attorney's office and I received back a court order I believe, Your Honor, to the district Attorney to release that information to me.   And I have asked the District Attorney and he says I can't have that information.   Now, I can't go out and find counsel because I want several opinions on the best attorney that will represent me.   And I would like to have a copy of this so that I can sit down and discuss with attorneys that I may hire.

THE COURT:   I don't know what you're talking bout and secondarily, we have two Circuit Judges down here. I know that I will be handling the next term of Circuit Court but they are interchangeable between Judge McLauchlin and I.

MR. DAVIS:   Yes sir.

THE COURT:   What we will have to do is bring that matter up on a motion here and it will have to be argued either through an attorney or through you and the District Attorney.

MR. DAVIS:   Yes sir, can I pro se on that paperwork Your Honor, on getting that paperwork?

THE COURT:   I don't know.   Who signed your order?

MR. DAVIS:   You did, Your Honor.

9

1    THE COURT:   I'll  tell you what, if you want to do

2    it, get it to me in  some  fashion  and  I'll  set  up a

3    hearing date on it.

4    MR. DAVIS:  All right, thank you Your Honor.

5    <u>END OF ARRAIGNMENT</u>



IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

STATE OF ALABAMA                    )

    PLAINTIFF                        )

VS.                                )        CASE NO. CC 96-219 &

WINSTON DAVIS                       )        CC 99-126

    DEFENDANT                        )

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

The following is a transcript of the hearing in the above case which was held on September 17, 1999 in the Geneva County Courthouse, Geneva, Alabama with the Honorable Charles L. Woods presiding.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

PETITIONER WINSTON DAVIS'S
EXHIBIT 3.

A P P E A R A N C E S:

FOR THE STATE:

HON. DAVID ATWELL
ASS'T DISTRICT ATTORNEY
OZARK, ALABAMA

FOR THE DEFENDANT:

HON. RICHARD "CRACKER" WALDROP
ATTORNEY AT LAW
ENTERPRISE, ALABAMA

HON. DOUG BATES
ATTORNEY AT LAW
DOTHAN, ALABAMA

i

<u>I N D E X</u>

STYLE OF CASE---------------------------         1

INDEX--------------------------------         I

COLLOQUY BETWEEN COURT AND ATTORNEYS----         2-4

WITNESS:

   <u>WINSTON DAVIS</u>

Examination by Mr. Bates----------------         4-8

COLLOQUY BETWEEN COURT AND ATTORNEYS----         8-11

Witness:

   <u>ALICE R. KELLY</u>

Examination by Mr. Atwell---------------         11-22

Examination by Mr. Bates----------------         22-32

REPORTER'S CERTIFICATE------------------         33

2

P R O C E E D I N G:

THE COURT:    I'm here on a Revocation.  I'm here on CC 96-219.  I suppose we need to take them  in the order in which  they were filed.  Let's proceed.  On September 7th was a Motion to Dismiss and I don't know -- was that filed by Mr. Davis, pro se?

MR. WALDROP:  Yes sir, Your Honor.

THE  COURT:     Them  let's hear the evidence on the Motion to Dismiss.   That's yours.

MR. WALDROP  I don't know  anything about  it.   May it please the Court, Mr. Davis filed this on his own and I'm not prepared for anything other  than to  be here as his standby lawyer.

THE COURT:  I understand that's how you stand.  You don't have to take the stand.  Hold  up your  right hand right there.

WINSTON DAVIS

having been first duly sworn, was examined and testified as follows, to-wit:

THE COURT:  All right,  be  seated  and  we'll take testimony right there.

MR.  BATES:     Judge,  I  don't know anything about that.   I'm not involved in that case.

THE COURT:  Give  us a  shorthand rendition  and it

3

will be subject to cross examination.

MR. DAVIS:  I don't have a copy of that.   I was incarcerated.   If I could take that and read back over it.   It's a dispute between myself and Mrs. Kelly.

MR. BATES:  I would offer nothing in that motion he has filed that states any grounds for dismissal.

THE COURT:   It's talking about the adequacy of the evidence and then proceeds to discovery.  What about the discovery aspect of it?

MR.  DAVIS:   I don't have any discovery, Your Honor,  I have asked for it. You gave a  letter to the District Attorney and I still don't have any.

MR. ATWELL:   He has a lawyer in the new case, Your Honor, and I assume  he'll file  a Motion  for Discovery and we'll deal with him.

THE COURT:   What  I'm going to do is treat it as a Motion to Dismiss and  Discovery.   Now,  I'm  going to treat it as it should be and I'll hear what discovery we need and either order it or deny it, one of the two.

MR. WALDROP:  May it  please  the Court,  in that light   then I  have  recently  mailed a  Motion  for Discovery and I haven't  received  anything I  guess it just  got  mailed  this  week.   I  was  appointed at arraignments and  mailed a  Motion to  Continue based on the  fact  that  I  haven't  had  a  chance  to  properly

*EXHIBIT*

4

investigate. That's my position at this time.

THE COURT: At this time concerning this particular case I am going to issue the standard Discovery Order which I generally issue in criminal cases and that Discovery Order will be signed today. What says the State about furnishing him anything? Do you have a problem giving him this discovery?

MR. ATWELL: No problem.

THE COURT: And about a continuance. He was just appointed. I don't see a problem with that. So the order will read that this case is continued from the next term of Court that starts on September 27.

MR. WALDROP: Continued past that?

THE COURT: Yes, it will be continued from that date. So those will be entered on the case action summary sheet and I'll put a Discovery Order in there today. Now, back to whatever we need to do and taking of testimony.

<u>DIRECT EXAMINATION</u>

<u>BY MR. BATES:</u>

Q    State your name for the record.

A    Winston Davis.

Q    Mr. Davis, were you convicted in CC 96-219 for theft by deception by a jury trial in the courthouse here?

5

1   A    Yes, I was.

2   Q    Thereafter sentenced to a probation term?

3   A    Yes, I was.

4   Q    Were you  recently indicted in Case No. CC 99-126 on the

5   July 29th, 1999 term  of  the  Circuit  Court  Grand  Jury of

6   Geneva County?

7   A    Yes, I was.

8   Q    And that was for another theft by deception?

9   A    Yes sir.

10  Q    Were you incarcerated under a $5,000.00 bond?

11  A    Fifty Thousand dollar bond.

12  Q    Yes, $50,000.00 bond.

13  A    Yes sir.

14  Q    Were you able to make that bond?

15  A    No sir.

16  Q    Who made the bond for you?

17  A    My sister.

18  Q    How did she do that?

19  A    She used her home as a property bond.

20  Q    What kind of work do you do?

21  A    I'm a dry wall finisher.

22  Q    Are you familiar generally with prices of houses?

23  A    Yes.

24  Q    Do you  have a  judgment or opinion of the value of your

25  sister's house?

6

A    Yes, I do.

Q    What is that opinion?

A    Sixty-five to seventy thousand  dollars.

Q    And you were  arrested  on  this  revocation  and placed under a similar $50,000.00 bond?

A    Yes sir.

Q    Are you capable of making that bond?

A    No sir.

Q    Tell the Court what assets you have?

A    I only  have a  small amount  of furniture  and just the bare necessities. I don't have any assets.

Q    Do you have a vehicle?

A    No sir.

Q    How do you transport yourself to and from work?

A    I have a vehicle but my wife is using it  for her  to go to and from work.  It doesn't have any equity in it.

Q    Did you plead guilty in CC 99-126?

A    No.

Q    Are you presumed not guilty until convicted?

A    I am innocent of that.

Q    And can you make a $50,000.00 bail?

A    No sir.

Q    What bail could you make?

A    At present I can't make any bail.

Q    After Judge Woods placed you on a four year probationary

7

1    term, where did you reside?

2    A    Huntsville, Alabama area.

3    Q    And were you supervised by a Probation Officer up there?

4    A    Three.

5    Q    Who was the last probation officer?

6    A    Melanie Donaldson.

7    Q    And is it your understanding that she filed the report

8    with the Court in this case?

9    A    Yes.

10   Q    Have you always done what the Probation Officer

11   required?

12   A    Yes.

13   Q    Well, that's not exactly true is it.    You have missed

14   payments, have you not?

15   A    Yes, I have but it was due to hernia surgery.

16   Q    Did you explain that to the Probation Officer and she

17   accept that?

18   Q    That was the second probation Officer.    Before I went to

19   the hospital for surgery I carried and showed him and he

20   said he would put in that I was out, because it was stated in

21   the Doctor's report how long I would be out of work, and he

22   said "You don't have to pay it.    I'll put it on the end.    You

23   do understand that you can't get off probation until it is

24   paid."    And one time it was $90.00 but I have a countdown of

25   $60.00 and I was making an attempt to catch up.

8

Q     Could you have but for the confinement here?

A     Yes, I could have.

      MR. BATES:  Mr. Atwell will have some questions for you.

      Mr. ATWELL: I don't have any questions.  This is concerning the Habeas Corpus Motion.

      THE COURT:  Do you want to ask him anything further?

      Mr. BATES:  No Judge, that's our evidence.

      THE COURT:  What says the District Attorney?

      MR. ATWELL:  Of course, Your Honor, we're here also on the Probation Revocation.  So, if based on the evidence we're hearing that probation is revoked, it is a moot point.  I don't think it is unreasonable under the circumstances that his bond is set at the amount it is.  It seems from the evidence in this case that Mr. Davis is somewhat mobile.  That he may have been reporting in Huntsville and living in Huntsville but it seems apparent that he travels all over the State and up down for doing whatever he does .  And in this particular case our victims paid out some $34,000.00 to this individual and got nothing in return.  So the bond seems reasonable at the amount set in both of these cases.

      MR. BATES:  And  Your Honor, I would suggest it is

9

unreasonable and totally unfair. This man may be charged with something and he should face that charge and answer that charge and put up what defense he has, but to punish him beforehand when he has done nothing except fully comply with what she wants, is criminal and I don't think this Court should sanction that.

THE COURT:    I take it that this is on the bond reduction?

MR. BATES:  Yes sir.

THE COURT:  Are we in a position to go forward with the Probation Revocation?

MR. ATWELL: Yes sir.

MR. BATES: Yes sir.

THE COURT:  Why don't I reserve my ruling on that until we proceed to the revocation hearing.

MR. BATES: Yes sir.

THE COURT:  Then let's proceed.

MR. BATES:  We can stipulate to his testimony as far as he was placed on probation and the terms and all that.  We represent to the Court what he will testify to and if I take issue with anything I will.

MR. ATWELL:    Judge, I don't think there's any conflict in the testimony.  That Mr. Hughes will testify that he was placed on probation, as the Defendant has already testified to, here in Geneva on a prior case

1  number that  was quoted for two counts. One was Theft by

2  deception third and one  was theft  by deception second.

3  There is one revocation on the two cases.

4      THE COURT:  _ The  files that  I have up here are CC

5  96-219 and 222.  Both of them are  96 cases.   Defendant

6  was convicted  of Theft of property in the second degree

7  and sentenced to four  years in  the state penitentiary.

8  I would image that Mr. Hughes testified that he was read

9  the terms and conditions of his probation.  We know that

10  he has felony charges pending of Theft by Deception.

11      MR. BATES:   And  we are  aware of what he says; he

12  shall commit no new  offense.   He is  accused of having

13  committed  a  crime,  but  he  is entitled to a trial on

14  that.   The only reason they placed him under a bond like

15  this and are trying to revoke him, they want to --

16      THE  COURT:   All  this  is strictly argument.   In

17  order for  me to  proceed with  the Probation Revocation

18  hearing I have to have testimony.

19      MR. ATWELL:  We were stipulating to what Greg would

20  testify to.  I wasn't  prepared  to  argue  what  he was

21  saying.

22  '    MR.  BATES:    I  think Mr. Hughes would testify to

23  what was testified to by Mr. Atwell.

24      THE COURT:  This  Probation  Revocation  Hearing is

25  being conducted  on the  stipulation of  what Mr. Hughes

1   would testify to?  I'll take any other  testimony that I

2   need to.

3        MR. BATES:   And  Judge, there was some argument by

4   counsel earlier that my  client did  travel in  his work

5   and go too far, but I think the Probation Officer out of

6   Huntsville will  tell you  that he  got a  pass any time

7   that he  went anywhere.   He fully did everything he was

8   ordered to  do except  get behind  $60.00 when  he had a

9   hernia operation.

10       THE COURT:  Hold up your right hand.

11

12                        ALICE R. KELLY

13       having  been  first  duly  sworn,  was examined and

14   testified as follows, to-wit:

15                      DIRECT EXAMINATION

16  BY MR. ATWELL;

17  Q    State your name, please ma'am.

18  A    Alice R. Kelly.

19  Q    Mrs. Kelly, do you or your  mother own  property here in

20  Geneva?

21  A    We do.

22  Q    What is that address?

23  A    That's 115 East Campbell Avenue.

24  Q    And what is located there?

25  A    Right  now  it's  a  small  brick home currently with an

12

1   addition on the back of that.  It's  four bedrooms,  a living

2   room and a den.

3   Q    Did you purchase this home?

4   A    I did.

5   Q    What was the purpose in purchasing that home?

6   A    I purchased it because it's next door to my sister and I

7   wanted to move my mother, who is ill  and an  invalid, closer

8   so that she could be looked after.

9   Q    And  when  you  purchased  this  home, was it in need of

10  repairs?

11  A    Yes, it was.

12  Q    And you looked for  someone to  contract with  to do the

13  repairs on this house?

14  A    I did.

15  Q    Who did you find?

16  A    I eventually  hired Mr.  Davis.   I began trying to work

17  locally with Mr. Sullivan but he had so much business come in

18  that  he  could  not  do  the  work.   I  looked for another

19  contractor locally and  couldn't  find  one.   Eventually I

20  hired Mr. David at the recommendation of my sister.

21  Q    When was it that you hired Mr. Davis?

22  A    We actually signed the paperwork in August of last year.

23  Q    In 1998?

24  A    Yes.

25  Q    And what did you contract for him to do?

13

A    I contracted for him to do renovation in the interior of the house and then to build an addition on the back of the house that would give us a second bathroom that was handicap assessable. This was a kind of, time is of the essence contract.

Q    I'm sorry.

Q    There was a time factor involved here. When we first started talking about the original structure, he told me that he could do this work within 30 days. When we added the addition, my first completion date was in about six weeks. This was supposed to be done because he and an individual who had come from Huntsville with him was going to work on the interior of the house and he had people lined up who were simply going to work on the addition so it could be done in a short period of time.

Q    That was important to you?

A    I had to get mother over there. She suffers from dementia and her general state of health is very bad.

Q    So that was made clear when you were contracting with him, that time was of the essence?

A    Yes. Yes, it's the reason that I wanted it done by Mr. Davis, so I could get it done quickly.

Q    So y'all drew up the contract to get this done and done within six weeks?

A    That was the initial estimate.

14

1  Q     And you had agreed on a price?

2  A     We did.

3  Q     What was that?

4  A     Start out with $26,000.00 on the original and then when

5  we decided to go with the addition we changed it  and instead

6  of  putting  the  five  foot  shower on the interior bathroom

7  existing there, we decided to put it in the back of the house

8  instead.    And he  said because of the savings he had on that

9  bathroom he could do  the  back  room, the  sun room,  call it

10  what  you  will,  and  the  additional  bathroom  at  another

11  $10,000.00  was  the  first  estimate  to  me.    During  our

12  conversations and the construction he added more, to bring it

13  up to $36,500.00.

14  Q     So that was the agreed upon price?

15  A     It was.

16  Q     All right, and did the work commence immediately?

17  A     It did.

18  Q     What was done?

19  A     They moved a wall between  the  existing  bath  from the

20  kitchen.    They tore  out old heaters in the wall.   He closed

21  up one door from the  kitchen  and  then  actually  opened up

22  another  one  from  the  living  room to the kitchen that was

23  larger.   He painted.   I thought we had electrical  work done.

24  I thought that we had plumbing work done.

25  Q     Would that  be because of the outward appearance looking

15

1   as if there was new electrical and plumbing?

2   A    Right. And the plumber came out and at one point set a

3   new tub in the enclosure to the bathroom.  It was not the tub

4   we had agreed upon and so I told Mr. Davis that's not what we

5   agreed on and he said that the plumber just made a mistake.

6   And I was told separately by the plumber that that was not

7   the case.  And we thought that that area had been plumbed for

8   the tub, but a shower fixture had been plumbed.

9   Q    What else was done in this house?

10  A    He opened up a door between the kitchen and the small

11  room at the back of the carport because he was to have moved

12  the fixtures from the kitchen area out to that small room,

13  utility room, behind the carport.  He was to move a washer

14  and dryer and hot water heater to that area.

15  Q    Okay, did he do anything else?

16  A    He framed up the wall and put, not the windows we

17  agreed on, but put windows into it and poured concrete.  He

18  framed up a shell for the shower and set a molded shower in

19  the existing bathroom after he tore the tub out.

20  Q    And were you paying him as you went along?

21  A    I paid Mr. Davis the money in increments up front very

22  quickly because he kept coming to me saying "If we're going

23  to get this done, give me the next increment," and then the

24  next increment.  I had given him by the 16th of October

25  $34,400.00 to get this done now.

1   **Q**   Okay and how did the work commence?

2   **A**   For about the first five weeks or so it went well with

3 the two of them. Then I began to get excuses about "I have

4 to go back to Huntsville," or "I have the flu." Then the

5 flu turned into pneumonia. I'm hearing this by phone and

6 the pneumonia continued for weeks.

7   **Q**   Was anybody working on the house while he had pneumonia,

8 a partner, or workers, or laborers?

9   **A**   I don't have the timeframes but we hired Fred Bynum

10 locally to do the heating and air conditioning and he did

11 part of that. And during one absence the roofer came out and

12 did the roof.

13   **Q**   Was this somebody you hired?

14   **A**   No, he hired. We had contacted Mr. Bynum but Mr. Bynum

15 got in touch with Mr. Davis to actually make the

16 arrangements and the roofer was someone Mr. Davis found

17 himself.

18   **Q**   So, after October did Mr. Davis do any more work on your

19 house?

20   **A**   He did, but in little spurts. I kept calling. He was

21 gone. I would call and he was supposed to begin to work. He

22 would show up and work a few days and be gone again. You

23 don't -- you can't imagine the frustration I have lived with

24 trying to get this man to come by my house and finish this

25 work.

17

Q    how long did this rock on  that you  were trying  to get

him to do the work that he hadn't completed?

A    Between excuses, when I told him, if you can't do it get

somebody else  to get  the house  finished for  me, for eight

months before  I finally threw my hands up and my sister said

"Please let me try and deal with him.    Maybe  because of our

friendship he will do this job for me."  He began to tell her

we owed him more money.  During this time, he  came to  me on

the 14th  of November, when he came down to talk, after we had

talked him into coming back to  work,  he  told  me  that the

roofer had  done the roof but it cost him $2,000.00 more than

what he had told me he was going  to charge  me for  the roof

and would  I please  help him  out.  I mean, he knew I didn't

have to give it to Mr. Davis under contract and I had  a real

sick felling  at that  point about  all these excuses and the

way this house was going.  But I gave him  $2,000.00 more and

made it  out to  him and the roofer to just try and keep this

house going.  He told me at that time that he had  to go back

for a  minor operation  and I  told him he could not do that,

that he had to get people to work.  He left anyway.   He went

back  and  had  his  hernia  operation and kept giving me new

dates that he was going to get this done.  We went from month

to month like that and then he called and said, "Well, I will

be back. The doctor will let me go two weeks after and  I can

come back and oversee."  That didn't happen and people didn't

18

1  show up to do this work and I kept being told, "the doctor

2  won't release me yet to come back down there," and would give

3  us a new date and then it was, "I've got to go home. My

4  wife has the flu. I have to look after her." And then I

5  couldn't get him back after his wife had the flu. At one

6  point we said, where -- where are all these supplies that

7  aren't going into the house. I was at the point of just

8  taking the supplies and trying to find someone else to do the

9  work. I couldn't get the man to do the work that I had

10 contracted with him to do.

11 Q    Did you find any supplies?  Were there any supplies

12 given to you when you demanded that?

13 A    My sister asked him to tell her, "where are the

14 cabinets" and his response for her was, "I don't have to tell

15 you that." He made absolutely no effort to convince us that

16 he was interested in doing this house for us at all.

17 Q    Did you ultimately have to get someone else to come in

18 and do the work?

19 A    He walked off the job and left it. He told my sister

20 that he would hire somebody to finish it. Then he said "I

21 can't find somebody." Every time we found somebody they

22 would tell us that we had to pay the costs of this. My

23 sister, after the $34,500.00 had been paid and I paid Mr.

24 Bynum myself $2900.00, until we finally had $37,825.00 in

25 helping to get this house done. And I finally did, after it

19

1    was obvious  that Mr. Davis wasn't going to do this house for

2    us, had somebody who offered to come and do the contract work

3    for us,  for me, if we would just buy the supplies.  And that

4    is what eventually happened.

5    Q    What did that cost you?

6    A    I have to date about $17,800.00 into this  effort and we

7    still have major problems with that house.

8    Q    Was the dry wall up to standard that he put up?

9    A    What he  put in  was  not.  They had to take it out and

10   put water  proof sheetrock  on the  walls and  ceiling in the

11   bathroom.

12   Q    When the  dry wall  was removed from the walls, what was

13   found in the walls?

14   A    We had somebody begin looking behind the walls  and they

15   had wiring  that was  run and  didn't connect  to any kind of

16   electricity.  We had  to bust  the floor  up under  one area.

17   The  plumbing  from  the  tub  and shower areas had just been

18   stuck in and not connected.   We actually  had to  go back in

19   there,  because  when  we  started  trying to work it started

20   backing up and we realized that something was  wrong with the

21   drain and so we busted the floor up and actually had to go in

22   there at that point and dig a channel and properly connect it

23   to the sewage system.

24   Q    Was there new wiring and new fixtures put in?

25   A    They told  me that  the wiring in the house was not new;

20

that was old wire mostly.  They finally,  after spending six hours above  the kitchen trying to work with what they had up there, they decided to  put new  wiring in  it.   It was that bad.

Q    What is the status of the house now?  Is it finished?

A    No, it  is almost finished, but as we speak a plumber is out there.  That's where I  spent many  an hour  on the phone getting a  plumber out there.  We still have a major plumbing problem in that house.

Q    So, since Mr. Davis  is no  longer on  the job  you have spent $17,000.00  trying to get right what he was supposed to do for $35,000.00?

A    Yes.

Q    You paid him $34,000.00?

A    I paid  him  $34,440.00  by  check  or  cash.    I spent $2900.00  in  addition  to  that  paying  for heating and air conditioning and my  sister  spent  money  for  sheetrock and labor for  a plumber.    And  I think  the thing  that is most hurtful was he cleaned the windows in that house, and he told her  he  had  to  clean  the windows because he couldn't work until that was done and he  charged my  sister $175.00  to do that.  All totaled $37,825.00 that come out of our pocket.

Q    Was that to him or to someone --

A    Yes, to him personally.

Q    But  since  then,  it  has  cost  you  so  far  another

21

1    $17,000.00 and you're not through?

2    A    We can't move in because the addition to the house

3    hasn't been properly secured to the back of the house and the

4    contractor that did the work said if we have any major

5    stress it is going to separate from the house and we're

6    trying to find someone to secure those rafters correctly

7    before we get someone to blow the insulation that is

8    missing.

9    Q    Have you gotten any estimation from the Defendant on

10   what he spent the $34,000.00 on?

11   A    Never.

12   Q    Did you ever get any estimate from people that came

13   after him as to how much money possibly was spent on the

14   home?

15   A    I don't have that with me.  I only after the statement

16   of how bad the condition of that house was and the things

17   they had to do over again.  And I believe you have a copy of

18   that.  They said it was not up to building code and it was

19   unsafe, four pages of all the things out of Mr. Davis's

20   contract that were not done.

21   Q    This is by Michael Casconi?

22   A    Yes.

23   Q    Was this report prepared by Mr. Casconi?

24   A    Yes it is.  It's what I faxed to Mr. Emery, yes, and

25   just received from Mr. Casconi.

22

1  Q    That report  he gave you is based on his observation and

2  what he found and what he had to do?

3  A    Yes.

4  Q    Mark this as State's Exhibit 1.  I  would like  to admit

5  this as evidence.

6             THE COURT : Cross examination?

7

8                     CROSS EXAMINATION

9  BY MR. BATES:

10 Q    Is this  Michael Casconi  one of the Geneva Casconi's or

11 is he from somewhere else?

12 A    He's from Arizona.

13 Q    Arizona.  Phoenix probably?

14 A    Sir, I don't know if he is from Phoenix or not.

15 Q    Prior to your permitting my client to engage  in work on

16 your home, did you and he have a written agreement as to what

17 work would be performed?

18 A    We did.

19 Q    Do you have a copy of that written agreement?

20 A    I do.

21 Q    May I see  it?    You  have  given  me  something called

22 Winston Davis Construction Contract dated 19th of August 1998

23 and it has Alice R. Kelly.  And  did this  contract enumerate

24 everything you agreed to be done?

25 A    It basically  backs up  this agreement  because in it it

23

1  had things about how the changes would be made to that

2  contract if there were any.

3           MR. BATES: Would you mark this Rachel

4                  (Whereupon, the same was marked as

5                  Defendant's Exhibit 1 and Defendant's

6                  Exhibit 2, for identification, following

7                  which the following occurred:

8  Q    Would you tell the court please Mrs. Kelly, what

9  relationship, if any, Defendant's Exhibit 1, which is the

10  contract you gave me and Defendant's Exhibit 2, which is

11  several pages of yellow notebook paper, what relationship

12  there is between the two, if any?

13  A    He gave me both actually. That's Mr. Davis' handwriting

14  and Mr. Davis' contract that he gave to me to sign. Both of

15  them.

16  Q    So the yellow handwritten notes are a part of the

17  typewritten agreement?

18  A    No. I understood from him that we had to sign an

19  addition to this contract because he told me it was just

20  standard practice to have this other one signed.

21  Q    Do you have a copy of the other one?

22  A    This is it sir that I just gave to you.

23  Q    I'm a little lost Mrs. Kelly. I need to talk with you

24  about Defendant's Exhibit 2 that you gave me.

25  A    Yes.

24

1   Q   It has here listed for example, "Remove existing
2   plumbing, water lines and drains, cabinets, partition hot
3   water heater, windows over sink, etc. $360.00.

4   A   It does.

5   Q   Is this work that you contracted to do and wrote up?

6   A   No, this is the work we contracted to do that we signed
7   to be done.   This is a contract that he said was standard
8   practice that had to be signed because it has things in it
9   like liability insurance and change orders and those sorts of
10  things.   I got the impression it was simultaneous.

11  Q   But the two go together?  He enumerated the work to be
12  done and you signed it?

13  A   Yes.

14  Q   And it basically has the agreement and about the
15  liability insurance, the change orders in the specs and that
16  sort of thing?

17  A   Right.

18  Q   They were kind of together?

19  A   I signed this when he told me I needed to sign it.  This
20  is what we really discussed.

21  Q   Did you believe this to be any different?

22  A   I thought it was an addendum to it.

23  Q   They are together?

24  A   Yes sir.

25  Q   Were there any change orders made?

25

1   A    No.

2   Q    The handwritten note, the first page of Exhibit 2, says:

3   "Kitchen and breakfast area, 21 by 11 by 8," was that right?

4   A    Yes.

5   Q    You said there was a sun room or something; is that

6   embraced in this also?

7   A    You are going to find it at the back.

8   Q    Would you find it for me?

9   A    I'll be glad to.

10   Q    All right, it says at the top of that   "Continued from

11   Davis' pages 1 through 15," and signed Alice R. Kelly,

12   Winston Davis.  All items in pages numbered 1 through 16 will

13   be completed.  Adjusted contract price is $36,500.00.  This

14   includes an addition on the north side of the home, bath 8 by

15   14, turnkey and porch enclosure 14 x 20 turnkey.

16   A    Right.

17   Q    Porch enclosure?

18   A    Right.

19   Q    What kind of porch was that to be?  You said a sun

20   room?

21   A    Right.  It was to have been an additional room on the

22   back of the house that was bordered by four windows and a

23   glass door on the back and three windows on the side.

24   Q    Do you have a material and labor list for the porch as

25   you had for the original construction contract?

26

1    A    No.

2    Q    When he built this -- did he build this porch?

3    A    He did build the frame to the porch and he put the
4    windows in the porch. Yes, he did that and put a roof over
5    the back of it.

6    Q    Was that different from what you traded for?

7    A    No.

8    Q    Was that what you traded for?

9    A    Yes.

10   Q    That's what you wanted done?

11   A    Yes.

12   Q    And he did it?

13   A    He didn't do it to the specifications we talked about.
14   He installed replacement windows instead of like he was
15   supposed to have done.

16   Q    But it's not written down, is it?

17   A    No, it isn't.

18   Q    You have a contract which says change orders will be in
19   writing.

20   A    There is no change order given in the contract there as
21   we discussed it, but we discussed it.

22   Q    Would you not agree please ma'am that he made very
23   detailed itemization of what he was to do on the original
24   house? Do you agree he did that?

25   A    Yes.

27

1   Q    But you are now telling us that the porch was not done

2   in detail?

3   A    That's correct.

4   Q    And you are saying he is not doing what y'all traded

5   for?

6   A    That's correct.

7   Q    And he's saying I'm doing what we traded for. Isn't

8   that his contention?

9   A    I don't know what his contentions are.

10  Q    Did he tell you, wait a minute lady, I'm doing exactly

11  what you told me to do. I built exactly what you told me to

12  build. Did he ever tell you that?

13  A    No.

14  Q    He never told you that? I have built what you told me

15  to build?

16  A    No.

17       MR. BATES:    We move that one and two be admitted,

18       Judge, and we may want to withdraw copies .

19       THE COURT:    Let them be admitted.

20  Q    Did you have any architect plans?

21  A    No.

22  Q    Did you ever have a drafter draw any plans?

23  A    No. He and I would sit down and draw up what was going

24  to be done back there.

25  Q    Do you have those drawings?

28

1   A    I don't have -- I have some of them -- I don't have them

2   with me -- on scrap sheets of paper  how many  windows in the

3   back and how many on the side and where the bath was.

4   Q    When discussing  the windows  you did discuss the window

5   sizes and things like that?

6   A    We just talked about the size windows going in and --

7   Q    Do you have a dispute over the size of the windows?

8   A    I had a dispute  when  I  looked  at  the  frame  of the

9   house.

10  Q    Do you have any drawings of the new addition?

11  A    I have a drawing somewhere of that new addition.

12  Q    Was it given to Mr. Davis?

13  A    We drew it together, sir.

14  Q    I wasn't  there is  why I'm  asking and the Judge wasn't

15  there.

16  A    Mr. Davis and I sat down and drew up everything in place

17  for the  new addition  and Mr.  Davis didn't  put it where we

18  agreed to.   The only changes in  my house  occurred when Mr.

19  Davis did  not follow  through with the original plan that we

20  had made to place things in  the area  as where  we had drawn

21  it out on paper.

22  Q    Do you know whether Mr. Davis got a building permit from

23  the City of Geneva to do this work?

24  A    He told me he had to have one.

25  Q    Do you know if a schedule  of inspections  were required

29

1    as the work progressed?

2    A    I'm sure that was part of the building permit process is

3    what he told me.

4    Q    Do you know whether any inspections were done by anybody

5    from the City of Geneva?

6    A    I was told they were.

7    Q    The building inspection schedule should have been posted

8    on site.

9    A    I saw the permit posted in the front window.

10   Q    Did you look to see if any part of it  was an inspection

11   schedule?

12   A    No sir, I did not.

13   Q    Do you still have the building permit?

14   A    I don't think it is still up.

15   Q    Who took it down, or is it still up?

16   A    It's up still.

17   Q    May we  look at that, go on the premises to look at that

18   permit?

19   A    Absolutely.

20   Q    Thank you.  Do  you  know  of  any  occasion    that  an

21   inspection was made that did not pass?

22   A    I do not.

23   Q    Do you  believe there  is any  collusion between Winston

24   Davis and any official of the  City of  Geneva, including the

25   building inspector?

30

1   A    I do not sir.   We did question Mr. Howell about why we

2   found wires in  behind  the  wall  that  were  not  hooked to

3   anything.   And his  response was  that he didn't look behind

4   the walls.

5   Q    I want to ask  you a  few questions  about September 16,

6   1999, the  document sent  by facsimile  to Mr.  Emery that is

7   State's Exhibit 1.   Did you have this done?

8   A    Yes.

9   Q    Mr. Casconi is in Arizona?

10  A    Yes.

11  Q    Did he come here to look at the house?

12  A    He came here to work on the house.

13  Q    Did you pay his transportation?

14  A    I did not.

15  Q    Did you pay him?

16  A    I did not.

17  Q    He volunteered?

18  A    Yes.

19  Q    Can you provide a correct mailing address to  counsel so

20  that we may find him?

21  A    I'll get you one sir.

22  Q    Give it to the District Attorney so that they may supply

23  it to us?

24  A    Absolutely.

25  Q    Mrs. Kelly, finally you will admit that there could be a

31

1  reasonable difference  of opinion  as to what was expected by

2  you of Mr.  Davis  regarding  the  porch  enclosure,  couldn't

3  there?

4  A   There was never any doubt in our minds when we discussed

5  what was to be done on that porch enclosure.

6      MR.  BATES: Thank you ma'am.  That's all.

7      MR.  ATWELL:  That's all.

8      THE COURT:  You may come down.

9      MR.  ATWELL:  Judge, that's all  we have  in support

10  of our motion.

11      MR.  BATES:    What we  don't want  to do is rehash

12  what was said.   I ask  you to  consider everything that

13  you heard today.

14      MR.  ATWELL:   The  only  thing additional I would

15  offer to the Court  is that  I think  we should  keep in

16  mind that  Mr. Davis is on probation for doing the exact

17  same thing twice before.  He has been tried  before and

18  found guilty  and the bottom line is he was paid between

19  $35,000.00 and  $36,000.00 on  a  contract  and  he did

20  virtually nothing that was useful to this lady.  She has

21  had to have somebody come in  and work  for free  and it

22  still costs over $17,000.00 and she's still not through.

23  They have had to replace what  he did  and have  gone in

24  and found  stuff that  was done all wrong.  This man has

25  victimized yet another person  as  he  did  when  he was

32

placed on probation.

MR. BATES: Your Honor, I did not have the privilege of representing Mr. Davis in the original trial and I don't know who counsel was and do not know how skilful they were, but I do know that under the constitution Mr. Davis is presumed innocent of this new charge until proven guilty and what I have heard from Mrs. Kelly today I think it is reasonable to surmise he was a general contractor and that there was no felonious intent. And we are asking that Your Honor deny the Motion to Revoke.

THE COURT: I take it that we have now successfully continued this case beyond this term of Court?

MR. BATES: Your Honor, if I have anything to do with it we have.

THE COURT: When I say successfully have I not entered that order?

MR. BATES: I believe you did. Yes sir.

THE COURT: I'm resetting bond at $35,000.00. I am going to be down here next Tuesday and make a ruling on this motion.

MR. BATES: Thank you, Your Honor.

## END OF HEARING

IN THE CIRCUIT COURT OF
GENEVA COUNTY, ALABAMA

FILED IN OFFICE

SEP 2 9 1999

*[signature]*
CLERK

STATE OF ALABAMA,

      Prosecution,

vs

      Case Nos.  CC-1996-219, 220, & 221

WINSTON DAVIS,

      Defendant.

## REVOCATION ORDER

On September 30, 1997, the defendant was found guilty by trial by jury to the three (3) felonies before the Court.  The defendant was convicted of two (2) cases of Theft in the First Degree and one case of Theft in the Second Degree.  On October 31, 1997, the defendant was sentenced to four (4) years in the state penitentiary in each case to run concurrently with each other.  The defendant was placed on supervised probation for a three (3) year term.  On August 17, 1999, the defendant was charged with violating a condition of his probation in that he was indicted for a new offense of Theft of Property in the First Degree.  The defendant is represented by the Honorable Douglas M. Bates.  Testimony was heard by the Court on September 17, 1999, in open court with defendant and his attorney present.  Upon hearing the evidence presented, the Court is reasonably satisfied that the defendant is guilty of committing the new offense.  The Court believes from the testimony of Alice Kelley that the defendant stole over $35,000.00 from Alice Kelley in a manner similar to the defendant's three (3) convictions before the Court. Therefore, it is ORDERED that the defendant's probation is hereby revoked, the defendant is to serve the balance of his four (4) year sentences, and defendant is given credit for time served on these sentences.

DONE, this the 29th day of September, 1999.

*PETITIONER WINSTON DAVIS'S
EXHIBIT 4.*

                                    *Charles L Woods*
                                      Judge

# CHARLES W. BLAKENEY

ATTORNEY AT LAW

201 N. COMMERCE STREET
P.O. BOX 100
GENEVA, AL 36340

334/684-2387
OFFICE

334/684-2589
FAX

April 18, 2000

Winston Davis
AIS #207010
Post Office Box 1568
Hamilton, Alabama 35570

RE:   State of Alabama v. Winston Davis, CC-99-126

Dear Mr. Davis:

In response to your letters of April 7 and April 14, 2000, I can only say that at this point, the District Attorney is not offering anything less than a felony for plea bargain. Certainly, if you have another offer, I will relay the same to the District Attorney for his consideration.

I cannot obtain a change of venue for your case based on any of the reasons you have listed in your letter. My filing a frivolous motion such as that would only serve to anger the Judge and further lessen our standing with the Court for future Motions that may have merit. Further, even if the Court would entertain a Motion for Change of Venue, you do not get to choose to which county your case is transferred. The Court chooses.

The proper time for requesting a preliminary hearing is before you are indicted. After the indictment, you have no standing to request a preliminary hearing; therefore, if you did not request the "initial hearing" until after indictment, neither the Court, nor the District Attorney's office were required to have a preliminary hearing. For an appeal of the revocation of your probation, you must appeal to the Court of Civil Appeals. This must be done within thirty (30) days of the decision of revocation or decision concerning a new trial/reconsideration. If your appeal was untimely filed, or filed improperly, neither the Geneva County Circuit Court, nor the Court of Criminal Appeals, is required to entertain your appeal. If you requested a new trial, the motion becomes moot and is deemed denied upon the expiration of thirty (30) days after filing. Again, your time limit in which to file an appeal begins from the moot date. It seems that either way, your appeal, or complaint about the appeal bond, is now untimely and, therefore, improper.

To-date the Court has refused the funds for which to purchase the transcript of Alice Kelly's prior testimony. I have requested the same of the District Attorney, if he has it in his possession; however, I have not received a response. The Court Reporter who was present at the Probation Revocation Hearing will be the typist of the transcript, and if you want to review the testimony, we will need to contact the Court Reporter with the funds as soon as possible.

*PETITION OF WINSTON DAVIS*
*EXHIBIT C.*

Page 2
Davis, Winston
April 18, 2000

I have sent you copies of everything you have requested that I currently have in my possession. The District Attorney has not provided copies of Alice Kelly's statement, any checks, and/or the join checking account statements, so I have written him concerning these specific items (see enclosed letter); however, he is under no obligation to go out and obtain for you items that he does not have in is possession. Although I have subpoenaed the check for $3000.00 from Alice Kelly, I have not received the same. As soon as I receive a response from either, I will forward the same to you.

Knowing the law and how to effectively work in a legal forum is my job, and I will make the decisions concerning the same. I do not need your telling me how to do my job. You don't tell me how to be the attorney, and I won't tell you how to be an inmate or contractor.

As always, if you have any further questions, please write my office.

Sincerely yours,

Charles W. Blakeney

CWB/alm

Enclosure

# CHARLES W. BLAKENEY
## ATTORNEY AT LAW

### 201 N. COMMERCE STREET
### P.O. BOX 100
### GENEVA, AL 36340

334/684-2387
OFFICE

334/684-2589
FAX

April 25, 2000

Winston Davis
AIS #207010
Post Office Box 1568
Hamilton, Alabama 35570

RE:    State of Alabama v. Winston Davis, CC-99-126

Dear Mr. Davis:

I regret to inform you that all of the motions I have filed on your behalf have been denied by the Court. We did argue them orally at about 1:30 p.m. today before Judge Woods. I was informed that these arguments were to take place at approximately 12:00 noon today, so there was no way I could have you transferred here for the oral arguments. The Judge did instruct the Sheriff's office to have you transferred to Geneva ten (10) days before trial.

Because the motions were denied, (1) you and I will be unable to fly to Arizona and depose Michael Casconi. (2) I will also be unable to hire a private investigator, (3) an architectural engineer, (3)and a CPA. Your case will be tried in Geneva County, Alabama, and, as stated before, you will be transferred ten days prior to that trial. Further, (4) I will be unable to subpoena any persons residing out-of-state, and (5) I will be unable to subpoena any documents from any persons residing outside the State of Alabama. I will only be able do the above items if you provide the funds for the same.

If you have any questions or comments, please write my office.

Sincerely yours,

Charles W. Blakeney

CWB/alm

PETITIONER WINSTON DAVIS
EXHIBIT 1

364

MR. BLAKENEY:  Thank you, Your Honor.  At this time we would rest and make a second motion for a directed verdict of acquittal based on the failure of the State to prove a prima facia case.

THE COURT:  That motion is denied.  Now, are we ready for the lunch break gentlemen?

Ladies and Gentlemen of the Jury, at this time we have reached the stage where the Defendant has rested in this case and I am going to allow you to go to lunch and come back here at 1:15.  We will begin the continuation of this trial at that time.  Let me say to you that it is highly important that you remember what I said earlier, that you should not discuss this case among yourselves nor allow anyone to discuss it with you.  Hopefully we'll be able to begin as quickly as possible at 1:15 and begin closing down the trial of this case so you can begin to deliberate.

MR. BLAKENEY:  Your Honor, we had a pending motion for the original checks to be produced and replace the copies that were placed into evidence and we would request a ruling on that motion.

THE COURT:  The Motion is denied.  Have we cleaned up everything?  All right, Ladies and Gentlemen, at this time you are free to go.  We'll proceed at 1:15.

(Whereupon, the lunch recess was taken and the



PETITIONER WENSTON DAVES'S
"EXHIBIT 8."

365

following   occurred   at   1:15   outside   the presence of the jury:

### CHARGE CONFERENCE

THE COURT:  On Defendant's No. 1, I think that is a good charge but I think I totally handle that in my oral charge  and  so  I'm  refusing  it  because  I  have put parenthesis it behind it, oral and I have CLW there.

I have  and will  give Defendant's  Requested 2 and I'll read it exactly from Defendant's 2.

I am refusing No. 3 because I know I cover it in my oral charge.

I  am  refusing  No.  5  for the fact that I do not believe I need to  be defining  contracts in  this case. You may make your exceptions when I get through.

I  am  giving  No.  4  with  the  changes  of "more specifically U. S. currency" rather than $3,000.00.  The rest of that I'll read exactly.  And I have given No. 4.

No., 6 I am refusing.

No. 7 I am refusing.

No. 8 I am refusing.

No. 9  I am  refusing. I know I cover it in my oral charge.

With those statements you may now go to the record. I have  informed everybody that I intend to use theft of

property in the second degree by deception as a lesser included offense.

MR. BLAKENEY: For the record, the defense believes they have made a credible showing that there is a possibility that any wrongs that have been done were in fact simply a civil matter and a breach of contract. And I believe the Court should give any requested jury charges as to the definition of a contract and the definition of a breach of contract and the elements of a contract and what partial performance of a contract, and what non-performance of a contract are. And I feel that the failure to give these charges does not give the jury proper ability to make the distinction between a criminal act which is theft by deception, and a civil act which is breach of contract. And an important distinction of that is that a civil matter carries no imprisonment sentence and the criminal one does.

### IN OPEN COURT

THE COURT: Bring the jury in. Court will come to order. Ladies and Gentlemen of the Jury I realize we are running a little bit late but we have short circuited some periods of time that would be lag time for you. You probably don't fully understand that, but at this point in time this case has now been announced completely through with as far as the evidence is

367

concerned and we are now going into the final arguments by the State and by the Defense and then again by the State. Then you will be charged as to the law and then sent out in order to deliberate and determine a verdict in this case. So, at this point in time I'll ask the State if it is ready to make its opening closing statement.

MR. ATWELL: Yes sir.

THE COURT: You may proceed.

(Whereupon, closing arguments were presented by the State and Defense Counsel during which the following objection was noted:

OBJECTIONS

MR. ATWELL: Your Honor, I object to that. He is commenting on the credibility of his client. There is no evidence that he would have finished the job if given the opportunity.

THE COURT: It is the decision of the Court at this time that it may be a little far fetched with reference to the contractor.

MR. BLAKENEY: This is closing arguments.

THE COURT: I understand it is. I'll give you some leeway but not wide latitude.

MR. BLAKENEY: Thank you, Your Honor.

* * * * * *

368

COURT'S ORAL CHARGE

THE COURT: Ladies and Gentlemen, you don't mind if I stand up because I have been sitting down a long time as I know you have. I could give you a little break, but these arguments weren't too long and it takes me a little while to present to you the law that I have to in order for you to take the law that I give you and apply it to the facts as you find them and arrive at your verdict.

In this case let me say that the State of Alabama has brought by an indictment a charge which is called theft of property by deception in the first degree. And let me first of all tell you again, and I think I've already told you this but I want you to remember this, that the indictment is in no way any evidence against the defendant and no adverse inference can be drawn against the defendant from the finding of an indictment. The indictment is merely a written accusation charging a defendant with the commission of a crime. It has no probative force and carries with it no implication of guilt.

In this case the Defendant is charged with theft of property in the first degree and it is referred to as control by deception.

A defendant is charged with theft of property in

369

the first degree, any defendant, by deception, a person commits the crime of theft of property if he knowingly obtains by deception, control over the property of another with the intent to deprive the owner of his property. The theft of property which exceeds $1000.00 in value, constitutes theft of property in the first degree, which we are talking about in this courtroom today.

To convict, the State must prove beyond a reasonable doubt each of the following elements of theft of property in the first degree. (1) That the defendant, Winston Davis, knowingly obtained by deception control over the property of Alice Kelley, more specifically U. S. currency, (2) that the property exceeded $1,000.00 in value, and (3) that the Defendant acted with the intent to deprive the owner of her property.

Again, let me charge you that one acts with intent to deprive another of his or her property, when he acts with the purpose of causing that result.

A person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of that nature, or that the circumstance exists.

The term, "obtains control over property," includes, but is not necessarily limited to the taking,

370

carrying away, or the sale, conveyance, or transfer of title to, or interest in, or possession of property. Deception occurs when a person knowingly promises performance which the Defendant does not intend to perform or knows will not be performed. Failure to perform standing alone, however, is not proof that the defendant did not intend to perform.

The term "deception" as I have used, does not, however, include falsity as to matters having no pecuniary significance or puffing by statements unlikely to deceive ordinary persons. Puffing means an exaggerated commendation of wares or services.

If you find from the evidence that the State has proved beyond a reasonable doubt each of the elements as I have defined them to you of the offense of theft of property in the first degree by deception as charged, then you shall find the defendant guilty of theft of property by deception in the first degree.

If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements as I have defined them to you of the offense of theft of property by deception in the first degree, then you cannot find the defendant guilty of theft of property by deception in the first degree.

Now, let's discuss at this time what is referred

371

to as lesser included offenses. Theft of property by deception in the first degree is what is referred to in the law as a Class B felony. There is also theft of property by deception in the second degree, and that is a Class C felony. There is also what is referred to in the law as theft of property in the third degree which is a Class A misdemeanor. Now the only difference in the elements of proof as far as me charging you as to lesser included offenses, is, from what I have already read to you, is the law of theft of property by deception in the first degree, is by the amount of value that is placed on the theft. You understand that first degree is $1000.00 or more. Theft of property by deception in the second degree is defined identically as to that as I have given you for first degree except, and I'll read this part to you and the rest is exactly the same. In the second degree, That the defendant, Winston Davis, knowingly obtained by deception or control over the property of Alice Kelley, to-wit, U. S. Currency, that the property taken was between $250.00 an $1,000.00. That is the difference between first degree theft by deception and second degree theft by deception. And that the defendant still acted with the intent to deprive the owner of the property. Those are the elements. The rest of it is the same.

1      .Now, when you get down to, or if you have an

2      opportunity, and that is your decision to make. What

3      I'm doing now is defining crimes against the State of

4      Alabama.

5      Theft of property in the third degree reads exactly

6      the same way. It is a Class A misdemeanor and the

7      second element which I have defined to you. Remember,

8      that Winston Davis knowingly obtained by deception

9      control of property of Alice Kelley, to-wit U. S.

10     Currency, that the property exceeded whatever I have

11     said before and in the Class A misdemeanor in the third

12     degree, it is less than $250.00. One, two, three. And

13     again the third element of any crime, that the defendant

14     acted with intent to deprive the owner of her property.

15     Then again, let us discuss something that I want

16     you to please understand in this case. I told you from

17     the very beginning that you and you alone are the sole

18     judges of the facts. And as such, with reference to

19     your duty in this case and what is my duty in this case,

20     we have totally separate provinces and jurisdictions

21     that we must keep if justice is going to be done

22     according to the law. In the very beginning I told you,

23     you listen to the facts. You are the judges of the

24     facts. You look at the people who are on this witness

25     stand and you take into consideration the manner and

373

demeanor, how they testified, that's something you must do. That is something that you have already had to do at this point in time.

Now, in this case the exclusive province of a jury is not to take anything I have done, such as I might have looked somewhat silly, or bored, or whatever else during the trial of this case, but that's none of your concern. As a part of my duty I am not to allow you to pick up ques from me from the way I acted. It is not my job to determine what the facts are. If I have an opinion of the facts it would be highly improper for me to try and convey my opinion of the facts to you because you are the sole judges of the facts.

In arriving at what these true facts are, I will give you a little more law before I get into the other aspects of this and sometimes it takes me a long time to go through this, but I have to do it. It is a part of my job. You are not to allow sympathy that you may have or natural feelings of sympathy or anything to interfere with your job as judges of the facts. Again, this is up to you. And keeping separate our provinces of the Court and Jury, you should only take the facts as you see them and not let your emotions run away with you, and that's what the case is all about.

Secondarily, if you find from the evidence that the

374

defendant is guilty of a crime as charged in this case, you should not let yourself worry about what the punishment is, because remember I told you, we have separate places we have to keep. It is the province of the trial judge to determine the punishment to be meted out. It is not the jury's job. So you should not let that interfere with your judgment of the facts and the rendering of your verdict.

A Defendant comes forward and he says, I am not guilty of the crime charged against me. When he does that, it triggers these aspects of the law which are universal, long-time, and well-founded constitution. When a defendant says to the Judge, I am not guilty, he enters that as his plea to an indictment, it creates the presumption of innocence. And it also places upon the prosecuting authority, which in this case is the State of Alabama, the burden of proof. Sometimes definitions are hard to come about, but it might help you some if I just read it to you.

The burden is never placed upon a defendant to prove his innocence or prove the fact that he is not guilty. A burden never rests upon a defendant to establish his innocence nor disprove the facts tending to establish his guilt. In regard to this I instruct you that the defendant is presumed to be innocent and

375

the presumption that he is innocent remains until such time as each of you is convinced beyond a reasonable doubt that the defendant is guilty. This presumption of innocence is to be regarded by you as a matter of evidence and it is a benefit to which the defendant is entitled, and it attends the defendant throughout the trial of his case. Only when you are convinced from the evidence that the defendant is guilty beyond a reasonable doubt, does this presumption that he is innocent leave him.

The phrase "reasonable doubt" that I have used is somewhat self-explanatory and sometimes efforts to define it do not always clarify the term. But it may help you some to say that a reasonable doubt must be a double of reason. A reasonable doubt is not a mere guess or surmise. It is a doubt based upon reason and logic and not upon speculation. If, after considering all of the evidence in the case, you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt and it would be your duty to convict the defendant.

A reasonable doubt which entitles an accused to an acquittal is not a mere fanciful, vague, conjectural, or speculative doubt, but a reasonable doubt that arises from the evidence, or from a part of the evidence, or

from a lack of evidence, and it remains after a careful consideration of the testimony, such as reasonable, fair-minded, and conscientious people would entertain under all the circumstances. You will note that the State is not required to convince you of the defendant's guilt beyond all doubt and to a mathematical certainty, nor beyond a shadow of a doubt, but simply beyond all reasonable doubt. But if, after comparing and considering all the evidence in this case, your minds are left in such a condition that you cannot say that you have an abiding conviction of the defendant's guilt, then you are not convinced beyond a reasonable doubt and the Defendant would be entitled to an acquittal.

In arriving at what the true facts are, you as tryers of the facts, are directed to take into account all of the testimony of all of the witnesses. It is your duty to attempt to reconcile all of the testimony, so that all the witnesses speak the truth if you can do so reasonably. If you cannot reasonably reconcile all of the testimony, then the law is that you come into this jury box with the common knowledge and understanding that men and women gain in their everyday affairs, and all the experience you have acquired in dealing with people through business, through your social lives, or in any other way. You should take this

377

knowledge with you and use it to determine what the true facts are and the weight you are to give to the testimony of the witnesses. You are not to speculate where there is no evidence, but where there is conflicting evidence use your common sense to resolve the conflict. In weighing the testimony of the witnesses you are authorized to consider the manner and the demeanor of the witness and the ability of the witness to relate to you the things he or she claims to have seen or heard. You are authorized to take into account any friendship the witness has with any party and any degree of kinship to a party. You may consider any interest a witness might have in the outcome of the case before the Court. You may take into account whether a witness has been shown to be biased or prejudiced towards any party in the case or whether a witness is shown to have bias, or prejudice, hate, or ill-will towards any party. You may also consider whether a witness has been contradicted, and such contradiction, if any there was, would be considered by you in determining the weight to give to the testimony of that witness. Mere contradiction alone would not authorize you to disregard the testimony completely, but should you find that a witness has willfully and intentionally testified falsely to a material fact, then

1    as to that witness you may disregard his or her entire

2    testimony if you see fit.  You do not have to do so,

3    but you may in your discretion do so.

4        Ladies and Gentlemen, the Defendant has not

5    testified in this case as is his perfect right.  You are

6    instructed that that is a fact from which you can draw

7    no inference.  It is not to be considered by you as a

8    fact in the defendant's favor, nor is it to be laid to

9    the Defendant's detriment.  You may not draw conclusions

10   of any sort from the Defendant's failure to testify.

11       Now, I want to thank you for allowing me to stand

12   up and move around in front of you, and I hope I have

13   not been overbearing.  I normally sit down up there and

14   read and it goes a little quicker.  We have some more

15   things we have to do before you are instructed to take

16   your recollection of the testimony, your recollection of

17   the testimony, back there with you and begin to

18   deliberate as to your verdict.  We have to now discuss

19   the possible verdict forms in this case.  And I am

20   getting the verdict forms prepared for you and they will

21   be here shortly.

22       In this case the Defendant initially, and is at the

23   present time charged with the crime of theft of property

24   by deception in the first degree as I have already

25   defined it.  In the event you retire to this jury room

and you determine that the State of Alabama has proved the elements as I have defined them to you of theft of property by deception in the first degree, then the form of your verdict would be, we, the jury, find the defendant, Winston Davis, guilty of theft of property by deception in the first degree. And then there will be a little line underneath that verdict form that says foreperson. If that's what you find the evidence to be and the State of Alabama has met the elements as I have defined to you of theft of property by deception in the first degree, which is that the Defendant, Winston Davis, knowingly obtained by deception control over the property of Alice Kelley of U. S. Currency, and that the property exceeded $1,000.00 in value, and that the defendant acted with intent to deprive the owner of her property, if that has been proved to you beyond a reasonable doubt, then that would be the form of your verdict.

Now, if you find any of the elements as I have defined them in first degree theft of property by deception have not been proved, any one of them, then the form of your verdict would be, we, the jury, find the Defendant not guilty.

Or, on the other hand, I'm going to attempt to do it this way and I hope it comes across clearly. I have

380

determined that under the circumstances of this case that if you find the elements of theft of property in the first degree by deception has not been met except the one concerning value is $250.00 to $1000.00, rather than $1000.00 or up, then if you find the State of Alabama has proved all the elements of theft of property by deception first degree except the value, $250.00 to $1000.00, if you find the State has proved that beyond a reasonable doubt, then the form of your verdict would be, we, the jury, find the defendant, Winston Davis, guilty of theft of property by deception in the second degree. And again I'll tell you that is a Class C felony.

On the other hand, if you find from the facts in this case that the State of Alabama has failed to prove beyond a reasonable doubt all the elements, or any one of the elements, especially when it refers to value again, if you find that all the other elements as I have defined the crime of theft of property and it is less than $250.00, the form of your verdict would be, we, the jury, find the defendant, guilty of theft of property by deception in the third degree, which is a Class A misdemeanor. If you find that the elements period, any one or more of them, except the value, has not been proven beyond a reasonable doubt and to a moral

381

certainty, then the form of your verdict would be, we, the jury, find the Defendant, Winston Davis, not guilty. Those are the possible forms of verdict that will be submitted to you. In any event, let me say that the law says that your verdict must be unanimous and it must be signed by your foreperson.

Now, the law does not allow me to proceed to let you go begin deliberating, and I'm really apologetic because of this, because it is absolutely and positively necessary sometimes and I hope I have the name somewhere up here. You know there are 13 sitting there, don't you? We have an alternate juror on this jury and that is for a very definite and positive reason. Something can always happen to a juror and if you have an alternate juror the alternate juror can step in for the juror and proceed to the conclusion of the trial of the case and everything is well and good. But if it falls below the number of 12 and some disaster or something happens, you might have to try the case all over again. So the person that is the alternate, please don't feel bad. You have served a very useful purpose in the fact that we don't have to come back and retry this all over again.

I am going to announce the name of this juror and the law says I can't let you go back there and begin

382

deliberations with the rest of the jurors. Mr. Spence,
S-P-E-N-C-E- is the alternate juror in this case.  Will
you please do me a favor and come out of the jury box
and have a seat right over here until I can get to the
point where I can thank you personally for your service.

All right before I ask the State and Defense
Counsel for anything further, I am going to let you, but
do not begin your deliberations, but follow the bailiff
out where we can clear the boards here for any
technicalities of the law that anyone wants to say
anything for the record they can.  Don't begin
deliberations until we bring you all of the evidence I
have allowed and the forms of verdicts, back there to
you and then you may begin selecting a foreperson.

(Whereupon, the Jury retired to the Jury room
and the following occurred:

THE COURT: The jury is out.  I am now ready for
any objections or anything that I have stumbled over or
that you want me to correct.

MR. BLAKENEY: Defendant has no objections to the
charges as given.

THE COURT:  What says the state?

MR. ATWELL:  No objections.

THE COURT:  All right, then I will take the verdict
forms and evidence I have allowed back to the jury.

383

(Whereupon, the jury began deliberations at 3:27 on the 8th day of June and the following verdict was returned at 4:06:

<u>JURY VERDICT</u>

THE COURT: Everyone is here. I understand from the Bailiff that the jury has reached a verdict in this case. I want to remind everybody out here and to also tell you that I understand the charged emotions anyone can have in a criminal case, but this is a court of law and I plan to have whatever decorum that I can command at my expense in this case. Are you ready for the verdict to come in?

MR. ATWELL: Yes sir.

MR. BLAKENEY: Yes sir.

THE COURT: Bring the Jury in. All right, Court will come to order. At this time I understand Ladies and Gentlemen that you have arrived at a verdict in this case. Is that correct?

JUROR: Yes sir.

THE COURT: And are you the foreperson?

JUROR: Yes sir.

THE COURT: Have you signed the verdict form?

JUROR: Yes sir.

THE COURT: Will you hand that form to my bailiff and while he brings it up here to me I am going to ask

384

you a question.    The  foreman  indicated  that  he  has
signed  a  verdict  form  in  this case.  Is the verdict
form which is now being handed to me  by the  bailiff is
this the  verdict of  each and  every one of you jurors?
If it is please raise your right hand.  I  am looking at
12 hands.  Will the Defendant please rise.

In  the  case  of  the State of Alabama vs. Winston
Davis the verdict reads as follows:

"We, the jury, find  the Defendant,  Winston Davis,
guilty of  Theft by  Deception in the First Degree.
It is  signed by  Mr. McInnis,  as the foreperson."
Is that correct?

MR. McINNIS, FOREPERSON:  Yes sir.

THE COURT:   At this time a jury of this County has
found  you,  Mr.  Winston  Davis,  guilty  of  Theft  of
Property by  Deception in  the First Degree.  This Court
also finds you guilty and adjudges  you guilty  of Theft
of Property by Deception  in the  First Degree.  If you
will, please sit down.        At  this  point  I  am not
familiar  enough  totally  with  your background in this
case.  I  am  requiring  that  there  be  a  Pre-Sentence
Investigation in  order that I may have a written report
and at such time as this  is completed  I will  give the
attorneys  a  copy.    And  of  course  you will have an
opportunity to talk with your  attorney    about  all of

385

your legal rights concerning this matter, the trial of
this case. All those things are preserved. I am not
passing judgment on you at this point in time. I have a
date set for other matters and hearings down here on the
June the 30th in the year 2000 at 11:00 o'clock A.M. At
that point in time I am having a Pre-Sentence
Investigation run and then when that has been done at
the time previously given I will sentence this
Defendant. I remand this Defendant at the present time
to the custody of the sheriff. You may leave.

END OF JURY TRIAL

386

<u>IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA</u>

STATE OF ALABAMA              )

    PLAINTIFF              )

VS.                           )        CASE NO. CC 99-126

WINSTON DAVIS                 )

    DEFENDANT              )

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

The following  is a  transcript of  the Sentencing Hearing in

the above case which was held on June 30, 2000  in the Geneva

County Courthouse, Geneva, Alabama with the Honorable Charles

L. Woods presiding.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

A P P E A R A N C E S:

FOR THE STATE:                FOR THE DEFENDANT:

HON. DAVID EMERY              HON. CHARLES BLAKENEY

PETITIONER WINSTON DAVIS'S EXHIBIT G.

387

P R O C E E D I N G:

THE COURT:  I call the case of the State of Alabama vs. Winston Davis.  This is a sentencing hearing.

MR.  BLAKENEY:    And,  Your  Honor,  he  has  some talking  and  statements  that  he  would  like  to  make himself at the appropriate time.

THE COURT:  I  am going  to hear  from the District Attorney's Office  first in  this matter.   And  if I am taking any testimony in this case  I want  everybody who is going to testify to raise their right hand.

(Whereupon,  the  Defendant  was sworn  and the following  occurred:

THE  COURT:    All  right,  we're  here  for  the sentencing  hearing  and I want  to hear  from the District Attorney  in  connection  with  this  matter  at the  present time.

MR. EMERY:  Your Honor we filed, and I assume it is in the Court file,  a  Notice  to  the Defendant  and a Notice to  the Court  that the  Defendant is an habitual offender.  Along  with  that  notice  we  filed certified copies of  his prior convictions which happen to be here in Geneva  County.  He has  three or  four prior felony convictions,  so  he  would  be an habitual offender for sentencing purposes.  Plus,  of  course,  there  is the question of  restitution.  There was  testimony presented

388

to the Court during the trial as to the loss that the victim suffered and we would submit from that testimony that restitution should be set at $30,000.00.

As far as the Habitual Offender Act is concerned, he was convicted of a Class B felony, with three prior felony convictions, the law was that he was subject to mandatory life sentence. That has been changed as of May 25th. So the Court now has some discretion in the range of punishment that you can place Mr. Davis. He cannot receive less than 20 years on up to life. It's 20 years to life is the range of punishment. Any number of years 20 or above or life. Where it was that it was mandatory life sentence.

THE COURT: As of May 25th?

MR. EMERY: Yes sir, that's when the Governor signed the bill. Of course I don't know if Your Honor is looking for argument, but our position is that he should be sentenced to life. He was on probation for doing basically the same thing on a smaller scale when he stole this money from the victim in this case. When he committed the crime the punishment for the crime was life. He was on probation when he did it. He's a menace to any community he lives in because he's going to steal and he's going to cheat and try to get people's money without doing the work that he promises to do. He

389

1    has done that apparently his whole professional life.

2    He has been prosecuted criminally for it.    He has been

3    sued.    He has filed bankruptcy doing the same thing.    He

4    has been doing this for 20 years.

5        THE COURT: All right, then for purposes of the

6    record at this point in time, do we have the felony--

7    the prior felony convictions?

8        MR. EMERY: It should be in the file.    We filed it

9    along with our notice.    The Clerk's office I assume

10    filed them in.    They were certified copies.

11        THE COURT: I am looking at the primary file now

12    with the exhibits.

13        MR. BLAKENEY: I have as thick a file as you do. It

14    would take me 30 minutes.    I think the best thing to do

15    would be get another copy from the Clerk's office.

16        MR. EMERY:    Here's a copy of the notice and all.

17    Here's certified copies of Case Action Summaries of 96-

18    219, 220 and 221.    I think the actual files are up

19    there.

20        THE COURT: So these are the cases?

21        MR. EMERY: These are the three cases right here.

22    There should have been notice and certified copies in

23    this file but they refer to these three files right

24    here.

25        THE COURT:    We'll do it from this standpoint. You

390

1    are Mr. Winston Davis?

2        MR. DAVIS: Yes sir.

3        THE COURT:    Mr. Davis you are here today under

4    special order of this Court setting a pre-sentence

5    investigation and in addition I set it for a hearing

6    today.  The District Attorney tells me that you are

7    appearing before me under the Felony Habitual Offender

8    Act of the State of Alabama.  Have you been given notice

9    of that fact?

10        MR. DAVIS: Yes sir.  But I understand the Habitual

11    Offender Act has been abolished under Amendment E.

12        THE COURT: Whatever you understand about it is

13    your understanding.

14        MR. DAVIS: Right.

15        THE COURT:    As far as I am concerned you are

16    appearing before me under the Felony Habitual Offender

17    Act with three prior felony convictions.  They are now

18    being offered into evidence.  The case action summary

19    sheets are being offered into evidence. And I assume

20    you have been given notice of that fact?

21        MR. DAVIS: Yes sir, I have.

22        THE COURT  They are now admitted into evidence,

23    these prior felony Habitual Offender Act violations that

24    we are premising the sentencing on today.  Do you

25    understand that?

391

1      MR. DAVIS:  Yes sir.  Now is this the Pre-sentence

2  Hearing or is this the actual hearing itself?

3      THE COURT:   This is the  actual  hearing for

4  sentencing.  I plan to do the sentencing today.

5      MR. DAVIS:  Now,  is this,  what we're doing right

6  now the sentencing or pre-sentence hearing?

7      THE COURT: We are making a record  of what  we are

8  doing here.

9      MR. DAVIS:  Yes  sir, but I need to know because I

10  have filed a Motion here that I wanted to submit  to the

11  Court when it come my turn to speak on my behalf.

12      THE  COURT:   That's  fine.   I'll  give you that

13  opportunity.

14      MR. BLAKENEY:  Your  Honor,  my  understanding was

15  that there  was no  pre-sentencing hearing.  This is the

16  sentencing hearing.

17      THE COURT: This is the sentencing hearing and this

18  is what I am doing in order to get this man sentenced so

19  that the process of law can taken place.

20      MR. EMERY: THis is the  Pre-sentence hearing.  He

21  hasn't been  sentenced yet.  He has the  right to have

22  this  hearing  before  he  is  sentenced.   He  has the

23  opportunity to say anything he wants to.

24      THE COURT:  At  this time I do acknowledge for the

25  record that this  Defendant  has  been  given  notice of

392

three prior felony convictions. They are now in the record or will be introduced into the record and if there is some verbalization I wish the District Attorney's office would do it now.

MR. EMERY: Sentencing?

THE COURT: No, with regard to the Felony Habitual Offender Act.

MR. EMERY: Well, he has three prior felonies. He has been convicted by trial of a Class B felony. Under the amended Felony Habitual Offender Act the range of punishment that is in the Court's discretion is 20 years to life or life.

THE COURT: Do we properly have for the record on appeal the three prior felony convictions or case action summary sheets?

MR. EMERY: Yes sir, they will be in the file. The Defendant has received written notice as well as copies of the Case Action Summary. Of course they are in our Clerk's office and you have the original files on your desk there, three prior felonies there, actually four.

THE COURT: Here they are.

MR. EMERY: I think there are four actually, but three files, but they are right there, the originals. And he was on probation from those cases when this

393

1    offense occurred.

2         THE COURT:  That's properly in the record then.  Do

3    you have any questions about those prior felony

4    convictions?

5         MR. DAVIS:  Yes sir.

6         THE COURT:  Go ahead.

7         MR. DAVIS:   I still say, and I'm making a

8    statement, Your Honor, not a question.

9         THE COURT:  I will give you an opportunity to make

10   a statement.

11        MR. DAVIS:  No sir, I have no questions about them.

12        MR. EMERY:  These are certified copies of the case

13   action summaries of the three prior cases and they need

14   to be filed in this case.

15        THE COURT:   I need to file these in the record

16   here.

17        COURT REPORTER:  These are usually not marked as an

18   exhibit Your Honor, but are placed in the file.

19        THE COURT:  That's fine, as long as we have a

20   record.

21        MR. BLAKENEY:  Can I see those and make sure it is

22   what we got?  Okay, and Your Honor, we would object to

23   the introduction of these records as they do not show

24   compliance with a major point and that is his

25   participation in every phase of his defense.  In that

394

there is no record of a pre-sentencing hearing and his participation in that pre-sentencing hearing on these three convictions.

THE COURT: That will be in the record. You are Winston Davis?

MR. DAVIS: I am, sir.

THE COURT: Mr. Davis, at the trial of this case CC 99-126, a Jury in this County has found you guilty of Theft of Property by Deception in the First Degree. This Court adjudges you guilty of Theft of Property in the First Degree. I will tell you that you are appearing before me under the Amended Felony Habitual Offender Act of the State of Alabama.

MR. DAVIS: Yes sir.

THE COURT: This Court has acknowledged three prior convictions. At this time I am going to give you an opportunity before I pass sentence on you to say or introduce any evidence that you want to introduce.

MR. DAVIS: Thank you, Your Honor. First, I would like to say Your Honor that I am innocent from the '79 cases all the way up to today. It was a contract dispute and the testimony that was given at the revocation hearing, the lady stated several times that she got what the contract called for. She got what she traded for, but it wasn't what she wanted. She stated

that there was a dispute in the windows and what I had done to the house. She terminated that contract, Your Honor, and hired someone else to finish the job. She stated in her unsigned complaint to the District Attorney's office that she -- that I had left the job. She terminated my contract with her. Okay. I wanted to finish the job. She said it was time essence involved, Your Honor, and in the copies I got where she said she spent $23,600.00, Your Honor, it still taken them to the 27th of December of 1999, six months after she terminated me. I was only on the job for eight. She changed the contract time and time again and refused to pay for the additional costs. Now, to this case Your Honor, to this area. As I understand it, that we have had some meetings that I was not allowed to be here while I was locked up in prison. And I would like to submit to this Court a motion because of the Alabama Supreme Court reads and the Constitutional Law of the United States of America, "A Defendant has a right to be present at every stage of his trial. Without his presence, Court has no jurisdiction to pronounce sentence against him, Ex parte Hammonds, 510 So2d 153, Alabama 1987.

A Defendant is entitled to be present at every stage of his trial, Calhoun vs. State, 530 So2d 259-262,

1    Alabama Criminal Appeals 1988.

2        And I would like to submit this motion into

3    evidence. I don't have a copy. I just located this in

4    the law book day before yesterday. I would like to read

5    the motion into the Court if I may, please sir.

6        Motion to Discharge the Conviction of Theft by

7    Deception. Comes now the Defendant in the above-styled

8    cause and asks this Honorable Court to discharge the

9    conviction of Theft by Deception for the following

10   reasons laid out below:

11       The Defendant has a right to be present during

12   every stage of the trial and without his presence the

13   Court has no jurisdiction, Your Honor, to pronounce

14   sentence against him. Ex parte Hammonds, 510 So2d 153.

15       A Defendant is entitled to be present at every

16   stage of his trial. Calhoun vs. State, 530 So2d 259-

17   262, Alabama Criminal Appeals 1982.

18       The Defendant was not allowed to be present at the

19   Discovery Hearing or CC 99-126 and I don't have the

20   date, Your Honor, but I have a letter from the attorney.

21   This is the date that the Honorable Court had the

22   Discovery Hearing and denied all the Defendant's motions

23   for funds for expert witnesses, subpoenas from out-of-

24   state witnesses, the motion to depose Casconi

25   contractors and denial of the change of venue. That was

397

that date, Your Honor, and I don't have that date.

The Defendant was not allowed, number 4, in the Courtroom before the jury von dare, (sic) selection began. The Defendant had to kick on the jail wall to get the jailer to deliver him to the Courtroom. The selection was passed down to number 76 on the jury list. The jury list, -- the Defendant asked the Court appointed Counsel why he was not allowed in the Courtroom before the selection started and Mr. Blakeney, Your Honor, told me to sit down and be quite.

Davis vs. State 416 So2d 444, Alabama Criminal Appeals 1982. Without the Defendant being present during every stage of the trial is jurisdictional and a violation to his rights to be present results in a void conviction.

The Defendant requests a hearing on this Motion with the Defendant present for the Court allowed Attorney Blakeney for a new counsel to be present for the Defendant and the Defendant requests this Court to release the Defendant on the $50,000.00 property bond posted in August of 1999 pending the outcome of this motion. Thank you, Your Honor, on that one.

Now, I would like to read one other thing from the Supreme Court Justice of Alabama, Segal, J. The Supreme Court Segal, J. held that a defendant has a right to be

398

present during every stage of the trial and without being present Court has no jurisdiction to pronounce sentence against him.

These are some cases that's been turned over, over-turned by today's decisions, Your Honor. Young vs. State, 455 So2d 208, Alabama Criminal Appeals 1984. Davis vs. State, 416 So2d 444, Alabama Criminal Appeals. Ex parte Durden 394, So2d 977, Alabama 1981. And Bethel vs. State 390 So2d 662, Alabama Criminal Appeals 1979.

Your Honor, I request that if the Judge won't vacate or discharge the motion, I would like to have a new trial sir, that I would be able to defend myself. Discharge of the conviction, sir, or vacate the conviction. And I pray that's what this Court will do, Your Honor, and give me a chance to have a change of venue and get it out of a prejudiced Court. And no offense meant to Your Honor. You have always been good to me with the other matter that I have pending outside and I won't mention that.

THE COURT: Is there anything further that you have to say to this Court before I pass sentence?

MR. DAVIS: Yes sir, take into consideration that I have a family and I am saying that I have done nothing wrong and I would appreciate leniency. First I would like the first consideration of dismissing it or

399

1      discharging it.

2          THE COURT:  I will sentence you at this time.

3          MR.  BLAKENEY:    Your  Honor,  in  discussing  the

4      consideration of  the sentence,  I would  point out that

5      the Defendant's family is here in support of him. He has

6      a large extended family and he  is not  a danger  to the

7      community in  any way.   If you look at the Pre-sentence

8      Report done by the Probation Officer you will  note that

9      there are  zero, none, not one crime of violence listed.

10     The only crimes that he has ever been  even charged with

11     has been  NWNI's and  another set  of theft by Deception

12     which  was  before  this  Court  and  that's  the  three

13     previous convictions.

14         Your Honor, if the Court feels it has discretion in

15     sentencing,  I  would  recommend  and  assert  that  any

16     sentence  should  be  the  least  possible  sentence  as

17     allowable by law.

18         MR. DAVIS:  Your Honor, I would like to submit this

19     as an Exhibit 1, the Defense Exhibit 1.

20         COURT REPORTER:  I will mark it filed in Open Court

21     this date and it will be placed in the Court file.

22         MR. DAVIS:   Would  you  make  me  a  copy  of that

23     please.

24         COURT REPORTER:  Yes sir.

25         MR. BLAKENEY:   Your  Honor, considering that these

1    Motions   presented   are   handwritten   motions   by   the

2    Defendant himself, I would ask that the prosecution

3    accept notice and service of these without a certificate

4    of service.  I don't know if there  is a  certificate of

5    service and I'm not sure that he is aware of it.

6        MR. EMERY:  I take that what it is, is a motion for

7    New Trial.

8        MR. BLAKENEY:     I   believe  so.   Motion  to Vacate

9    Sentence is  what he titled it.  I would also point out,

10   considering the statement of the Defendant, whatever the

11   outcome of  sentencing is,  at that time I ask the Court

12   to appoint new counsel to  represent  Mr.  Davis  in any

13   appeal or  post-judgment motions so that he be given the

14   full range of possibilities of  actions,   including any

15   motion for New Trial, Vacate of Sentencing, whatever.

16       THE COURT:  Now, do we have the record complete?

17       MR. BLAKENEY:  Yes, Your Honor.

18       MR. EMERY:  Yes sir.

19       THE COURT:   Mr.  Winston Davis,  again, let me say

20   you have been convicted by a jury of Geneva County and I

21   have adjudged  you guilty  and given  you an opportunity

22   to say whatever you wanted to say during this time.

23       MR. DAVIS:  Yes sir.  Thank you.

24       THE COURT:   And  now  comes  the  time  for  me to

25   sentence you  in this  case.   I have been made aware of

1    the recent  change in  the felony  Habitual Offender Act

2    of the State of Alabama.  I realize  what the punishment

3    is  for  these  particular  crimes.   I have noted with

4    interest  what   has   been   stated,   and   under   the

5    circumstances of  this case,  this Court finds that I am

6    going to sentence you  to the  State Penitentiary  for a

7    period of  40 years.  You are to pay the costs of Court.

8    You are to pay indigent attorney's fees.  You are to pay

9    $50.00 to the Victim's Compensation Fund and restitution

10   to the victim  in  this  case  of  $30,000.00.   I will

11   reserve  some  rights  under  the  new  Felony  Habitual

12   Offender Act for any possibility for a split sentence.

13       MR. EMERY:  He wouldn't  be  eligible  for  a split

14   sentence.

15       THE COURT:  He would or would not with 40 years?

16       MR. EMERY:  No sir.

17       THE COURT:  The new act applies only to 20 years?

18       MR. EMERY:  Yes sir.  Your Honor, the next thing to

19   do I would  think  is  appoint  him  counsel  for appeal

20   purposes.

21       MR. DAVIS:  Thank you, sir.

22       THE COURT:  I  do not  know whether  or not we can

23   have an attorney present at the present time.  I take it

24   that --

25       MR.  EMERY:   You're  going to have to shop around

402

1    some because he has been through a number of lawyers.

2         MR.   DAVIS:    And   on   top of that sir, there is a

3    conflict of  interest charge  out there,  case out there

4    that I  have a  civil suit  in.   I would like you to be

5    very   careful  in  --  I  think  Mr.  Blakeney  would be

6    sufficient if he would be willing to go along with it.

7         THE COURT:   Well, the preservation of rights under

8    appeal of criminal cases is vitally important.

9         MR. DAVIS:  I understand sir.

10        MR. EMERY:  Well, the problem with Mr.  Blakeney is

11   that Mr.  Davis has  insinuated that  his counsel failed

12   him during the trial  of this  case so  we need somebody

13   that can  raise the  question of  incompetent counsel or

14   incompetent  representation,   rather   than   doing  this

15   twice.

16        MR. BLAKENEY:  Yes, Your Honor.

17        THE   COURT:    Well,   I   have  to   see if I can get

18   somebody to accept it.

19        MR. DAVIS:   One  thing I  would like  to ask, Your

20   Honor.   Instead of  being shipped off real fast back up

21   to Stanton Prison if I could  stay here  for a  few days

22   and  help  the  new  counsel prepare whatever it is that

23   I've got, so I can see  what I'm  facing, as  far as the

24   appeal goes.

25        MR. EMERY:  Your Honor, we would object.  We're not

403

1    running a resort here for Mr. Davis.

2         THE COURT:  I have to appoint someone.  Let me say

3    I would appoint a counsel, but it is now 12:30.

4         MR. DAVIS:  There is another thing that I would

5    like to say, Your Honor.  I also filed a Motion for

6    civil appeals in the other case if we want to  stop that

7    one.  I would like to discuss that one if I may, please

8    sir.

9         THE COURT:  At the present time I am on  a sentence

10   hearing and at the present time I --

11        MR. DAVIS:  It's very important, sir, if I could

12   say one thing, the reason why I want to discuss it

13   please sir.

14        THE COURT:  Mr. Davis I think I have followed the

15   law as carefully as I know how to follow.  At the

16   present time there is a pending  motion that I have to

17   make a decision on and I do not know how  many counsel

18   you have had before.  I might ask you who your counsel

19   was before in case there was a conflict  of interest for

20   me to appoint somebody.

21        MR. BLAKENEY:  Could you list off the attorneys you

22   think you would have a conflict with.

23        MR. DAVIS:  I understand that, but this  was on CC

24   96-219 and 220.

25        THE COURT:  Mr. Davis I am occupying the position

404

1    of a sentencing judge at the present time and I can't do

2    that.

3         MR. EMERY:    Your  Honor, I  have  a  suggestion.  I

4    don't  know  the  lawyer  or  firm's  name, but that new

5    lawyer  in  town  that's  out  of  the  law  firm  in

6    Montgomery.  Anyway they are opening an office in Geneva

7    with an office in Montgomery.  The Defendant is going to

8    be in  prison in Elmore County which is of course closer

9    to Montgomery and  if  we  appoint  that  law  firm they

10   wouldn't have  a conflict,  because they are new to this

11   County.   They have  resources in  Montgomery and Geneva

12   County.

13        THE COURT: I have been made aware of that.

14        MR. DAVIS:  Your Honor.

15        MR. BLAKENEY:  In discussion of the new attorney in

16   town I am under the impression he's under the third year

17   practice  rule   and  I'm   not  sure  if  he  would  be

18   appropriate for an appeal.

19        THE COURT:  There is a  law firm  that practices in

20   Montgomery for some time.

21        MR. EMERY:   It  wouldn't be  him.  It would be the

22   law firm.

23        MR. DAVIS:  Your Honor, if I could  have one moment

24   sir.   The Alabama Attorney General said if the State of

25   Alabama would correct the wrong  that  they  done  to me

405

from the  revocation hearing in a Federal Habeas Corpus,
if the Federal  Court  gave  back  me  to  the  State of
Alabama,  and  I  have  filed  several times for a Court
Appointed Attorney and Counsel  to file  an appeal bond.
And  if  I  can  get  that  one  heard,  Your Honor, and
dismissed,  then I'm entitled  to an  appeal on  this new
conviction.  Is that not true, Your Honor.

THE  COURT:   I am not  here  to cite the law to
anybody.  I am here to finish the  sentence hearing that
I started  conducting and  I am almost finished.  I have
appointed that law firm before.

MR. ROUSSEAU-ATTORNEY:  The  name of  that firm is
BirdSong and Johnson, Judge.

THE COURT:  The  law firm  of BirdSong and Johnson
has been appointed and we'll make  a telephone  call and
make sure they accept the appointment.  Anything further
we have to do today?

MR. EMERY:  No, Your Honor.

THE COURT:  Thank you gentlemen.  You may go.

END OF SENTENCING HEARING

406

## REPORTER'S CERTIFICATE

STATE OF ALABAMA

DALE COUNTY

    I, Rachel L. Hood, CSR and Notary Public, State at Large, do hereby certify that the foregoing is a true and accurate reproduction of my machine shorthand notes taken on said occasion.

    WITNESS my hand this the __24__ day of October, 2000.


RACHEL L. HOOD-COURT REPORTER

In The Circuit Court of Geneva County Alabama

State of Alabama
Prosecution

VS.                                    Case NO CC 99-126

Winston Davis
Defendant

Motion To Discharge The Conviction
of Theft By Deception.

Come Now The Defendant in The above style
Case and ask This Honorable Court To Discharge
The conviction of Theft By deception for The
following reason laid out below.

(1) The Defendant has a right To Be present
during every Stage of his Trial, and without
his present The court has no jurisdiction
To Pronounce sentence against him
Ex parte Hammond 510 S62d 153 (ALA 1987)

(2) A Defendant is entitled To Be present
at every Stage of His Trial
Calhoun V State 530 So 2d 259, 262
(Ala. Cr. App. 1982)

                                    Filed in Open court

L2of3

197

(3) The defendant were not allowed to be present at the discovery hearing when the court denied all of the Defendant motion for fund for expert witness, subpoena from out of state and when the motion to depose Arcon contractor, and the denial of change of venue.

(4) The defendant were not allowed in the court room before the jury voir dire selection began. The Defendant had to bank on the jail wall to get the jailer to deliver him to the courtroom. The selection was passed down to # 76 on the jury fee, the defendant ask the court appointed counsel why he was not allowed in court before the selection started, Mr Blakney stated to set down and be quiet. Trial Dale ferre 6th of

(5) Davis v. State 416 So 2d (444 (Ala Cr. app 1982) with out the defendant being present during every step of his trial is jurisdictional and a violation of his right to be present, result in a void conviction.

(6) The Defendant request a hearing on this motion with the Defendant present for the court allowed Blakney Robinson

Counsel To be present for the defendant, The
defendant request this Honorable Court
to release the defendant on the $50,000.00 property
Bond posted in Aug 1999 pending the
conclusion of This Motion.

Respectfully submitted
Winston Devin
207010 A1-23B
P.O. Box 56
Elmore, Al 36025

Certificate of Service.
I hereby certify that I have delivered the
original to the Court this Day (30) of June 2000
for copy to the defendant and the District
Attorney office

Winston Devin

REV. 4/97

NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK

WINSTON DAVIS                                    V.    [X] STATE OF ALABAMA
_____                                  [ ] CITY OF _____
APPELLANT'S NAME
(as it appears on the indictment)                                              APPELLEE

[X] CIRCUIT   [ ] DISTRICT   [ ] JUVENILE COURT OF ___GENEVA___ COUN
CIRCUIT/DISTRICT/JUVENILE JUDGE: _____

DATE OF NOTICE OF APPEAL: __10-10-2000__

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certifi
service, or if there was no certificate of service, use the postmark date on the envelope.)

INDIGENCY STATUS:
    Granted Indigency Status at Trial Court:                    [X] Yes [ ] No
    Appointed Trial Counsel Permitted to Withdraw on Appeal:    [ ] Yes [ ] No
    Indigent Status Revoked on Appeal:                          [ ] Yes [ ] No

DEATH PENALTY:
    Does this appeal involve a case where the death penalty has been imposed?   [ ] Yes [X] No

TYPE OF APPEAL: (Please check the appropriate block)
    [X] State Conviction       [ ] Pretrial Appeal by State      [ ] Juvenile Transfer Order
    [ ] Rule 32 Petition        [ ] Contempt Adjudication        [ ] Juvenile Delinquency
    [ ] Probation Revocation    [ ] Municipal Conviction         [ ] Habeas Corpus Petition
    [ ] Mandamus Petition       [ ] Writ of Certiorari           [ ] Other(specify): _____

IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.
FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:

TRIAL COURT CASE NO.: _____

DATE ORDER WAS ENTERED: _____        PETITION: [ ] Dismissed [ ] Denied [ ] Gra

IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:
DATE OF CONVICTION: __6-8-2000__          DATE OF SENTENCE: __6-30-2000__
YOUTHFUL OFFENDER STATUS:
    Requested:  [ ] Yes [ ] No        Granted:   [ ] Yes [ ] No
LIST EACH CONVICTION BELOW: (attach additional page if necessary)
1.  Trial Court Case No. __CC-99-126__   CONVICTION: __THEFT BY DECEPTION__
    Sentence: __40 YRS TO ST. PEN.__
2.  Trial Court Case No. _____     CONVICTION: _____
    Sentence: _____
3.  Trial Court Case No. _____     CONVICTION: _____
    Sentence: _____

POST-JUDGMENT MOTIONS FILED: (complete as appropriate)  Date Filed   Date Denied   Continued by Agreement To
[ ] Motion for New Trial ...........................   _____   _____   _____
[ ] Motion for Judgment of Acquittal ..............   _____   _____   _____
[ ] Motion to Withdraw Guilty Plea ................   _____   _____   _____
[ ] Motion in Arrest of Judgment ..................   _____   _____   _____
[X] Other MOTION TO DISCHARGE CONVICTION ..........   6/30/00     8/29/00     DEEMED DENIED

COURT REPORTER(S): ...........   RACHEL HOOD
ADDRESS: .....................   PO BOX 490
                                 OZARK, AL.   36361
APPELLATE COUNSEL: ...........   L. SCOTT JOHNSON JR.
ADDRESS: .....................   PO BOX 1574
                                 MONTGOMERY, AL.   36102          334/834-3221
APPELLANT: (IF PRO SE) .......   AIS# ___
ADDRESS: .....................   _____
APPELLEE (IF CITY APPEAL): ...   _____   *PETITIONER WINSTON*
ADDRESS: .....................   _____   *DAVES EXHIBIT 11.*

I certify that the information provided above is accurate
to the best of my knowledge and I have served a copy of this
Notice of Appeal on all parties to this action on
this ___ day of _____ 2000
                                                          _____
                                                          CIRCUIT COURT CLERK

PETITIONER WINSTON DAVIS'S
EXHIBIT IC.

IN The Circuit Court oF Geneva, County A

STATE of Alabama
         Plant FF,

VS

Winston Davis
         defendant,

CASE NO 99-0126

## Notice of Appeal to Alabama Criminal Cour of Appeals From the Denial of Defendants Motion to Arrest Judgment

Comes Now defendant, Winston davis, and give Notice of his Appeal to the Alabama Court of Criminal Appeals from the denial of a post-trial Motion to Arrest Judgment pursuant to Alabama Rules of Criminal Procedure Rule 24.4 Denial by Operation of law, of defendants Motion to Arrest Judgment. Defendant asserts all necessar Paper work concerning this Appeal will be Filed to the Clerk of Court imediately.

Done on this 26ᵗʰ day of Oct 2000

Respectfully,
Winston Davis
Winston Davis
ECF

Certificate of Service

I hereby certify that I have served a copy of a Notice of Appeal to Alabama Court of Criminal Appeals from the denial of Defendants Motion to Arrest Judgment, on the parties whose addresses are below by placing in the U.S. mail postage pre-paid.

Clerk of Court
Geneva County, Circuit Court
PO Box 86
Geneva, AL   36340

Alabama Court of Criminal Appeals
Clerk of Court
PO Box 301555
Montgomery, AL
36130-1555

Done on this 26 day of Oct. 2000     x Winston Davis
Winston Davis
AIS# 207010
ECF
PO Box 8
Elmore, AL
36025

CV-03-187

**Circuit Court No. _____   Civil Appeals Court No. _____**    2030985

# APPEAL

## TO

# Court of Civil Appeals of Alabama

### FROM

GENEVA COUNTY

PETITIONER WINSTON DAVIS'S
EXHIBIT 14.

WINSTON DAVIS

PRO SE     (334) 671-8152
519 SANTOLINA RD.
DOTHAN, AL 36303

*Appellant*

**vs.**

ALICE KELLY, ET ALS.

PRO SE
115 E. CAMPBELL AVE.
GENEVA, AL 36340

*Appellee*

WINSTON DAVIS,                           ◊

    PRO SE PLAINTIFF,              ◊

VS.                                      ◊

ALICE KELLY, ET AL.,                     ◊

    DEFENDANTS.                    ◊

                      ◊

COURT OF CIVIL APPEALS # 2030985

~~SUPREME COURT CASE NO. 1031615~~

CIRCUIT COURT OF GENEVA COUNTY

CIVIL ACITON ON. CV-03-187(Q)

=========================================================

# I N D E X

=========================================================

1)    CIVIL CASE ACTION SUMMARY                          1 - 4

2)    IN FORMA PAUPERIS DECLARATION                   5 - 8

3)    PLAINTIFF'S PRO SE LETTER - RE: COVER SHEET         9

4)    PLAINTIFF'S MOTION FOR COURT ORDER ALLOWING PLAINTIFF 10 -15
    TO PROCEED IN HIS FORMA PAUPERIS

5)    PLAINTIFF'S MOTION FOR ORDER TO TRANSPORT PLAINTIFF   16 -19
    WINSTON DAVIS TO GENEVA COUNTY JAIL

6)    PLAINTIF'S MOTION REQUESTING ISSUANCE OF SUBPOENA    20 -22
    DUCES TECUM

7)    ORDER ON CASE ACTION SUMMARY BY THE COURT DENYING      23
    MOTIONS

8)    CIVIL SUMMONS AND RETURNS ON DEFENDANTS          24 -27

9)    COMPLAINT, PARTIES, JURISDICTION AND VENUE       28 -41

10)   PLAINTIFF'S NOTICE OF CHANGE OF ADDRESS AND         42
    REQUEST FOR STATUTES REPORT

11)   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH     43 -71
    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

12)   ORDER ON C.A.S. SETTING HEARING ON MOSJ FOR 5/13/04   72

13)   PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS OF   73 -77
    ALICE KELLY AND BARBARA MORRIS

14)   DEFENDANT, KELLY'S LETTER RE: WAIVE PRE-TRIAL CONFERENCE 78

DAVIS VS. KELLY, ET AL
CV-03-187(Q)
~~SUPREME COURT NO.: 1031615~~ COURT OF CIVIL APPEALS NO. 2030985
GENEVA COUNTY
INDEX - PAGE TWO
==================================================================

15)   PLAINTIFF'S MOTION FOR ORDER TO STRIKE DEFENDANTS'      79- 83
      MOTION FOR SUMMARY JUDGMENT

16)   ORDER ON C.A.S. SETTING HEARING ON MOTIONS FOR 5/13/04    84

17)   PLAINTIFF'S MOTION FOR COURT TO DENY DEFENDANT'S        85-139
      MOTION FOR SUMMARY JUDGMENT - (PLAINTIFF'S EXHIBITS
      #1, #2, #3, #4, #5, #6 and #7 ATTACHED)

18)   TRIAL COURT ORDER GRANTING SUMMARY JUDGMENT            140-141

19)   PLAINTIFF'S AFFIDAVIT OF SUBSTANTIAL HARDSHIP
      (FOR APPEAL PURPOSES) AND TRIAL COURT'S ORDER          142-143

20)   PLAINTIFF'S NOTICE OF APPEAL TO SUPREME COURT          144-153

21)   SUPREME COURT'S NOTICE OF DOCKETING                    154-156

22)   CLERK'S CERTIFICATE                                        157

23)   CERTIFICATE OF COMPLETION OF CLERK'S RECORD               158

24)   LETTER OF TRANSMITTAL OF RECORD ON APPEAL TO APPELLATE     159
      COURT BY TRIAL CLERK

```
:0351                                                    CV 2003 000187.00

                                        JUDGE: KENNETH W. QUATTLEBA
-------------------------------------------------------------------
              ALABAMA JUDICIAL DATA CENTER
                    CASE ACTION SUMMARY
                      CIRCUIT CIVIL
-------------------------------------------------------------------
 THE CIRCUIT COURT OF  GENEVA  COUNTY

 INSTON DAVIS V ALICE KELLY, ET AL
 ED:  12/30/2003 TYPE: OTHER CV CASE        TYPE TRIAL: JURY      TRACK:

*****************************************************************
 E1:           CA:                    CA DATE:
 E2:           AMT:           $.00    PAYMENT:
 E3:
*****************************************************************
 INTIFF  001: DAVIS WINSTON
               5/9 Santolina Rd.         ATTORNEY: *** PRO SE ***
               Dothan AL 36303
               PHONE: (334)000-0000
 TERED:  12/30/2003 ISSUED:           TYPE:
 RVED:              ANSWERED:          JUDGEMENT:
-------------------------------------------------------------------
 FENDANT  001: KELLY ALICE
               115 E CAMPBELL ST        ATTORNEY:   Pro Se

               GENEVA, AL  36340-0000
               PHONE: (334)000-0000
 TERED:  12/30/2003 ISSUED: 2/23/04   TYPE: Sheriff
 RVED:  2-23-2004  ANSWERED: 3/5/04   JUDGEMENT: SY
-------------------------------------------------------------------
 FENDANT  002: MORRIS BARBARA
               115 E CAMPBELL ST        ATTORNEY:   Pro Se

               GENEVA, AL  36340-0000
               PHONE: (334)000-0000
 TERED:  12/30/2003 ISSUED: 2/23/04   TYPE: Sheriff
 RVED:  2-23-2004  ANSWERED: 3/5/04   JUDGEMENT: SY
-------------------------------------------------------------------
 FENDANT  003: TOWNSEND RACHEL
               126 DEER RUN LANE        ATTORNEY:   Pro Se

               HARVEST, AL  35749-0000
               PHONE: (334)000-0000
 TERED:  12/30/2003 ISSUED: 2/23/04   TYPE: Sheriff
 RVED:  2-23-04    ANSWERED: 3/10/04  JUDGEMENT: SY
-------------------------------------------------------------------
 FENDANT  004: GRANTHAM GARY
               115 E CAMPBELL STREET    ATTORNEY:   Pro Se

               GENEVA, AL  36340-0000
               PHONE: (334)000-0000
 TERED:  12/30/2003 ISSUED: 2/23/04   TYPE: Sheriff
 RVED:  2-23-04    ANSWERED: 3/5/04   JUDGEMENT: S y
-------------------------------------------------------------------
 FENDANT  005: CASCONI MICHAEL
               1333 W GUADLAUPE RD #426 ATTORNEY:

               GILBERT, AL  85233-0000
               PHONE: (334)000-0000
 TERED:  12/30/2003 ISSUED:           TYPE:
 RVED:              ANSWERED:          JUDGEMENT:
-------------------------------------------------------------------
 FENDANT  006: BARWICK CLAUDE
               112 E CAMPBELL STREET    ATTORNEY:

               GENEVA, AL  36340-0000
               PHONE: (334)000-0000
 ITERED:  12/30/2003 ISSUED:          TYPE:
 RVED:              ANSWERED:          JUDGEMENT:
-------------------------------------------------------------------
    01/07/2004                              CV 2003 000187.00
```

*2.*

```
0351                                                    CV 2003 000187.00

                                        JUDGE: KENNETH W. QUATTLEBA
-------------------------------------------------------------------------
                        ALABAMA JUDICIAL DATA CENTER
                           CASE ACTION SUMMARY
                             CIRCUIT CIVIL
-------------------------------------------------------------------------
   THE CIRCUIT COURT OF  GENEVA     COUNTY

INSTON DAVIS V ALICE KELLY, ET ALS
ED:  12/30/2003 TYPE: OTHER CV CASE         TYPE TRIAL: JURY    TRACK:
*********************************************************************
E1:          CA:              CA DATE:
E2:          AMT:        $.00 PAYMENT:
E3:
*********************************************************************
-------------------------------------------------------------------------
```

| Date | Description | |
|---|---|---|
| .2/30/2003 | INFORMA PAUPERIS DECLARATION/COMPLAINT/MOTION REQU | |
| .2/30/2003 | -ESTING ISSUANCE OF A SUBPOENA DUCES TECUM/MOTION | |
| .2/30/2003 | -FOR ORDER TO TRANSPORT PLTF, WINSTON DAVIS TO THE | |
| l2/30/2003 | -GENEVA CTY JAIL/MOTION FOR COURT ORDER ALLOWING | |
| l2/30/2003 | -PLTF TO PROCEED IN HIS FORMA PAUPERIS FILED BY | |
| l2/30/2003 | -PLTF, PRO SE | |
| l2/30/2003 | SUMMONS FOR SERVICE INCLUDED REQUESTS SERVICE BY | |
| l2/30/2003 | -CM.  NO CM FEES INCLUDED. | |
| 01/07/2004 | FILED THIS DATE: 12/30/2003 | (AV01) |
| 01/07/2004 | ASSIGNED TO JUDGE: KENNETH W. QUATTLEBAUM | (AV01) |
| 01/07/2004 | JURY TRIAL REQUESTED | (AV01) |
| 01/07/2004 | CASE ASSIGNED STATUS OF: ACTIVE | (AV01) |
| 01/07/2004 | ORIGIN: INITIAL FILING | (AV01) |
| 01/07/2004 | DAVIS WINSTON 207010 ADDED AS C001 | (AV02) |
| 01/07/2004 | LISTED AS ATTORNEY FOR C001: PRO SE | (AV02) |
| 01/07/2004 | KELLY ALICE ADDED AS D001 | (AV02) |
| 01/07/2004 | MORRIS BARBARA ADDED AS D002 | (AV02) |
| 01/07/2004 | TOWNSEND RACHEL ADDED AS D003 | (AV02) |
| 01/07/2004 | GRANTHAM GARY ADDED AS D004 | (AV02) |
| 01/07/2004 | CASCONI MICHAEL ADDED AS D005 | (AV02) |
| 01/07/2004 | BARWICK CLAUDE ADDED AS D006 | (AV02) |

*2/04 Motion for Subt. Duces Tecum is denied. N.K.*
*Motion to Transport is denied. N.K.*
*Motion to proceed in forma pauperis is granted,*
*except Plf shall pay cost of service by*
*certified mail in amount of $58.56 N.K.*

```
 01/07/2004                              CV 2003 000187.00
```

3

CV 2003 000187.00
JUDGE: KENNETH W. QUATTLEBA

------------------------------------------------
ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY CONTINUATION
CIRCUIT CIVIL
------------------------------------------------
J THE CIRCUIT COURT OF   GENEVA     COUNTY                    |

JINSTON DAVIS V ALICE KELLY, ET AL:
:ED:  12/30/2003 TYPE:  OTHER CV CASE        TYPE TRIAL:  JURY      TRACK:

******************************************************************************
TE1:            CA:              CA DATE:
TE2:            AMT:        $.00  PAYMENT:
******************************************************************************

:/04 | Motion for Subpoena Duces Tecum is denied /s/KWQ  >

:/04 | Motion to Transport is denied /s/KWQ  >

:/04 | Motion to proceed Informa Pauperis is granted, except Pltf shall pay cost of

       service by certified mail in amount of $58.56 /s/KWQ  >

/04  Service will not be issued until receiving of CM fees >
     CAS to Davis >

/04  S/C/Motion issued to DC20 for service on Kelly,
     Morris, Townsend, Grantham (Defs came in
     for service)

2/20/04 Eby Grantham, Rachel Townsend, Barbara Morris, & Alice Kelly Someden 2/23/4
        CC to Winston Davis by law.

/04  Memo in support of Defs' Motion for S/J filed
     Pro Se by Kelly, Morris, Grantham >

/04  Motion for S/J filed by Kelly for Defs - Kelly,
     Morris, Grantham, Townsend >

/04  Memo in support of S/J filed by Townsend >

/04  Motion / Memo in Support mailed to Pltf >

/04  Motion for S/J is set for hearing 5/13/04 at 9:00 a.m. K >

/04  CAS to Pltf and Defs Kelly, Morris, Townsend,
     Grantham >

0/04 Req. for J sed of Docs of Kelly, Morris filed by
     Pltf Pro Se >

7/04 Notice from Def Kelly to Pass at P/T - already set for hearing May 13 >

/04  Motion for Order to Strike Defs J for S/J
     filed w/ Ct filed by Pltf Pro Se >

/04  All motions will be heard 5/13/04 at 9:00 a.m. K >

/19/04 CAS to Davis, Kelly, Morris, Townsend, Grantham >

5/7/04 Motion for Court to Deny Def Alice Kelly's
       Motion for S/J filed by Pltf, Pro Se >

------------------------------------------------
01/07/2004

4

52

CV 2003 000187.00
JUDGE: KENNETH W. QUATTLEBA

```
----------------------------------------------------------------
            ALABAMA JUDICIAL DATA CENTER
         CASE ACTION SUMMARY CONTINUATION
                  CIRCUIT CIVIL
----------------------------------------------------------------
THE CIRCUIT COURT OF   GENEVA        COUNTY
INSTON DAVIS v ALICE KELLY, ET AL.
ED:  12/30/2003 TYPE:  OTHER CV CASE        TYPE TRIAL:  JURY      TRACK:
****************************************************************
:1:          CA:                  CA DATE:
:2:  05/13/2004 AMT:        $.00  PAYMENT:
****************************************************************
```

04 | Order granting SJ /a/KWQ J
04 | CC of Order to Davis, Kelly, + Mann, Townsend,
    | Grantham +
04 | Notice of Appeal to Supreme Court filed by
    | Winston Davis, Pro Se, w/ copy of 6/31/04 Circuit
    | Order, Docketing Statement and Appealant
    | of Substantial Hardship - Mr. Davis to
    | File Transcript Purchase Order on Friday,
    | (July 9th, 2004 (gl)
04 | Transcript Purch on Order filed (gl)
    | (Judge Q on Vacation 7/17/04 thru 1/140x) gl
9/04 | Hardship by Fax to Judge Quattlebaum
3/04 | Order of Hardship Waiver for for Docketing
    |                           /s/ KWQ Judge (gl)
8/04 | Supreme Court Notice of Docketing
    | Case # 1031615 gl
04 | Notice form Court of Civil Appeals-Case Docketed - appellate no. is 2030985. d
04 | Notice from Supreme Court that case was transferred to Court of Civil Appeals d

05/12/2004

5

Case Number

_CV_  _03_  _182_
ID    YR    NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_GENFA COUNTY CIRCUIT COURT_
[Insert appropriate court]

_WINSTON DAVIS_
PLAINTIFF

vs.

_ALICE KELLY, ET AL.,_
DEFENDANTS.

FILED IN COURT

DEC 3 0 2003

_Dale Lang_
CLERK

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, _WINSTON DAVIS_ , declare that I am the _PLAINTIFF_ in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No _✓_

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _August 1999  $4,000.00  Self-employed_

   _____

2. **Have you received within the past twelve months any money from any of the following sources?**

   a. Business, profession, or other form of self-employment?

      Yes _____        No _✓_

   b. Rent payments, interest, or dividends?

      Yes _____        No _✓_

   c. Pensions, annuities, or life insurance payments?

      Yes _____        No _✓_

   d. Gifts or inheritances?

      Yes _✓_        No _____

   e. Any other sources?

      Yes _✓_        No _____

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_Sister Judy Snyder #600.00_

3.  Do you own cash, or do you have money in a checking or savings account?

Yes ✓          No _____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_#5.00_

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ✓

If the answer is "yes", describe the property and state its approximate value.

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_NONE_

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _Nov. 16 2003_ .
          **(Date)**

_Winston Davis_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _#5.10_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Elmore Corr. Fac._ institution:

_11-18-03_
DATE

_Betty Sholin_

7

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ .
                      (date)


_____
                  Signature of Affiant

## CERTIFICATE

I hereby certify that the plaintiff herein has the sum of $ *5.10* on account to his credit at the *Elmore Corr. Fac.* institution where he is confined.   I further certify that plaintiff likewise has the following securities to his credit according to the records of said institution:

_____

_____

_____

_____

I further certify that he has had the average sum on account at this institution as of the first day of each month of the immediate preceding months (not to exceed six (6) months).

1.  $_____ on the 1st day of _____
2.  $_____ on the 1st day of_____
3.  $_____ on the 1st day of _____
4.  $_____ on the 1st day of _____
5.  $_____ on the 1st day of _____
6.  $_____ on the 1st day of _____


_____

_____

_____

_____

_____
Authorized Officer of Institution

DATE _____*11.18.03*_____

'. 18, 2003          USER: BETTY HUDSON                    INMADB
                  COMPUTE AVERAGE DAILY BALANCE

S #: 207010       NAME: DAVIS, WINSTON          AS OF: 11/18/2003

|         | # OF | AVG DAILY | MONTHLY  |
|---------|------|-----------|----------|
| MONTH   | DAYS | BALANCE   | DEPOSITS |
| NOV     | 12   | $7.32     | $20.00   |
| DEC     | 31   | $6.35     | $44.00   |
| JAN     | 31   | $6.73     | $60.00   |
| FEB     | 28   | $6.14     | $70.00   |
| MAR     | 31   | $18.26    | $116.00  |
| APR     | 30   | $5.72     | $65.00   |
| MAY     | 31   | $6.90     | $90.00   |
| JUN     | 30   | $10.01    | $100.00  |
| JUL     | 31   | $3.27     | $55.00   |
| AUG     | 31   | $6.98     | $90.00   |
| SEP     | 30   | $6.79     | $50.00   |
| OCT     | 31   | $3.43     | $50.00   |
| NOV     | 18   | $15.67    | $70.00   |

PRESS ENTER TO CONTINUE

DEAR CLERK,

I FAILED TO PUT THE COVE SHEETS
AND THE SUMMONS IN THE LARGE
ENVELOPE WITH THE COMPLAINT

PLEASE ATTACH IT FOR THE COURT FILES
AND AFTER A CASE NO. IS GIVEN PLEASE
FOWARD ME THE SAME

RESPECTFULLY SUBMITTED

*Winston Queen*

PRO SE PT.

FILED IN OFFICE

DEC 3 0 2003

CLERK

*10*

IN THE CIRCUIT COURT
OF GENEVA COUNTY, ALABAMA

WINSTON DAVIS
PRO SE PLAINTIFF,

VS.                          CIVIL ACTION NO. CV-03-182

ALICE KELLY et al.,
    DEFENDANTS.

**FILED IN OFFICE**

**DEC 3 0 2003**

CLERK

MOTION
FOR COURT ORDER ALLOWING PLAINTIFF
WINSTON DAVIS TO PROCEED IN HIS
FORMA PAUPERIS ATTACHED

COMES NOW PLAINTIFF WINSTON DAVIS IN THE
ABOVE STYLED CAUSE'S OF ACTION AND REQUEST
THIS HONORABLE COURT TO GRANT HIS
FORMA PAUPERIS ATTACHED AND FOR GOOD
REASONS HERE IN SET FORTH.

P1.

*11*

1.) IN PLAINTIFF WINSTON DAVIS'S COMPLAINT
PAGE 10 PARAGRAPH 33, THE DEFENDANTS,
"ALICE KELLY, RACHEL TOWNSEND, BARBARA MORRIS AND
GARY GRANTHAM "INITIATED" THE COMPLAINT
OF "THEFT BY DECEPTION CODE OF ALABAMA {1975}
13A-8-3   CC-99-126  BASED WHOLLY ON "FRAUD",
"MISREPRESENTATION OF MATERIAL FACTS," IN THAT
PLAINTIFF WINSTON DAVIS WAS GIVEN "CASH,"
"UNITED STATES CURRANCY", ON OR ABOUT SEPTEMBER
28, 29, 1998,

    PLAINTIFF WINSTON DAVIS ASSERTS THAT
THERE WAS NEVER ANY CASH GIVEN TO
PLAINTIFF WINSTON DAVIS AT ANY TIME BY
ANYONE FOR WORK DONE ON THE HOME OF
ALICE KELLY,

    PLAINTIFF WINSTON DAVIS ASSERTS THIS
CAN EASLY BE PROVENED BY THIS COURT
GRANTING PLAINTIFF WINSTON DAVIS'S FORMA
PAUPERIS AND ALLOWING HIM TO PROCEED
IN HIS CIVIL COMPLAINT AND TAXING
THE DEFENDANTS WITH ALL COST AND

                    P 2.

*12*

FOR THIS COURT TO ISSUE A ORDER FOR A SUBPOENA TO ALICE KELLY AND BARBARA MORRIS (SEE ATTACKE SUBPOENA) TO PRODUCE A JOINT ACCOUNT BETEWEEN THE TWO PARTIES SHOWING WHERE A WITH DRAWNL OF $3,000.00 DURING THE MONTH OF SEPTEMBER OF 1998 AND A DEPOSIT OF $3,000.00 BY BARBAR MORRIS FOR A REDEPOSIT,

2) THE ALABAMA RULES OF COURT <u>RULE 1.1 SCOPE</u> WITCH STATES IN PERTINENT PART: "THESE RULES SHALL GOVERN THE PRACTICE AND PROCEDURES IN ALL CRIMINAL PROCEEDINGS IN ALL COURTS OF THE STATE OF ALABAMA AND POLITICAL SUBDIVISIONS THEREOF, EXCEPT AS OTHERWISE PROVIDED BY COURT RULE."

RULE 16.1 <u>COMMITTEE COMMENTS</u> P 287 " A CONVICTION OBTAINED THROUGH THE USE OF FALSE EVIDENCE MUST "FAIL" CITING <u>MOONEY VS. HOLOHAN</u> 294 U.S. 103, 55 S. CT 340, 79 L.ED, 791 (1935) <u>PYLE VS. KANSAS</u> 317 U.S. 213, 63 S.CT 177, 87 L. ED. 214 (1842) "EVEN IF THE STATE MERELY ALLOWS THE FALSE EVIDENCE TO GO UNCORRECTED. <u>ALCORTA V. TEXAS</u>, 355 U.S. 28, 78 S.CT, 103 2 LED 2D 9 (1957) .

P 3.

PLAINTIFF WINSTON DAVIS ASSENTS IF THERE WERE
100 "JOINT ACCOUNT SHOWING A WITH DRAWAL
OF $3,000.00 FOR THE MONTH OF SEPTEMBER OF '98
THEN THE INDICTMENT CC 99-126 WOULD BE
VOID", AND "IF WERE NO CASH"GIVEN ED TO
PLAINTIFF WINSTON DAVIS THEN THE COMPLAINT
SUBMITTED BY ALICE KELLY ANN RACHEL TOWNSEND
WOULD BE FALSE? AND IF THE ANSWER
IS "YES" THEN THIS CRIMINAL CHARGE OF
THEFT BY DECEPTION CC 99-126 MUST BE
"VACATED BY THIS COURT IN A RULE 32
PETITION" AND CC 99-126, WOULD BE EXPUNGED
FROM PLAINTIFF WINSTON DAVIS'S CRIMINAL
RECORD AND IN DOING SO THIS WOULD PROVE
MALICIOUS PROSECUTION ON THE DEFENDANTS
PART OF ONE WINSTON DAVIS CITING CASE
DANA ESCOFFIER V. CATHERINE D. ANDERSON, ET AL
COURT OF CIVIL APPEALS (JAN. 3, 1990) 557 SO2D 844
AT [1] MALICIOUS PROSECUTION-16 "IN ORDER TO
PREVAIL IN AN ACTION FOR MALICIOUS PROSECUTION,
'COMPLAINANT' MUST PROVE THE FOLLING ELEMENTS:
(1) "A JUDICIAL PROCEEDING INITIATED BY DEFENDANTS";
(2) A LACK OF PROBABLE CAUSE"; (3) "MALICE",
"TERMINATION OF JUDICIAL PROCEEDING FAVORABLE

P 4.

TO PLAINTIFF (WINSTON DAVIS); AND DAMAGES.

PLAINTIFF WINSTON DAVIS ASSERTS THAT HE IS
THE VICTIM OF MALICIOUS PROSECUTION AND
HAS PROOF THAT THE PROSECUTION WAS INITIATED
BY THE DEFENDS ALICE KELLEY AND RACHEL TOWNSEND
" SEE PROBATION OFFICER GREG HUGHESS
PRE SENTENCE REPORT DONE ON JUNE 23, 2000
IN THE TRIAL COURT RECORDS ON APPEAL, ALSO
THE DEFENDANTS ALICE KELLY GAVE FALSE
TESTIMONY AT TRIAL, AS WELL AS RACHEL
TOWNSEND, BARBARA MORRIS, MICHAEL CASCONI
AND DEFENDANT GARY GRANTHAM MADE THE
VIDEO SHOWN TO THE JURY OF ALICE KELLY'S
HOME, AND DEFENDANT CLAUDE BROWER
ALSO GAVE FALSE TESTIOMY REGARDING THE
COST OF THE ROOF REPLACEMENT AND DENIED
INDORSEING THE CHECK GIVEN TO HIM BY ALICE
KELLY,

PLAINTIFF WINSTON DAVIS ASSERTS FAILURE
OF THIS COURT TO GRANT PLAINTIFF WINSTON
DAVIS HIS FOURTH PAUPERIS ALLOWING HIM
TO PROCEE WITH A FEE WILL CAUSE UNDUE
INJURY TO PLAINTIFF WINSTON DAVIS.

P5.

RESPECTFULLY SUBMITTED
DONE THIS DECEMBER 27, 03   WINSTON DAVIS 207010
Winston Davis
PRO SE PLAINTIFF
B2-155 E.C.F.
P.O. BOX 8
ELMORE, AL 36025

CERTIFICATE OF SERVICE

I HEREBY CERTIFICATE THAT I HAVE PLACED A COPY
OF THE FOREGOING UPON DEFENDANT RACHEL
TOWNSEND 126 DEER RUN LA HARVEST, AL 35249
BY DEPOSITING THE SAME IN THE PRISON MAIL
BOX AT E.C.F. ON THIS 27th DAY OF DECEMBER 2003.

Winston Davis

P6.

*16*

IN THE CIRCUIT COURT
OF GENEVA COUNTY ALABAMA

WINSTON DAVIS
PRO SE PLAINTIFF

VS.                    CIVIL ACTION NO. CV-03-187

                                    FILED IN OFFICE

ALICE KELLY, ETAL.,                 DEC 3 0 2003
    DEFENDANTS.                      _[signature]_
                                    CLERK

_____MOTION FOR ORDER TO_____
_TRANSPORT PLAINTIFF WINSTON DAVIS_
_TO THE GENEVA COUNTY JAIL PURSUANT_
_TO RULE 2.1 ALABAMA RULES OF_
_CRIMINAL PROCEDURE_

COMES NOW PLAINTIFF WINSTON DAVIS AND MOVES
THIS HONORABLE COURT TO ISSUE AN ORDER
TO THE CIRCUIT COURT CLERK TO ISSUE AND
ORDER TO THE SHERIFF OF GENEVA COUNTY,
ALABAMA TO TRANSPORT PLAINTIFF WINSTON DAVIS
TO BEGAIN COMMENCEMENT OF CRIMINAL
PROCEEDING AGAINST; ALICE KELLY, RACHEL

P1.

*17*

TOWNSEND, BARBARA MORRIS, GARY GRANTHAM
CLAUDE BARWICK. AND MICHAEL CASONI FOR
VIOLATION OF CODE OF ALABAMA 1975 §
13A-10-101. PREJURY IN THE FIRST-DEGREE."
FOR TESTIFING FALSELY IN AN OFFICAL PROCEEDING
TRIAL FOR CC44-126 JUNE 6 AND 8, 2000 BECAUSE
THE FALSE STATEMENTS WERE MATERIAL THE
PROCEEDING. AND

IN VIOLATION. OF CODE OF ALABAMA 1975 §
13A-8-13 EXTORTION: ALICE KELLY, RACHEL TOWNSEN,
BARBARA MORRIS, GARY GRANTHAM MADE THREATS
TO WINSTON DAVIS IF HE FAILED TO INCLOSE
THE PORCH TO A DEN/SUN ROOM AND OTHER
CHANGES TO THE HOME OF ALICE KELLY WITHOUT
HAVING TO MAKE PAYMENTS TO WINSTON DAVIS
THEY WOULD HAVE HIS PROBATION REVOKED
WINSTON DAVIS REFUSED, WINSTON DAVIS'S
PROBATION WAS REVOKED." AND

IN VIOLATION OF CODE OF ALABAMA 1975 §
13A-8-10.1 THEFT OF SERVICES IN THE FIRST-
DEGREE: ALICE KELLY, RACHEL TOWNSEND,
BARBARA MORRIS AND GARY GRANTHAM FAILED

P2.

To pay Winston Davis pursuant to the written contract. And a payment was due on September 26, 1998 in the amount of 3,000.00.

Rule 2.4 Alabama Rules of Criminal Procedure states in pertinent part:

" The judge or magistrate before whom a complaint is made may subpoena for examination any necessary witnesses

Plaintiff Winston Davis respectfully request this court to issue the order to transport Winston Davis to the Geneva County Jail immediatly and any delay will cause undue injury to Winston Davis.

Done this Dec. 27, 2003

Respectfully submitted
Winston Davis 202010
Pro Se Plaintiff
B-2-155 E.C.F.
P.O. Box 8
Elmore, AL 36025

P3.

*19*

## CERTIFICATE OF SERVICE

I HERE BY CERTIFICATE THAT I HAVE PLACED A COPY
OF THE FOREGOING S UPON RACHEL TOWNSEND
126 DEER RUN LAW HARVEST, ALCHMAMH 35749
BOSTAGE PRE PAID AND FIRST CLASS MAIL BY
DEPOSITING THE SAME IN THE PRISON MAIL BOX
AT E.C.F. ON THIS DEC 27, 2003

*Winston Queen*

P4.

20

IN THE CIRCUIT COURT
OF GENEVA COUNTY, ALABAMA

FILED IN OFFICE

DEC 3 0 2003

_____
CLERK

WINSTON DAVIS
PRO SE PLAINTIFF / PETITIONER

VS.                           CIVIL ACTION NO. CV-03-187
                              CC-99-126 RULE 32 PETITION
                              ALABAMA RULES OF CR. PRO.

ALICE KELLY, et al.,

MOTION REQUESTING ISSUANCE OF A SUBPOENA
DUCES TECUM PURSUANT TO RULE 2.4 ALABAMA
RULES OF CRIMINAL PROCEDURE

COMES NOW PLAINTIFF / PETITIONER WINSTON DAVIS
AND MOVES THIS HONORABLE COURT TO ISSUE
HIS SUBPOENA DUCES TECUM TO BARBARA
MORRIS AT 115 E. CAMBELL STREET GENEVA,
ALABAMA TO PRODUCE THE FOLLING DOCUMENTS

(1) A COPY OF A JOINT ACCOUNT BETEWEEN
BARBARA MORRIS AND ALICE KELLY, SUCH AS

P1.

THE BANK STATEMENTS FOR THE MONTHS OF
JULY, AUGUST AND SEPTEMBER 1998 WITCH
WILL REFLECT A WITHDRAWAL OF $3,000.00 IN
CASH.

THESE BANK RECORDS ARE NEED TO PROVE
PLAINTIFF / PETITIONER WINSTON DAVIS'S
INNOCENCE AND BRING AN END TO THE
MISCARAGE OF JUSTICE AND BRING INDICTMENTS
FOR THE ONES GUILTY OF CRIMES AGAINSTS
WINSTON DAVIS AND THE STATE OF ALABAMA.

WHEREFORE THIS COURT MUST ISSUE THE
ORDER GRANTING PLAINTIFF / PETITIONER
REQUEST FOR THE SUBPOENA NUCES TECUM,
AND FAILURE OF THIS COURT TO ISSUE THIS
SUBPOENA WILL RESULT IN UN DUE INJURY
TO WINSTON DAVIS.

RESPECTFULLY SUBMITTED
DONE THIS DEC. 27, 2003 Winston Davis 207010
PRO SE PLAINTIFF,
PETITIONER
B2-155 E.C.F.
P.O. BOX 8
ELMORE, AL 36025

P.2.

22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE PLACED A COPY
OF THE FOREGOING UPON RACHEL TOWNSEND
126 DEER RUN LA. HARVEST, AL 35749 BY
POSTAGE PRE PAID AND DONE SITED INTO THE
PRISON MAIL ON THIS DEC. 27, 2003

*[signature]*

P3,

*23*

S0351                                                        CV Z003 000187.00

---------------------------------------------------------------------

JUDGE: KENNETH W. QUATTLEBA
---------------------------------------------------------------------
ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY
CIRCUIT CIVIL
---------------------------------------------------------------------
N THE CIRCUIT COURT OF   GENEVA      COUNTY

WINSTON DAVIS V ALICE KELLY, ET AL
LED:  12/30/2003 TYPE: OTHER CV CASE        TYPE TRIAL: JURY     TRACK:

**********************************************************************
TE1:              CA:              CA DATE:
TE2:              AMT:       $.00  PAYMENT:
TE3:
**********************************************************************
---------------------------------------------------------------------

| | |
|---|---|
| 12/30/2003 | INFORMA PAUPERIS DECLARATION/COMPLAINT/MOTION REQU |
| 12/30/2003 | -ESTING ISSUANCE OF A SUBPOENA DUCES TECUM/MOTION |
| 12/30/2003 | -FOR ORDER TO TRANSPORT PLTF, WINSTON DAVIS TO THE |
| 12/30/2003 | -GENEVA CTY JAIL/MOTION FOR COURT ORDER ALLOWING |
| 12/30/2003 | -PLTF TO PROCEED IN HIS FORMA PAUPERIS FILED BY |
| 12/30/2003 | -PLTF, PRO SE |
| 12/30/2003 | SUMMONS FOR SERVICE INCLUDED REQUESTS SERVICE BY |
| 12/30/2003 | -CM.  NO CM FEES INCLUDED. |
| 01/07/2004 | FILED THIS DATE: 12/30/2003               (AV01) |
| 01/07/2004 | ASSIGNED TO JUDGE: KENNETH W. QUATTLEBAUM  (AV01) |
| 01/07/2004 | JURY TRIAL REQUESTED                       (AV01) |
| 01/07/2004 | CASE ASSIGNED STATUS OF: ACTIVE            (AV01) |
| 01/07/2004 | ORIGIN: INITIAL FILING                     (AV01) |
| 01/07/2004 | DAVIS WINSTON Z07010 ADDED AS C001         (AV0Z) |
| 01/07/2004 | LISTED AS ATTORNEY FOR C001: PRO SE        (AV0Z) |
| 01/07/2004 | KELLY ALICE ADDED AS D001                  (AV0Z) |
| 01/07/2004 | MORRIS BARBARA ADDED AS D002               (AV0Z) |
| 01/07/2004 | TOWNSEND RACHEL ADDED AS D003              (AV0Z) |
| 01/07/2004 | GRANTHAM GARY ADDED AS D004                (AV0Z) |
| 01/07/2004 | CASCONI MICHAEL ADDED AS D005              (AV0Z) |
| 01/07/2004 | BARWICK CLAUDE ADDED AS D006               (AV0Z) |

8/04, Motion for Subt. Duces Tecum is denied. N.K.
Motion to Transport is denied. N.K.
Motion to proceed in forma pauperis is granted,
except Plff shall pay cost of service by
Certified mail in amount of $58.50. N.K.

01/07/2004                                        CV Z003 000187.00

SUMMONS - CIVIL

Case Number

$\dfrac{CV \ 03}{ID \ VR}$ $\dfrac{187 \ Q}{NUMBER}$

IN THE CIRCUIT COURT OF _____    _____ COUNTY ALABAMA

Plaintiff                              vs.  Defendant

WINSTON DAVIS 207010              GARY GRANTHAM
B2-155 E.C.F.                     115 E. CAMPBELL STREET
P.O. BOX 8                        GENEVA, ALABAMA 36340
ELMORE, ALABAMA 36025

☑ This service by certified mail of this summons is initiated
upon the writter requested of _PLAINTIFF_ pursuant to the
Alabama Rules of Civil Procedure.

✓ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either Rules 4.1(b)
(2) or 4.2 (b)(2) or 4.4 (b)(2) of the Alabama Rules of Civil
Procedure: You are hereby commanded to serve this summons and
a copy of the complaint in this action upon defendant.

NOTICE TO _GARY GRANTHAM 115 E. CAMPBELL ST. GENEVA, AL 36340_

The Complaint which is attached to this summons is important and
you must take immediate action to protect your rights. You are
required to mail or hand deliver a copy of a written answer, either
admitting or denying each allegation in the complaint to _WINSTON
DAVES 207010_ whose address is _B2-155 E.C.F.
PO BOX 8 ELMORE, ALABAMA 36025_

This answer must be mailed or hand delivered within _30_ days after
this summons and complaint were delivered to you or a judgment by
default may be entered against you for the money or other things
demanded in the complaint. You must also file the original of your
answer with the clerk of this Court.

_2/23/04_                          _Dale Lay_
Date                               Clerk Signature

RETURN ON SERVICE

___ Certified Mail return receipt received in this office on ___
_____, 1994.

X_ I certify that I personally delivered a copy of the enclosed/
attached document to _Hary Grantham_ on _____.

_2/23/04_                          _Onnah Thomas_
Date                               Server Signature

Type Process Server _Onnah Thomas Civil Service_

_2/24/04 CC, to Winston Davis by L_

SUMMONS - CIVIL

Case Number

CV 03 182 Q
ID  YR  NUMBER

IN THE CIRCUIT COURT OF _____  GENEVA COUNTY ALABAMA

Plaintiff                          VS.  Defendant

WINSTON DAVIS 207010               ALICE KELLY, etal.,
132-155 E.C.F.                     115 E CAMPBELL STREET
P.O. Box 8                         GENEVA, ALABAMA 36340
ELMORE, AL 36025

☑ This service by certified mail of this summons is initiated
upon the writter requested of *PLAINTIFF* purauant to the
Alabama Rules of Civil Procedure.

☑ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either Rules 4.1(b)
(2) or 4.2 (b)(2) or 4.4 (b)(2) of the Alabama Rules of Civil
Procedure: You are hereby commanded to serve this summons and
a copy of the complaint in this action upon defendant.

NOTICE TO *ALICE KELLY 115 E. CAMPBELL ST. GENEVA, AL 36340*

The Complaint which is attached to this summons is important and
you must take immediate action to protect your rights. You are
required to mail or hand deliver a copy of a written answer, either
admitting or denying each allegation in the complaint to *WINSTON*
*DAVIS 207010* whose address is *132-155 E.C.F.*
*P.O. Box 8 ELMORE, ALABAMA 36025*

This answer must be mailed or hand delivered within *30* days after
this summons and complaint were delivered to you or a judgment by
default may be entered against you for the money or other things
demanded in the complaint. You must also file the original of your
answer with the clerk of this Court.

Date _*2/23/04*_                   Clerk Signature _*Dale Layer Jr*_

RETURN ON SERVICE

___ Certified Mail return receipt received in this office on ____
_____, 1994 .

_X_ I certify that I personally delivered a copy of the enclosed/
attached document to _*Alice Kelly*_ on _____.

Date _*2/23/04*_                   Server Signature _*Emmal Thomas*_

Type Process Server _*Civil Server*_

*2-24-04 cc to Winston Davis 13h*

SUMMONS - CIVIL

Case Number

CV 03  187 Q

ID YR   NUMBER

IN THE CIRCUIT COURT OF _____    _____ COUNTY ALABAMA

Plaintiff    VS.   Defendant

WINSTON DAVIS 207010    RACHEL TOWNSEND

B2-155.E.C.F.    126 DEER RUN LANE

P.O. Box 8    HARVEST, ALABAMA 35744

ELMORE, ALABAMA 36025

☒ This service by certified mail of this summons is initiated upon the writter requested of _PLAINTIFF_ pursuant to the Alabama Rules of Civil Procedure.

☒ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either Rules 4.1(b)(2) or 4.2 (b)(2) or 4.4 (b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

                                    126 DEER LA.

NOTICE TO _RACHEL TOWNSEND HARVEST, AL 35744_

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the complaint to _WINSTON DAVIS 207010_ whose address is _B2-155 E.C.F. P.O. Box 8 ELMORE, ALABAMA 36025_

This answer must be mailed or hand delivered within _30_ days after this summons and complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the complaint. You must also file the original of your answer with the clerk of this Court.

_2/23/04_    _Dale Laquist_
Date    Clerk Signature

RETURN ON SERVICE

___ Certified Mail return receipt received in this office on ___ , 1994

_X_ I certify that I personally delivered a copy of the enclosed/ attached document to _Rachel Townsend_ on ___ ,

_2/23/04_    _Anna L. Thomas_
Date    Server Signature

Type Process Server _Civil Server_

1-24-04 cc to Winston Davis B2-2

SUMMONS - CIVIL

Case Number

CV 03 182 Q
ID  YR  NUMBER

IN THE CIRCUIT COURT OF _____ COUNTY ALABAMA

Plaintiff                          VS.  Defendant

*WINSTON DAVIS 207010*            *BARBARA MORRES*
*132-155 E.C.F.*                  *115 E. CAMPBELL STREET*
*P.O. Box 8*                      *GENEVA, ALABAMA 36340*
*ELMORE, ALABAMA 36025*

☑ This service by certified mail of this summons is initiated
   upon the writter requested of __PLAINTIFF__ pursuant to the
   Alabama Rules of Civil Procedure.

✓ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either Rules 4.1(b)
   (2) or 4.2 (b)(2) or 4.4 (b)(2) of the Alabama Rules of Civil
   Procedure: You are hereby commanded to serve this summons and
   a copy of the complaint in this action upon defendant.

NOTICE TO *BARBARA MORRES 115 E. CAMPBELL ST GENEVA, AL 36340*

The Complaint which is attached to this summons is important and
you must take immediate action to protect your rights. You are
required to mail or hand deliver a copy of a written answer, either
admitting or denying each allegation in the complaint to *WINSTON*
*DAVIS 207010* whose address is *132-155 E.C.F.*
*P.O. Box 8 ELMORE ALABAMA 36025*

This answer must be mailed or hand delivered within __30__ days after
this summons and complaint were delivered to you or a judgment by
default may be entered against you for the money or other things
demanded in the complaint. You must also file the original of your
answer with the clerk of this Court.

____*2/23/04*____            ____*Dale Lay*____
Date                          Clerk Signature

_____

RETURN ON SERVICE

___ Certified Mail return receipt received in this office on ____
    _____, 1994 .

_X_ I certify that I personally delivered a copy of the enclosed/
    attached document to *Barbara Morris* _____ on
    _____.

____*2/23/04*____            *Annah Thomas*
Date                          Server Signature

Type Process Server *Civil Process*

*2/24/04 CC to Winston Davis Dlr*

28

IN THE CIRCUIT COURT
OF GENEVA COUNTY, ALABAMA

WINSTON DAVIS
PRO SE PLAINTIFF

VS.                              CIVIL ACTION NO. CV-03-189

ALICE KELLY, AND
BARBARA MORRIS, AND
RACHEL TOWNSEND, AND
GARY GRANTHAM, AND                    FILED IN COURT
MICHAEL CASCONI, AND                  DEC 3 0 2003
CLAUDE BARWICK                        Dale Faye
        DEFENDANTS.                   CLERK


COMPLAINT
PARTIES, JURISDICTION, AND VENUE

1. PLAINTIFF WINSTON DAVIS IS OVER THE AGE OF
19 YEARS AND IS SERVING A SENTENCE IN THE
STATE PENITENTIARY AT ELMORE CORRECTIONAL
CENTER ELMORE COUNTY, ALABAMA IN A
DIRECT VIOLATION OF ARTICLE 5 AND ARTICLE 6 OF

P1.

THE CONSTITUTION OF ALABAMA 1901.

2. DEFENDANT ALICE KELLY IS OVER THE AGE OF 19 YEARS AND RESIDES IN SANTA ROSA COUNTY, FLORIDA.

3. DEFENDANT BARBARA MORRIS IS OVER THE AGE OF 19 YEARS AND RESIDES IN GENEVA COUNTY, ALABAMA.

4. DEFENDANT RACHEL TOWNSEND IS OVER THE AGE OF 19 YEARS AND RESIDES IN MADISON COUNTY, ALABAMA.

5. DEFENDANT GARY GRANTHAM IS OVER THE AGE OF 19 YEARS AND RESIDES IN GENEVA COUNTY, ALABAMA.

6. DEFENDANT MICHAEL CASCONI IS OVER THE AGE OF 19 YEARS AND RESIDES IN GIBERT, ARZ.

P2.

7. THIS COURT HAS JURISDICTION OF THIS CAUSE'S OF ACTION BECAUSE THE MALICIOUS PROSECUTION TOOK PLACE IN THE GENEVA COUNTY CIRCUIT COURT, AND THE CAUSES INVOLVES CLAIMS GRATLY IN EXCESS OF $10,000.00

8. VENUE IS PROPER IN THIS COURT.

## STATEMENT OF FACTS

9. PLAINTIFF WINSTON DAVES REALLAGES PARAGRAPHS 1 THROUGH 8 OF THE COMPLAINT.

10. ON AUGUST 19, 1998, PLAINTIFF WINSTON. DAVES A LICENSED AND INSURED SELF EMPLOYED CONTRACTOR FOR THE STATE OF ALABAMA TO DO BUSINESS IN THE FIELD OF HOME BUILDING, REMODELING AND RENOVATIONS AND DEFENDANT ALICE "KELLY EXECUTED A WRITTEN CONTRACT FOR REMODLING AND RENOVATING CONSTRUCTION WORK ON DEFENTANT ALICE KELLY HOME LOCATED IN THE GENEVA COUNTY, ALABAMA, CONTRACT

P3.

<u>Amount $26,146.54</u>"

11. ON AUGUST 22, 1998, DEFENDANT ALICE KELLY EXECUTED A "<u>SEPERATE AGREEMENT FOR A PORCH ENCLOSURE AND A BATH ROOM Turnkey</u>" <u>INCRESSING THE CONTRACT Amount From $26,146.54. To $36,500.00</u>"

12. ON AUGUST 22, 1998, DEFENDANT ALICE KELLY EXECUTED A "<u>SEPERATE AGREMENT FOR ROOF REPLACEMENT INCRESSING THE CONTRACT Amount From $36,500.00 To $39,006.85</u>"

13. ON AUGUST 22, 1998, DEFENDANT ALICE KELLY EXECUTED A "<u>SEPERATE AGREEMENT FOR VINYL TRIM, FASICA TRIM AND FREEZ BOARD INCRESSING THE CONTRACT Amount From 39,006.85 To $42,204.55</u>"

14. ON OR ABOUT SEPTEMBER 11, 1998, DEFENDANT ALICE KELLY EXECUTED "<u>A SEPERATE AGREEMENT FOR HALL BATH ROOM FIXTURES LABOR AND MATERIAL, Tools RENTAL, REPLACEMENT OF WATER LINES FROM CITY METER TO HOME AND FURNISH AND INSTALL NEW BASE WINDOW AND DOOR TRIM, INCRESSING THE CONTRACT Amount From $42,204.55 To $44,704.55</u>"

P4.

15. ON OR ABOUT MARCH 1999 DEFENDANT RACHEL TOWNSEND EXECUTED A "SEPERATE AGREEMENT FOR WINDOW ADJUSTMENTS AND CLEANING INCRESSING THE CONTRACT FROM $44,704.55 TO 44,900.55"

16. ON OR ABOUT APRIL 15, 1999, DEFENDANT RACHEL TOWNSEND EXECUTED A "SEPERATE AGREEMENT FOR PORCH ENCLOSURE (WHICH WAS COMPLETED) TO A DEN / SUN ROOM INCRESSING THE CONTRACT AMOUNT FROM 44,900.55 TO $51,900.55."

17. ON OR ABOUT MAY 25, 1999 DEFENDANT RACHEL TOWNSEND BANDED PLAINTIFF WINSTON DAVIS FROM THE JOB SITE."

18. ON JUNE 1, 1999 DEFENDANTS ALICE KELLY AND RACHEL TOWNSEND "SUBMITTED A COMPLAINT" TO THE GENEVA COUNTY DISTRICT ATTORNEY FOR "PROSECUTION FOR THEFT OF LAWFUL CURRENCY EXCEEDING $3,000.00.

19. ON JULY 29, 1999 THE GRAND JURY OF SAID COUNTY CHARGE THAT, BEFORE THE FINDING OF THIS INDICTMENT

P5.

ONE WINSTON DAVIS, DID KNOWINGLY OBTAIN
BY DECEPTION UNAUTHORIZED CONTROL OVER
UNITED STATES CURRENCY, THE PROPERTY OF ALICE KELLY,
IN AN AMOUNT EXCEEDING $ 10000 dollars, WITH
"INTENT" TO DEPRIVE THE OWNER OF SAID PROPERTY,
IN VIOLATION OF SECTION 13A-8-3 CODE OF
ALABAMA, AGAINST THE PEACE AND DIGNITY OF
THE STATE OF ALABAMA, CC-99-126".

20. ON AUGUST 5, 1999, PLAINTIFF WINSTON DAVIS
WAS ARRESTED AND PLACED UNDER A $ 50,000.00.
PROPERTY BOND.

21. ON JUNE 6, 2000, PLAINTIFF WINSTON DAVIS
HAD A JURY TRIAL IN GENEVA COUNTY CIRCUIT
COURT FACING CHARGES OF THEFT BY DECEPTION
AND ON JUNE 8, 2000, THE JURY RETURNED
A VERDICT OF GUILTY AS CHARGED IN THE
INDICTMENT CC99-126 BASED WHOLLY ON
"FRAUD AND MISREPENTATION OF MATERIAL
FACTS WHEN THERE WAS NO "PROBABLE CAUSE"
FOR THE "ARREST WARRANT BEING ISSUED" FOR
"THE ARREST OF ONE WINSTON DAVIS," BECAUSE

P6.

34

SEE DEFENDANT ALICE KELLY COMPLAINT
FOUND IN THE TRIAL-COURT TRANSCRIPT ON APPEAL
AT C-180 SECOND PARAGRAPH WHICH STATES
IN PERTINENT PART: "ON ONE OCCASION "26 SEP. 98"
YOU (PLAINTIFF WINSTON DAVIS) ASKED THAT
ALICE TAKE BACK A "CHECK GIVEN TO YOU EARLIER
THAT DAY" AND GIVE YOU "CASH" INSTEAD. ACCORDING
TO YOU, YOU HAD TO MAKE PAYMENTS LOCALLY THAT NEXT
WEEK AND DID NOT HAVE A LOCAL BANK ACCOUNT
TO DRAW UPON. "ALICE" ASK HER SISTER
BARBARA MORRIS, TO DRAW OUT THE MONEY
FROM A "JOINT ACCOUNT" ON MONDAY AND GIVE YOU
THE "CASH" IN RETURN FOR THE "CHECK" WHICH
"BARBARA DID". ALICE THEN ISSUED A CHECK
FOR $3,000.00 ON 29, SEPTEMBER 98 TO BARBARA
TO REIMBURSE HER." THE CHECK TO YOU (WAS THEN
VOIDED)".

COUNT ONE
(BREACH OF CONTRACT)

22 PLAINTIFF WINSTON DAVIS REALLEGES PARAGRAPHS
1 THROUGH 21 ABOVE.

P 7.

23. PLAINTIFF WINSTON DAVIS AND DEFENDANT ALICE KELLY ENTERED INTO A VALID WRITTEN CONTRACT FOR HOME IMPROVEMENTS, REMODELING AND RENOVATIONS OF SAID DEFENDANTS HOME. SEE TRIAL COURT TRANSCRIPT ON APPEAL C-100, 101 AND 102 STATE EXHIBIT No. 1 AND C-108 THROUGH 123 STATE EXHIBIT NO 2.

24. DEFENDANTS ALICE KELLY AND RACHEL TOWNSEND BREACH THAT CONTRACT.

25. AS A PROXIMATE RESULT OF SAID BREACH AND FALSE AND MISREPRESENTATION OF MATERIAL FACTS PLAINTIFF WINSTON DAVIS WAS INJURED AND DAMAGED AS FOLLOWS: HE WAS NOT COMPENSATED FOR WORK PERFORMED PURSUANT TO THE WRITTEN CONTRACT; HE WAS CAUSED TO LOSE PROFIT HE WOULD OTHERWISE EARNED ON THE RENOVATION AND REMODELING OF ALICE KELLY'S HOME; AND HE HAS BEEN OTHERWISE INJURED AND DAMAGED.

COUNT TWO
( INTERFERENCE WITH CONTRACT )

P8.

26. PLAINTIFF WINSTON DAVIS REALLEGES PARAGRAPHS
1 THROUGH 25 ABOVE.

27. DEFENDANTS BARBARA MORRIS, GARY GRANTHAM,
MICHAEL CASCONI AND CLAUD WARWICK EXERTED
UNDUE INFLUENCE OVER DEFENDANTS ALICE KELLY
AND RACHEL TOWNSEND AND CAUSED THEIR CONTRACT
WITH PLAINTIFF WINSTON DAVIS TO BE BREACHED

28. AS A PROXIMATE RESULT OF SAID INTERFERENCE
WITH SAID CONTRACT, PLAINTIFF WINSTON DAVIS
WAS INJURED AND DAMAGED AS FOLLOWS:
HE WAS NOT COMPENSATED PURSUANT TO THE
WRITTEN CONTRACT; HE WAS CAUSED TO LOSE
PROFIT HE WOULD HAVE OTHERWISE EARNED ON
REMODELING AND RENOVATING OF ALICE KELLY'S HOME;
HE WAS CAUSED TO LOSE OTHER CONTRACTING
JOBS; AND HE HAS BEEN OTHERWISE INJURED
AND DAMAGED.

COUNT THREE
INVASION OF PRIVACY

29. PLAINTIFF WINSTON DAVIS REALLEGES PARAGRAPHS
1 THROUGH 28 ABOVE.
P 9.

30. DEFENDANTS ALICE KELLY AND RACHEL TOWNSEND INVADED THE PRIVACY OF PLAINTIFF WINSTON DAVIS BY FILING A FALSE COMPLAINT WITH THE GENEVA COUNTY DISTRICT ATTORNEY'S OFFICE WITHOUT PROBABLE CAUSE.

31. AS A DIRECT PROXIMATE RESULT OF SAID INVASION OF PRIVACY, PLAINTIFF WINSTON DAVIS WAS INJURED AND DAMAGED AS FOLLOWS: HE WAS FRUSTRATED, AGGRAVATED, AND SUFFERED MENTAL ANGUISH; HE WAS CAUSED INJURY TO HIS REPUTATION BY HIS NAME BEING IN THE LOCAL NEWS PAPER; AND HE WAS INJURED AND DAMAGED AS SET FORTH IN PARAGRAPH 27 ABOVE.

COUNT FOUR
(MALICIOUS PROSECUTION)

32. PLAINTIFF WINSTON DAVIS REALLEGES PARAGRAPHS 1 THROUGH 31 ABOVE.

33. DEFENDANTS ALICE KELLY, RACHEL TOWNSEND, BARBARA MORRIS, GARY GRANTHAM INITIATED THE CHARGES OF THEFT BY DECEPTION BY

P 10.

FRAUD AND MISREPENTATION OF MATERAL FACTS"
WHEN THERE WAS NO FUNDS IN A JOINT
ACCOUNT FOR THE WITHDRAWAL OF $3,000.00.

34. 1 AS A PROXIMATE RESULT OF SAID MALICIOUS
PROSECUTION PLAINTIFF WINSTON DAVES WAS
INJURED AND DAMAGED AS FOLLOWS:
HE WAS CAUSED TO LOSE HIS LIFE, LIBERTY
AND PROPERTY; HE WAS CAUSED DAMAGED TO
HIS REPUTATION; HE HAS SUFFERE EXTREME
METAL ANGUISH BY BEING FALSED IMPRISONED
AND MALICIOUS PROSECUTION "WITH PROBABLE
CAUSE"

COUNT FIVE
(CONSPIRACY)

35. PLAINTIFF WINSTON DAVES REALLEGES PARAGRAPHS
1 THROUGH 34 ABOVE.

36. DEFENDANTS ALICE KELLY, RACHEL TOWNSEND,
BARBARA MORRIS, GARY GRANTHAM, MICHAEL
CASCONI AND CLAUDE BAILWICK CONSPERED
WITH EACH OTHER TO CAUSE THE DAMAGES TO

P 11.

PLAINTIFF WINSTON DAVIS IN PARAGRAPHS 1 THROUGH 34 ABOVE, BY GIVING FALSE AND MISREPENTATION OF MATERIAL FACTS COMMITTING FRAUD, PERJURY. AND AS APPROXIMATE CONSEQUENCE OF THE COMBINED CONCURRENT CONSPIRACY THE PLAINTIFF WINSTON DAVIS WAS DAMAGED AS DECRIBED IN PARAGRAPH 34 ABOVE.

37. THE ACTIONS OF THE DEFENDANTS REQUIRE THE IMPOSITION OF PUNITIVE DAMAGES TO PUNISH THES DEFENDANTS AND TO DETER OTHER SIMILARLY SITUATED FROM SUCH CONDUCT IN THE FUTURE.

WHEREFORE, PLAINTIFF WINSTON DAVIS DEMANDS JUDGEMENT AGAINST DEFENDANTS ALICE KELLY, RACHEL TOWNSEND, BARBARA MORRIS, GARY GRANTHAM, MICHAEL COSCONI AND CLAUDE BARWICK AS FOLLOWS:

A. FOR COMPENSATORY DAMAGES EQUAL TO THE LOSS SUFFERED BY PLAINTIFF WINSTON DAVIS;

P 12.

B. FOR PUNITIVE DAMAGES IN AN AMOUNT SUFFICIENT TO PUNISH THESE DEFENDANTS AND TO DETER OTHERS SIMILARLY SITUATED FROM SAID CONDUCT IN THE FUTURE;

C. THAT ALL COST BE TAXED AGAINST THE DEFENDANTS;

D. FOR PREJUDGEMENT AND INTEREST; AND

PLAINTIFF WINSTON DAVIS DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

DONE DECEMBER 26, 2003

WINSTON DAVIS  207010
Winston Davis  207010
PRO SE PLAINTIFF
B 2-155 E.C.F.
P.O. BOX 8
ELMORE, ALABAMA 36025

P 13.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFICATE THAT I HAVE PLACED THE ORIGINAL OF THE FOREGOING UPON THE CLERK OF GENEVA COUNTY CIRCUIT COURT BY PLACING THIS SAME IN THE PRISON MAIL BOX POSTAGE PREPAID FIRST CLASS MAIL TO THE CLERK OF COURT P.O. BOX 86 GENEVA, ALABAMA 36340.

DONE THIS DAY 12/26/03

Wineta Massie

CC.
RACHEL TOWNSEND
126 DEER RUN LA
HARVEST AL 35749

P 14.

IN THE CIRCUIT COURT OF
GENEVA COUNTY ALABAMA

WINSTON DAVIS
PRO SE PLAINTIFF,

VS.                                CIVIL ACTION NO. CV-03-187

ALICE KELLY, etal.,
        DEFENDANTS.

FILED IN OFFICE

JAN 1 4 2004

CLERK

NOTICE OF CHANGE
OF ADDRESS AND
REQUEST FOR STATUTES
REPORT

COMES NOW PLAINTIFF WINSTON DAVIS IN THE
ABOVE STYLE CAUSE OF ACTION AND SUBMITS
HIS CHANGE OF ADDRESS, AND REQUERES
A STATUTES REPORT AS TO WHEATHER OR NOT
A CIVIL NO. HAS BEED ASIGNED TO PLAINTIFF
WINSTON DAVIS'S COMPLAINT.

PRESENT ADDRESS: WINSTON DAVIS 207010
PO DRAWER 710 ELBA, ALABAMA 36323

DONE THIS JAN. 12, 2004

RESPECTFULLY
Winston Davis
PRO SE PLAINTIFF
P.O. DRAWER 710
ELBA, AL 36323

*43*

## CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MAR 10 20__

*Dale Laye Jr*
CLERK

| | |
|---|---|
| **WINTON DAVIS** | () |
| **PRO SE PLANTIFF** | () |
| | () |
| | () |
| **V** | () |
| | () |
| **ALICE KELLY** | () |
| **BARBARA MORRIS** | () |
| **GARY GRANTHAM** | () |
| **RACHEL TOWNSEND** | () |
| **PRO SE DEFENDANTS** | () |

**CASE NO. CV-03-187Q**

## MOTION FOR SUMMARY JUDGMENT

COME NOW Alice Kelly, Barbara Morris, Gary Grantham, and Rachel Townsend (hereinafter "defendants") and file this Motion for Summary Judgment pursuant to the Rule 56 of the Alabama Rules of Civil procedure, and would show the Court the following:

All civil action and motions in plaintiff's complaint are clearly invalid on their face, as evidentiary issues have already been well heard and tried in Circuit Criminal Court in Geneva County, Geneva, Alabama (Case: CC 1999 000126.00, 8 June 2000). The preponderance of evidence in the criminal court was presented to a jury, and the plaintiff was found guilty of "theft by deception in the first degree." Verdict was based on evidence presented at the trial that was beyond a reasonable doubt. (See Exhibit A of attached Memorandum of Points and Authorities)

The criminal charge against plaintiff still stands, as his request for appeal was denied by the State of Alabama Court of Criminal Appeals (Case CR-00-0344) on 22 June 2001. (See Exhibit B of attached Memorandum of Points and Authorities)

Furthermore, plaintiff's allegation of malicious prosecution in above case is not supportable and does not meet the prerequisites of State of Alabama Code (see attached Memorandum of Points and Authorities).

Defendants do not at this time seek sanctions for the **frivolous** proceedings being brought by plaintiff.  However, should plaintiff continue to pursue such unfounded civil actions against defendants, they may seek them at a later date.  Suit is clearly insufficient on its face, there is no merit in whole or in part of plaintiff's claim, and action is intended as an instrument of harassment against defendants.

Based on above, defendants respectfully submit that they are entitled to Summary Judgment as a matter of law pursuant to Alabama Rules of Civil procedure.

WHEREFORE, PREMISES CONSIDERED, defendants pray that they be granted summary judgment in this cause, and dismissing with prejudice and assessing all cost of this action to plaintiff.

Respectfully Submitted this the 5th day of March 2004.


Alice Kelly, et al
115 East Campbell Avenue
Geneva, Alabama 36340
For: Alice Kelly, Barbara Morris, Gary Grantham, and Rachel Townsend

*45*

## CERTIFICATE OF SERVICE

I hereby state that on March 10th, 2004, I delivered a copy of the above Motion for Summary Judgment and attached Points and Authorities to the Clerk of the Circuit Court of Geneva County, Geneva County Courthouse, Geneva, Alabama, and requested that a copy be mailed to Plaintiff, Winston Davis, pro se, at his place of residence in Dothan, Alabama.

Alice Kelly, et al
115 East Campbell Avenue
Geneva, Alabama 36340
For: Alice Kelly, Barbara
Morris, Gary Grantham,
and Rachel Townsend

*46*

CASE NUMBER

<u>CV</u>   <u>03</u>   <u>187Q</u>

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

WINTON DAVIS
PRO SE PLANTIFF
CASE NO. CV-03-187Q

FILED IN OFFICE

MAR 1 0 2004

~Dale Bayery~
CLERK

v

ALICE KELLY
BARBARA MORRIS
GARY GRANTHAM
RACHEL TOWNSEND
Telephone: (334) 684-2002
Telefax: (256) 851-0953
PRO SE DEFENDANTS   CASE NO. CV-03-187Q

IN THE CIRCUIT COURT
OF GENEVA COUNTY, ALABAMA,

Dates & Times of Motions:
Case Filed by Plaintiff on Dec 30, 2003,
Served to Defendants on Feb 23, 2004,

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA
Summ. Motion:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. CV-03-187Q

Defendants Alice Kelly, et al, oppose plaintiff's motion for
civil charges and request a summary judgment to dismiss this
suit, as plaintiff has made false statements of malicious
prosecution.

Winston Davis has not met the prerequisite to prove malicious prosecution:

In **State of Alabama Code, Wilson v. Brooks** (Ala.369 So.2d 1221), it states: "Termination of the prior proceeding in favor of plaintiff is a prerequisite for a successful malicious prosecution action".

    (1)   In Geneva County Case 1999 000126.00, State of Alabama brought criminal charges against Winston Davis based on complaint of Alice Kelly when Winston Davis defrauded her on a remodeling Contract. Winston Davis was tried in the Criminal Court in Geneva, Alabama on June 8, 2000, and was found guilty. The jury returned a verdict of, "We the jury find the Defendant, Winston Davis, guilty of theft by deception in the First Degree" (see attached Exhibit "A").

    (2)   Based on two prior felony counts of fraud, Winston Davis was listed as a Habitual Offender, sentenced to 40 years in the state penitentiary, and required to pay victim (Alice Kelly) the sum of $30,000 in restitution (see attached Exhibit "A").

In **State of Alabama Code, Turner v J. Balch & Sons**, (242 Ala.127,129, 5 So.2d 93,94 (1941), it states: "It is generally considered that the following elements must be shown in order to maintain an action for malicious prosecution: (1) the institution or continuation of original proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5 want of probable cause for the proceedings; and (6) the suffering of injury or damage as a result of the action or prosecution complained of."

    (1)  Ref(3)above: Appeal of original proceedings was denied. State of Alabama Court of Criminal Appeals upheld the original judgment of theft by deception on March 9, 2001 (see attached Exhibit "B").

(2) Ref(4)above:  Alice Kelly, et al, have never sought any criminal warrant against Winston Davis other than the aforementioned theft by deception case, or ever taken any malicious action against him.

(3) Ref(5)above:  Probable cause was supported by the overwhelming evidence in the theft by deception case against Winston Davis, which resulted in a guilty verdict and subsequent denial of his appeal of this case.

Defendants (Alice Kelly, et al) do not at this time seek sanctions for the frivolous proceedings being brought by Winston Davis.  However, should he continue to pursue such unfounded civil actions against us we may have to seek them at a later date.  He is attempting to use the court system to harass defendants who have already been damaged by his prior criminal action.

SIGNED:

_____        _____
        Alice Kelly                              Date

_____        _____
        Barbara Morris                           Date

_____        _____
        Gary Grantham                            Date
        _Rachel Townsend_                        March 5, 2004
        Rachel Townsend                          Date

The State of <u>Alabama</u>

_____COUNTY

I _____ hereby certify that <u>Alice</u>
<u>Kelly</u> whose name is signed to the foregoing conveyance, and who
is known to me, acknowledged before me on this day that, being
informed to the contents of the conveyance, he executed the same
voluntarily on the day the same bears date.  Given under my hand
this _____ day of <u>2004</u>


My commission expires:                    _____

                                          Notary Public


The State of <u>Alabama</u>

_____COUNTY

I _____ hereby certify that <u>Barbara</u>
<u>Morris</u> whose name is signed to the foregoing conveyance, and who
is known to me, acknowledged before me on this day that, being
informed to the contents of the conveyance, he executed the same
voluntarily on the day the same bears date.  Given under my hand
this _____ day of <u>2004</u>


My commission expires:                    _____

                                          Notary Public

The State of <u>Alabama</u>

_____COUNTY

I _____ hereby certify that <u>Gary</u>
<u>Grantham</u> whose name is signed to the foregoing conveyance, and
who is known to me, acknowledged before me on this day that,
being informed to the contents of the conveyance, he executed the
same voluntarily on the day the same bears date.  Given under my
hand this _____ day of <u>2004</u>


My commission expires:                    _____

                                          Notary Public

The State of <u>Alabama</u>

<u>Madison</u>_____COUNTY

I <u>Mary B Dinous</u>_____ hereby certify that <u>Rachel
Townsend</u> whose name is signed to the foregoing conveyance, and
who is known to me, acknowledged before me on this day that,
being informed to the contents of the conveyance, he executed the
same voluntarily on the day the same bears date.  Given under my
hand this ____<u>5ʰ   March</u>_____ day of <u>2004</u>

My commission expires: <u>7-11-04</u>          <u>Mary B Dinous</u>
                                            Notary Public


This instrument was prepared by: <u>Alice Kelly 115 E. Campbell
Avenue, Geneva, Alabama 36340</u>

(2) Ref(4)above:  Alice Kelly, et al, have never sought any criminal warrant against Winston Davis other than the aforementioned theft by deception case, or ever taken any malicious action against him.

(3) Ref(5)above:  Probable cause was supported by the overwhelming evidence in the theft by deception case against Winston Davis, which resulted in a guilty verdict and subsequent denial of his appeal of this case.

Defendants (Alice Kelly, et al) do not at this time seek sanctions for the frivolous proceedings being brought by Winston Davis.  However, should he continue to pursue such unfounded civil actions against us we may have to seek them at a later date.  He is attempting to use the court system to harass defendants who have already been damaged by his prior criminal action.

SIGNED:

_____        _____
      Alice Kelly                         Date


_____        _____
     Barbara Morris                       Date


_____        _____
     Gary Grantham                        Date

*Rachel Townsend*                   *March 5, 2004*
_____        _____
     Rachel Townsend                      Date

The State of <u>Alabama</u>

_____COUNTY

I _____ hereby certify that <u>Alice</u>
<u>Kelly</u> whose name is signed to the foregoing conveyance, and who
is known to me, acknowledged before me on this day that, being
informed to the contents of the conveyance, he executed the same
voluntarily on the day the same bears date.  Given under my hand
this _____ day of  <u>2004</u>


My commission expires:                      _____

                                            Notary Public


The State of <u>Alabama</u>

_____COUNTY

I _____ hereby certify that <u>Barbara</u>
<u>Morris</u> whose name is signed to the foregoing conveyance, and who
is known to me, acknowledged before me on this day that, being
informed to the contents of the conveyance, he executed the same
voluntarily on the day the same bears date.  Given under my hand
this _____ day of <u>2004</u>


My commission expires:                      _____

                                            Notary Public

The State of <u>Alabama</u>

_____COUNTY

I _____ **hereby certify that** <u>Gary</u>
<u>Grantham</u> whose name is signed to the foregoing conveyance, and
who is known to me, acknowledged before me on this day that,
being informed to the contents of the conveyance, he executed the
same voluntarily on the day the same bears date.  Given under my
hand this _____ day of <u>2004</u>


My commission expires:                      _____

                                            Notary Public

The State of <u>Alabama</u>

<u>Madison</u>_____COUNTY

I _<u>Mary B Dingus</u>_____ hereby certify that <u>Rachel
Townsend</u> whose name is signed to the foregoing conveyance, and
who is known to me, acknowledged before me on this day that,
being informed to the contents of the conveyance, he executed the
same voluntarily on the day the same bears date. Given under my
hand this ____<u>5ʰ    March</u>_____ day of <u>2004</u>

My commission expires: 7-11-04

<u>Mary B Dingus</u>
Notary Public

This instrument was prepared by:<u> Alice Kelly 115 E. Campbell
Avenue, Geneva, Alabama 36340</u>

INDICTMENT                                                    *CC 99-126*

                                                    CIRCUIT COURT

## THE STATE OF ALABAMA

### GENEVA COUNTY

July 29,_____TERM 1999

The Grand Jury of said County Charge that, before the finding of this Indictment

one Winston Davis, did knowingly obtain by deception unauthorized control over United States Currency, the property of Alice Kelly in an amount exceeding $1000.00 dollars, with intent to deprive the owner of said property, in violation of Section 13A-8-3 of the Code of Alabama,

STATE OF ALABAMA
COUNTY OF GENEVA
This is to certify that the foregoing is a true and correct copy of the Document on file in my office.

Witness my hand and seal this _____2nd_____ day of

_____March, 04_____

_____Clerk/Register

against the peace and dignity of the State of Alabama

_____District Attorney of the 33rd Judicial Circuit

```
CR022          ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1999 000210
PGM: DMB                    CASE ACTION SUMMARY                   
AGE: 1                   CIRCUIT    CRIMINAL               RUN DATE: 08.
```

IN THE CIRCUIT COURT OF    GENEVA                                        JUDGE: PE

STATE OF ALABAMA                    VS    DAVIS WINSTON
                                          2500 TRANICK RD LOT 14
CASE: CC 1999 000210.00                   DOTHAN, AL 36305 0000

SSN: 417485548  ALIAS NAMES:

CHARGE: THEFT BY DECEPT 1ST  CODE01: 1001  LIT: THEFT BY DECEP  TYP: F  #:
OFFENSE DATE: 07/29/1994              AGENCY/OFFICER: CG40000

DATE WAR/CAP ISS:                    DATE ARRESTED: 03/05/1999
DATE   INDICTED: 02/30/1999          DATE    FILED: 03/08/1999
DATE   RELEASED: 06/25/1999          DATE HEARING:
BND        AMOUNT:    $50,000.00 P    SURETIES: Property
DATE 1:  6-100          DESC: STRL   TIME: 0930 A
DATE 2:                 DESC:          TIME: 0000

TRACKING NOS:

DEF ATTY: Waldrop, Richard (WAL051)   TYPE: A
          PO Box 7                    Johnson, L. Scott, Jr. (JOH094)
          Enterprise, AL 36331        PO Box 1547                      TYPE:
                                      Montgomery, AL 36102

PROSECUTOR: EMERY, DAVID C

```
TH CSE:  000000000010  CR#/TICKET NO:                  GRAND JURY: 1
JURY REPORTER:              SID NO:       000000000
F STATUS: Jail             DEMAND:                           OPER: DMB
TE         ACTIONS, JUDGEMENTS, AND NOTES
```

| Date | Actions, Judgements, and Notes |
|---|---|
| 8/13/99 | Motion to produce of defendant.  dmb |
| 8/13/99 | Order.  CLW  dmb |
| 8-31-99 | Hon. Cracker Waldrop appt'd. to rep. Def. for Arraignment purposes + as standby atty. after the reading of the indictment Def. enters plea of not guilty. Place on I.D. Def. to retain counsel. - Clw |
| 9/7/99 | Motion to dismiss.  dmb |
| 9/7/99 | Motion to dismiss set for hearing on Sept. 17, 1999 at 10:00 A.M.  Notify Clw |
| 9/7/99 | Notify DA, PO, SO and Defendant.  dmb |
| 9/16/99 | Motion for continuance.  dmb |
| 9/16/99 | Motion for discovery.  dmb |
| 9/16/99 | Order.  dmb |
| 9-17-99 | Motion to dismiss denied. Discovery Order to be issued. Case cont'd for Def. to next term. - Clw. |
| 9/20/99 | Order of Discovery |
| 9/20/99 | copy to DA & Waldrop |

ALABAMA  JUDICIAL  INFORMATION  CENTER
CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1999-_____
JUDGE ID: CLW

STATE OF ALABAMA                    VS    DAVIS WINSTON

| DATE | ACTION, JUDGMENT, CASE NOTES |
|------|------------------------------|
| 9/20/99 | Motion to withdraw the theft by deception charge. (Submitted by defendant).  d |
| 9/21/99 | Copy motion to DA and Waldrop.  dmb |
| 9/21/99 | Motion to withdraw charge denied. Notify - CLW |
| 9/21/99 | Notify DA, PO, SO and Waldrop.  dmb |
| 9/23/99 | Defendant's motion for funds for transcript.  dmb |
| 9/23/99 | Motion to be considered during week of Sept. 27, 1999. Notify. CLW |
| 9/23/99 | Copy CAS to Waldrop.  dmb |
| 9/29/99 | Motion for funds for Transcript denied - Notify  CLW |
| 9/29/99 | Copy CAS to DA, SO and Waldrop.  dmb |
| 1-13-00 | Motion. JB |
| 1-14-00 | FAX Motion to transport. JB |
| 1-18-00 | Motion to transport. JB |
| 1-18-00 | Order |
| 1-24-00 | Continuance Granted at request of State + Def. |
| 1-24-00 | Def makes statement re counsel filing. And Counsel motion to withdraw for lack of cooperation. Under advisement (illegible) |
| '25/00 | Copy CAS to DA, SO, and Waldrop.  dmb |
| 25/00 | Hon. Richard Waldrop motion to withdraw granted. (illegible) |
| 25/00 | Hon Charles Blakeney appointed to represent Defendant. (illegible) |
| 26/00 | Copy to Waldrop, Blakeney & DA |
| '8/00 | Request to compel disclosure request for production.  dmb |
| 2/10/00 | Order for Production. CLW |
| 3/10/00 | Motion for speedy trial.  dmb |
| 3/10/00 | Motion for transfer of defendant.  dmb |
| 3/13/00 | Case set for trial next term. (illegible) Jury Court. (illegible) |
| '15/00 | Copy CAS to DA, PO, SO and Blakeney.  dmb |
| '30/00 | Defendant's motion for funds to fly to Phoenix, Arizona and depose Michael Cosc |
| '30/00 | Defendant's motion for funds for an architectural engineer. |
| 30/00 | Defendant's motion for funds for a private investigator. |
| 30/00 | Motion requesting issuance of a subpoena duces tecum. |
| 30/00 | Motion requesting issuance of a subpoena duces tecum.  dmb |
| '12/00 | Defendant's motion for funds with which to hire a certified public accountant. |

ALABAMA    JUDICIAL    INFOR.ATION    CENTE

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1999 000105
JUDGE ID:   PBM

ATE OF ALABAMA                    VS    DAVIS WINSTON

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| /12/00 | Subpoena duces tecum.  dmb |
| /20/00 | Motion for transfer of defendant. |
| /20/00 | Motion for change of venue. |
| /20/00 | Motion to compel disclosure/motion to compel production. |
| /20/00 | Request for permission for defendant to be present at deposition of Michael Casconi and petition for funds with which to pay the expense of travel. |
| /20/00 | Motion requesting issuance of a subpoena duces tecum - Barbara Morris. |
| /20/00 | Motion requesting issuance of a subpoena duces tecum - Sheriff Greg Ward. |
| /20/00 | Petition for extraordinary expenses to pay attorney's fees. |
| /20/00 | Motion requesting issuance of a subpoena duces tecum - Harry O. Adkison. |
| /20/00 | Motion requesting issuance of a subpoena duces tecum - Rachel Townsend. |
| /20/00 | Motion requesting issuance of a subpoena duces tecum - PO Madison County, AL. |
| /20/00 | Motion requesting issuance of a subpoena duces tecum - PO Geneva County, AL. |
| /25/00 | All motions filed are hereby denied.  Notify. Clk |
| /25/00 | Transport order 10 days prior to trial. Notify. Clk |
| 27/00 | Copy CAS to DA, PO, SO and Blakeney.  dmb |
| 21-00 | Transport order prepared. JB |
| /9/00 | Motion to suppress. |
| /9/00 | Defendant's objection to the denial of requests for funds and request for reconsideration.  dmb |
| /9/00 | All motions to be heard prior to trial. Notify. Clk |
| /9/00 | Copy CAS to DA, PO, SO and Blakeney.  dmb |
| /16/00 | Transport order.  dmb |
| 21-00 | Defendant transported to Geneva County Jail. JB |
| /26/00 | Trial Docket. Clk |
| /1/00 | Motion (from Defendant).  dmb |
| /16/00 | Motion in Limine filed by Blakeney |
| -6-00 | Jury struck. - Clk |
| -7-00 | Case tried to jury. - Clk |
| -8-00 | Case tried to jury. Jury returned verdict as follows: "We the jury find the Defendant, Winston Davis, guilty of Theft by Deception in the First Degree". Court adjudges Def. guilty & Orders a pre-sentence investigation. Sentence hearing set for June 30, 2000, at 11:00 A.M. Clerk to notify. - Clk |

ALABAMA JUDICIAL INFORMATION SYSTEM

CASE ACTION SUMMARY
CONTINUATION

STATE OF ALABAMA                    VS      DAVID WINSTON

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------|
| 12/00 | Copy CAS to DA, PO, SO and Blakeney.  dmb *and/her* |
| '14/00 | Habitual offender notification (from DA)  dmb |
| 20-00 | *Motion for transfer of Defendant. ЯБ* |
| :3/00 | Alabama board of pardons and paroles report of investigation.  dmb |
| 27.00 | *Attorney's fee declaration. ЯБ* |
| 27-00 | *Transport order prepared - ЯБ* |
| 28-00 | *Defendant returned Geneva Co. Jail. ЯБ* |
| 30-00 | *Def. sentenced to 40 yrs. in st. pen.; under the Amended Felony Habitual Offender Act! Def. to pay cc, IAF, $50.00 VCF & restitution to victim in the sum of $30,000.00. Court appoints the law firm of Johnson & Birdsong for appeal purposes. Clerk to notify. + Clif* |
| )/00 | Copy of Case Action Summary FAXED to Johnson and Birdsong at (334) 834-2336 *ЯБ* |
| 0-00 | *Motion to dismiss the conviction of theft by deception. ЯБ* |
| 3-00 | *Copy CAS to DA, SO, PO and Blakeney. ЯБ* |
| 3-00 | *Transcript of record (prepared for DOC + ЯБ* |
| 3-00 | *Attorney's fee declaration. ЯБ* |
| 3-00 | *Restitution Affidavit. МЯБ* |
| 4/00 | Letter from Defendant requesting certified copy court transcript.  dmb |
| /00 | Letter to Defendant with instructions to contact Rachel Hood at 334 774-3726.  dmb |
| /00 | Defendant's motion for release pending appeal.  dmb |
| /00 | *Def. motion for release set for hearing on Aug. 8, 2000 at 11:00 A.M. Notify. Clif* |
| /00 | Copy CAS to DA, PO, SO and Johnson.  dmb |
| 8/00 | *The motion for release pending appeal is hereby denied. Transport order dated July 26, 2000 is hereby rescinded. Appointed attorney may contact Def. at Elmore Correctional Facility. Notify. Charles L. Woods, Judge.* |
| 28/00 | The motion for release pending appeal is hereby denied.  Transport order dated July 26, 2000 is hereby rescinded.  Appointed attorneys may contact Defendant at Elmore Correctional Facility.  Notify.  Charles L. Woods, Judge. |
| 28/00 | Copy CAS to DA and Johnson.  dmb |

369  A L A B A M A    J U D I C I A L    I N F O R M A T I O N    C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1999 000126.00
JUDGE ID:  CLW

E  OF  ALABAMA                    vs    DAVIS WINSTON

TE                  ACTION, JUDGMENTS, CASE NOTES

| L3/00 | Letter from Defendant requesting copy CAS. |
| L3/00 | Copy CAS mailed to Defendant.  dmb |
| 7/00 | Letter from Defendant. |
| 10/00 | Notice of Appeal |
| 23/00 | Motion for Informa Pauperis Status filed by Defendant |
| 30/00 | Motion to Arrest Judgment filed by Defendant. |
| 6/00 | Motion for Supplemental Record filed by defendant. |
| 7/00 | Amended Notice of Appeal filed. |
| 3/00 | Appellant's Brief filed (of) |
| 3/9/01 | — require by Court from Copies —3/13/01 Not for Being Denial |
| 30/01 | Order- App for rehearing overruled by Lane Mem |
| 27/01 | Order- Judgment affirmed by Lane w. Mem - |
| 25/02 | See CC-96-219 wherein Davis filed Mot for New |
|  | Trial + to Set Aside sentence (of) |
|  | (Mot. for New Trial was denied 3/14/02) KWB |
| 02 | See C.A.S. to CC-96-219.60 wherein def this date filed Motion for Relief from Conviction w/ Motion for Transport Order. (motions are listed under 96-219 but defendant has listed this case (99-126) also on the motions.) of |
| /02 | CAS to DA - Dillin, hm of |
| /02 | CAS FAXED TO JeanThomason - AG's Office |
| /02 | CAS mailed to Thulian w/ cop of 4/3/02 Not filed in 96-219/219/221 (of) |
| 0/04 | See CAS for CC-99-126-60 for Rule 32 |

STATE OF ALABAMA
COUNTY OF _____
This is to certify _____
copy of the document on file _____
_____ foregoing pages and that page (195)
Witness my hand _____ 2nd _____ day of
_____ 04
Dau Laye _____ Clerk/Register

# THE STATE OF ALABAMA— JUDICIAL DEPARTMENT
## THE COURT OF CRIMINAL APPEALS

### CERTIFICATE OF JUDGMENT

**Criminal Appeals Case**          **CR-00-0344**

Winston Davis v. State of Alabama (Appeal from Geneva Circuit Court: CC99-126).

Whereas, the appeal in the above cause having been duly submitted and considered, it is now hereby certified that on the 9th day of March, 2001, the judgment of the court below was affirmed.

Witness, Lane W. Mann, Clerk,
Court of Criminal Appeals, this
22nd day of June, 2001

Clerk
Court of Criminal Appeals
State of Alabama

**FILED IN OFFICE**

JUN 27 2001

CLERK

CASE NUMBER

<u>CV</u>   <u>03</u>   <u>187Q</u>

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

WINTON DAVIS
PRO SE PLANTIFF
CASE NO. CV-03-187Q

FILED IN OFFICE

MAR 0 5 2004

CLERK

V

ALICE KELLY
BARBARA MORRIS
GARY GRANTHAM
RACHEL TOWNSEND
Telephone: (334) 684-2002
Telefax: (256) 851-0953
PRO SE DEFENDANTS   CASE NO. CV-03-187Q

IN THE CIRCUIT COURT
OF GENEVA COUNTY, ALABAMA,

Dates & Times of Motions:
Case Filed by Plaintiff on Dec 30, 2003,
Served to Defendants on Feb 23, 2004,

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA
Summ. Motion:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
CASE NO. CV-03-187Q

Defendants Alice Kelly, et al, oppose plaintiff's motion for
civil charges and request a summary judgment to dismiss this
suit, as plaintiff has made false statements of malicious
prosecution.

Winston Davis has not met the prerequisite to prove malicious prosecution:

In **State of Alabama Code, Wilson v. Brooks** (Ala.369 So.2d 1221), it states: "Termination of the prior proceeding in favor of plaintiff is a prerequisite for a successful malicious prosecution action".

    (1) In Geneva County Case 1999 000126.00, State of Alabama brought criminal charges against Winston Davis based on complaint of Alice Kelly when Winston Davis defrauded her on a remodeling contract. Winston Davis was tried in the Criminal Court in Geneva, Alabama on June 8, 2000, and was found guilty. The jury returned a verdict of, "We the jury find the Defendant, Winston Davis, guilty of theft by deception in the First Degree" **(see attached Exhibit "A")**.

    (2) Based on two prior felony counts of fraud, Winston Davis was listed as a Habitual Offender, sentenced to 40 years in the state penitentiary, and required to pay victim (Alice Kelly) the sum of $30,000 in restitution **(see attached Exhibit "A")**.

In **State of Alabama Code, Turner v J. Balch & Sons**, (242 Ala.127,129, 5 So.2d 93,94 (1941), it states: "It is generally considered that the following elements must be shown in order to maintain an action for malicious prosecution: (1) the institution or continuation of original proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5 want of probable cause for the proceedings; and (6) the suffering of injury or damage as a result of the action or prosecution complained of."

    (1) Ref(3)above: Appeal of original proceedings was denied. State of Alabama Court of Criminal Appeals upheld the original judgment of theft by deception on March 9, 2001 **(see attached Exhibit "B")**.

(2) Ref(4)above: Alice Kelly, et al, have never sought any criminal warrant against Winston Davis other than the aforementioned theft by deception case, or ever taken any malicious action against him.

(3) Ref(5)above: Probable cause was supported by the overwhelming evidence in the theft by deception case against Winston Davis, which resulted in a guilty verdict and subsequent denial of his appeal of this case.

Defendants (Alice Kelly, et al) do not at this time seek sanctions for the frivolous proceedings being brought by Winston Davis. However, should he continue to pursue such unfounded civil actions against us we may have to seek them at a later date. He is attempting to use the court system to harass defendants who have already been damaged by his prior criminal action.

SIGNED:

_____        _____
Alice Kelly                                        5 March 04
                                                        Date

_____        _____
Barbara Morris                                    3/5/04
                                                        Date

_____        _____
Gary Grantham                                   March 5, 04
                                                        Date

_____        _____
Rachel Townsend                                   Date

*61*

The State of <u>Alabama</u>

<u>Geneva</u> COUNTY

I <u>Donna Bass</u> hereby certify that <u>Alice
Kelly</u> whose name is signed to the foregoing conveyance, and who
is known to me, acknowledged before me on this day that, being
informed to the contents of the conveyance, she executed the same
voluntarily on the day the same bears date. Given under my hand
this <u>Mar 5th</u> day of <u>2004</u>

My commission expires: 1-15-06

<u>Donna Bass</u>
Notary Public

The State of <u>Alabama</u>

<u>Geneva</u> COUNTY

I <u>Donna Bass</u> hereby certify that <u>Barbara
Morris</u> whose name is signed to the foregoing conveyance, and who
is known to me, acknowledged before me on this day that, being
informed to the contents of the conveyance, she executed the same
voluntarily on the day the same bears date. Given under my hand
this <u>Mar 5th</u> day of <u>2004</u>

My commission expires: 1-15-06

<u>Donna Bass</u>
Notary Public

The State of <u>Alabama</u>

<u>Geneva</u> COUNTY

I <u>Donna Bass</u> hereby certify that <u>Gary
Grantham</u> whose name is signed to the foregoing conveyance, and
who is known to me, acknowledged before me on this day that,
being informed to the contents of the conveyance, he executed the
same voluntarily on the day the same bears date. Given under my
hand this <u>Mar 5th</u> day of <u>2004.</u>

My commission expires: 1-15-06

<u>Donna Bass</u>
Notary Public

*62*

The State of <u>Alabama</u>

_____COUNTY

I _____ hereby certify that <u>Rachel</u>
<u>Townsend</u> whose name is signed to the foregoing conveyance, and
who is known to me, acknowledged before me on this day that,
being informed to the contents of the conveyance, she executed
the same voluntarily on the day the same bears date.  Given under
my hand this _____ day of <u>2004</u>.


My commission expires:                    _____
                                          Notary Public



This instrument was prepared by: <u>Alice Kelly, 115 E. Campbell</u>
<u>Ave., Geneva, Alabama, 36340</u>

EXHIBIT "A"

INDICTMENT                                                    *CC 99-126*

                                                    CIRCUIT COURT

# THE STATE OF ALABAMA

### GENEVA COUNTY

July 29, _____ TERM 1999

The Grand Jury of said County Charge that, before the finding of this Indictment


one Winston Davis, did knowingly obtain by deception unauthorized control over United States Currency, the property of Alice Kelly in an amount exceeding $1000.00 dollars, with intent to deprive the owner of said property, in violation of Section 13A-8-3 of the Code of Alabama,


STATE OF ALABAMA
COUNTY OF GENEVA
his is to certify that the foregoing is a true and correct
opy of the Document on file in my office.

Witness my hand and seal this _____*2nd*_____ day of

_____*March*___, 20 *04*

_____*Gail Laye*_____ Clerk/Register

against the peace and dignity of the State of Alabama

District Attorney of the 33rd Judicial Circuit

ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 1999 000...
CASE ACTION SUMMARY
CIRCUIT   CRIMINAL                          RUN DATE:

THE CIRCUIT COURT OF   GENEVA                    VS   DAVIS WINSTON
                                                      2100 TRAWICK RD LOT 14
TE  OF ALABAMA
  CC 1999 000126.00                                   DOTHAN, AL  36305 0000

06/00/0000     SEX:     RACE:     HT: 5 10   WT: 205   HR: GRY EYES: GRY
  417683548  ALIAS NAMES:

CC  THEFT BY DECEPT 1ST  CODE: 1071 LIT: THEFT BY DECEP TYPE F
INST DATE: 07/29/1999               AGENCY/OFFICE: 0340000

  INDICTED: 07/30/1999               DATE ARRESTED: 05/05/1999
  RELEASED: 05/05/1999               DATE  FILED: 06/08/1999
  AMOUNT: $50,000.00 P               DATE HEARING:
        6400         DESC:  JTRL      SURETIES:  Property
                     DESC:            TIME: 0930 A
                     DESC:            TIME: 0000

ING ROS:
DEF/ATY: Waldrop, Richard (WAL051)   Johnson, L. Scott, Jr. (JOH094)
         PO Box                      PO Box 1547
         Enterprise, AL  36331       Montgomery, AL  36102

ECUTOR: EMERY, DAVID C

CASE                CHK/TICKET NO:              GRAND JURY: 1
REPORTER:           SID NO:
STATUS:             DEMAND:                     OPER:

ACTIONS, JUDGEMENTS, AND NOTES

| 13/99 | Motion to produce of defendant.  dmb |
| 13/99 | Order.  CLW  dmb |
| -31-99 | Hon. Cracker Waldrop appt'd. to represent Def. for arraignment purposes + otherwise atty after the reading of the indictment Def. enters plea of not guilty. Placed on I.D. Def. to retain counsel. - Clw |
| 7/99 | Motion to dismiss.  dmb |
| 7/99 | Motion to dismiss set for hearing on Sept. 17, 1999 at 10:00 A.M.  Notify CLW) |
| /99 | Notify DA, PO, SO and Defendant.  dmb |
| 6/99 | Motion for continuance.  dmb |
| 6/99 | Motion for discovery.  dmb |
| 6/99 | Order.  dmb |
| -17-99 | Motion to dismiss denied. Discovery Order to be issued. Case cont'd for Def. to () next term. - Clw. |
| 1/20/99 | Order 7 Discovery |
| 1/20/99 | Copy to DA & Waldrop |

ALABAMA JUDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1999
JUDGE ID: CLW

STATE OF ALABAMA                    VS    DAVID WINSTON

DATE    ACTION, JUDGMENTS, CASE NOTES

'20/99    Motion to withdraw the theft by deception charge. (Submitted by defendant).   dm

'21/99    Copy motion to DA and Waldrop.  dmb

21/99    Motion to withdraw Charge denied. Notify - CLW

21/99    Notify DA, PO, SO and Waldrop.  dmb

/23/99    Defendant's motion for funds for transcript.  dmb

23/99    Motion to be considered during week of Sept 27, 1999. Notify. CLW

23/99    Copy CAS to Waldrop.  dmb

29/99    Motion for funds for Transcript denied - Notify. CLW

9/99    Copy CAS to DA, SO and Waldrop.  dmb

13-00    Motion.

14-00    FAX Motion to transport. RB

8-00    Motion to Transport. RB

15-00    Order

24-00    Continuance Granted at request of States Def. And
24-00    Def makes statement re counsel following. And
         Counsel motion to withdraw for lack of
         cooperation. Under advisement.

25/00    Copy CAS to DA, SO, and Waldrop.  dmb

5/00    Hon Richard Waldrop motion to withdraw granted.

5/00    Hon Charles Blakeney appointed to represent Defendant.

6/00    Copy to Waldrop, Blakeney & DA

8/00    Request to compel disclosure request for production.  dmb

10/00    Order for Production. CLW

/10/00    Motion for speedy trial.  dmb

/10/00    Motion for transfer of defendant.  dmb

3/13/00    Cause set for trial next term ...

15/00    Copy CAS to DA, PO, SO and Blakeney.  dmb

'30/00    Defendant's motion for funds to fly to Phoenix, Arizona and depose Michael Cosc

'30/00    Defendant's motion for funds for an architectural engineer.

0/00    Defendant's motion for funds for a private investigator.

0/00    Motion requesting issuance of a subpoena duces tecum.

0/00    Motion requesting issuance of a subpoena duces tecum.  dmb

'12/00    Defendant's motion for funds with which to hire a certified public accountant.

67

ALABAMA UDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1999 0001[illegible]
JUDGE ID: FBM

E OF ALABAMA VS DAVIS WINSTON

| TE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 2/00 | Subpoena duces tecum. dmb |
| 0/00 | Motion for transfer of defendant. |
| 0/00 | Motion for change of vewnue. |
| 0/00 | ~~Motion to compel disclosure/motion to compel production.~~ |
| 0/00 | Request for permission for defendant to be present at deposition of Michael Casconi and petition for funds with which to pay the expense of travel. |
| 0/00 | ~~Motion requesting issuance of a subpoena duces tecum - Barbara Morris.~~ |
| 0/00 | Motion requesting issuance of a subpoena duces tecum - Sheriff Greg Ward. |
| 0/00 | Petition for extraordinary expenses to pay attorney's fees. |
| 0/00 | ~~Motion requesting issuance of a subpoena duces tecum - Harry O. Adkison.~~ |
| 0/00 | Motion requesting issuance of a subpoena duces tecum - Rachel Townsend. |
| 0/00 | Motion requesting issuance of a subpoena duces tecum - PO Madison County, AL. |
| 0/00 | ~~Motion requesting issuance of a subpoena duces tecum - PO Geneva County, AL.~~ |
| 25/00 | All motions filed are hereby denied. Notify. Clw |
| 15/00 | Transport order 10 days prior to trial. Notify. Clw |
| 7/00 | Copy CAS to DA, PO, SO and Blakeney. dmb |
| 27-00 | Transport order prepared. [illegible] |
| /00 | Motion to suppress. |
| /00 | Defendant's objection to the denial of requests for funds and request for reconsideration. dmb |
| 7/00 | All motions to be heard prior to trial. Notify. Clw |
| /00 | Copy CAS to DA, PO, SO and Blakeney. dmb |
| 6/00 | Transport order. dmb |
| 26-00 | Defendant transported to Geneva County Jail. [illegible] |
| 26-00 | Trial Docket. - Clw. |
| 1/00 | Motion (from Defendant). dmb |
| 16/00 | Motion for Dismissal filed by Blakeney. |
| 6-00 | Jury struck. - Clw. |
| 7-00 | Case tried to jury. - Clw. |
| 8-00 | Case tried to jury. Jury returned verdict as follows: "We the jury find the Defendant, Winston Davis, guilty of Theft by Deception in the First Degree." Court adjudges Def. guilty & orders a pre-sentence investigation. Sentence hearing set for June 30, 2000, at 11:00 A.M. Clerk to notify. - Clw. |

ALABAMA JUDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CONTINUATION

CASE NO. 1999 000126.00
JUDGE 1ST CIV

OF ALABAMA                    VS        DAVID WINSTON

ACTION, JUDGMENTS, CASE NOTES

| | |
|---|---|
| /00 | Copy CAS to DA, PO, SO and Blakeney.  dmb *(handwritten)* |
| /00 | Habitual offender notification (from DA)  dmb |
| 0-00 | *Motion for transfer of Defendant.* |
| '00 | Alabama board of pardons and paroles report of investigation.  dmb |
| 100 | *Attorney's fee declaration.* |
| 100 | *Transport pick prepared -* |
| 200 | *Defendant returned forever to Jail.* |
| 30-00 | *Def. sentenced to 40 yrs. in St. pen., under the Amended Felony Habitual Offender Act. Def. to pay CC, IAF, $50.00 VCF + restitution to victim in the sum of $30,000.00. Court appoints the law firm of Johnson & Birdsong for appeal purposes. Clerk to notify. / Clk.* |
| 00 | Copy of Case Action Summary FAXED to Johnson and Birdsong at (334) 834-2336 |
| 00 | *Motion to dismiss the conviction of theft by deception.* |
| 00 | *Copy CAS to DA, SO, PO and Blakeney.* |
| -00 | *Transcript of record (prepared for) DOC.* |
| -00 | *Attorney's fee declaration.* |
| -00 | *Restitution Affidavit. MB* |
| '00 | Letter from Defendant requesting certified copy court transcript.  dmb |
| 00 | Letter to Defendant with instructions to contact Rachel Hood at 334 774-3726.  dmb |
| 00 | Defendant's motion for release pending appeal.  dmb |
| '00 | *Def. motion for release set for hearing on Aug. 8, 2000 at 11:00 A.M. / notify / Clk.* |
| '00 | Copy CAS to DA, PO, SO and Johnson.  dmb |
| 100 | *The motion for release pending appeal is hereby denied. Transport order dated July 26, 2000 is hereby rescinded. Appointed attorney may contact Def. at Elmore Correctional Facility. Notify. Charles L. Woods, Judge.* |
| 28/00 | The motion for release pending appeal is hereby denied.  Transport order dated July 26, 2000 is hereby rescinded.  Appointed attorneys may contact Defendant at Elmore Correctional Facility.  Notify.  Charles L. Woods, Judge. |
| 28/00 | Copy CAS to DA and Johnson.  dmb |

69

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1999 000126.00
JUDGE ID: CLW

OF  ALABAMA                    VS    DAVIS WINSTON

ACTION, JUDGMENTS, CASE NOTES

| | |
|---|---|
| /00 | Letter from Defendant requesting copy CAS. |
| /00 | Copy CAS mailed to Defendant.  dmb |
| /00 | Letter from Defendant |
| /00 | Notice of Appeal |
| 3/00 | Motion for Forma Pauperis Status filed by defendant |
| /00 | Motion to Arrest Judgment filed by defendant |
| /00 | Motion for Supplemental Record filed by defendant |
| /00 | Amended Notice of Appeal filed. |
| 3/9/01 | Appellant's Brief filed - |
| 20/01 | Order - App for Rehearing overruled by Lane Mann |
| /01 | Order - Judgment Affirmed by Lane W. Mann |
| 25/01 | See CC-96-219 wherein Davis filed Mot for new Trial + to Set aside sentence (gf) (Mot. for New Trial was Denied 3/14/02) KW@ |
| 02 | See C.A.S. to CC-96-219.60 wherein def this date filed Motion for Relief from Conviction w/ Motion for Transport Order. (motions are listed under 96-219 but defendant has listed this case (99-126) also on the motions ) # |
| /02 | CAS to DA - Dillian, gf |
| /02 | CAS FAXED TO Jean Theurason - AG's Office |
| /02 | CAS mailed to Theurian w/ cover of 4/3/02 Mot filed in 96-219/221/221 (gf) |
| /04 | See CAS for CC-99-126.60 for Rule 32 |

STATE OF ALABAMA
COUNTY OF GENEVA
This is to certify the foregoing is a true and correct
copy of the Document on file in my office.
_____ pages and that page (85)
Witness my hand this the ____2-6____ day of
_____
B. Ande  TU
Judy Gray _____ Clerk/Register

70

Exht. OI, "B"

# THE STATE OF ALABAMA — JUDICIAL DEPARTMENT
## THE COURT OF CRIMINAL APPEALS

71

### CERTIFICATE OF JUDGMENT

Criminal Appeals Case          CR-00-0344

Winston Davis v. State of Alabama (Appeal from Geneva Circuit Court: CC99-126).

Whereas, the appeal in the above cause having been duly submitted and considered, it is now hereby certified that on the 9th day of March, 2001, the judgment of the court below was affirmed.

Witness, Lane W. Mann, Clerk,
Court of Criminal Appeals, this
22nd day of June, 2001

Clerk
Court of Criminal Appeals
State of Alabama

## FILED IN OFFICE

JUN 2 7 2001

CLERK

72

```
352                                         CV 2003 000187.00
                                   JUDGE: KENNETH W. QUATTLEBA

---------------------------------------------------------------
              ALABAMA JUDICIAL DATA CENTER
              CASE ACTION SUMMARY CONTINUATION
                     CIRCUIT CIVIL
---------------------------------------------------------------
N THE CIRCUIT COURT OF    GENEVA        COUNTY

WINSTON DAVIS V ALICE KELLY, ET AL
LED:  12/30/2003 TYPE:  OTHER CV CASE        TYPE TRIAL:  JURY      TRACK:

*************************************************************
TE1:          CA:                    CA DATE:
TE2:          AMT:          $.00   PAYMENT:
*************************************************************
```

8/04 | Motion for Subpoena Duces Tecum is denied /s/KWQ 9

8/04 | Motion to Transport is denied /s/KWQ 9

8/04 | Motion to proceed Informa Pauperis is granted, except Pltf shall pay cost of

service by certified mail in amount of $58.56 /s/KWQ 9

3/04 Service will not be issued until receiving of CM fees 9
CAS to Davis

3/04 S/C Motion issued to DCSO for service on Kelly,
Morris, Townsend, Brantham (Defs came in
service) 9

2/04 Amy Branham, Rachel Townsend, Barbara Morris, & Alice Kelly served on 2/23/04
CC to Winston Davis to Lawyer

5/04 Memo in support of Defs' Motion for S/J filed
Pro Se by Kelly, Morris, Brantham 9

2/04 Motion for S/J filed by Kelly for Defs, Kelly,
Morris, Brantham, Townsend 9

4/04 Memo in support of S/J filed by Townsend 9

4/04 Motion / Memo in support mail to Pltf 9

19/04 Motion for S/J is set for hearing 5/13/04 at 9:00 a.m. K9

22/04 CAS to Pltf and Defs Kelly, Morris, Townsend,
Brantham 9

30/04 Req for Prod of Docs of Kelly, Morris filed by
Pltf Pro Se 9

7/04 Notice from Def. Kelly to pass at P/T already set for hearing May 13 9

5/04 Motion for Leave to Amend Defs Motion for S/J
filed w/ CA filed by Pltf Pro Se 9

16/04 All motion will be heard 5/13/04 at 9:00 a.m. K9

4/13/04 CAS to Davis, Kelly, Morris, Townsend, Brantham

5/3/04 Motion for Court to Deny Def Alice Kelly's
Motion for S/J filed by Pltf, Pro Se 9

```
----------
01/07/2004
```

COURT'S COPY. 73

IN THE CIRCUIT COURT
OF GENEVA COUNTY

WINSTON DAVIS
PROSE PLAINTIFF,

FILED IN OFFICE

MAR 30 2004

Dale Loy J
CLERK

US.                          CIVIL ACTION NO. 03-187 Q.

ALICE KELLY ETAL,
DEFENDANTS.

REQUEST FOR PRODUCTION OF DOCUMENTS
OF ALICE KELLY AND BARBARA MORRIS

TO DEFENDANTS ALICE KELLY AND BARA MORRIS
PROSE DEFENDANTS.

PURSUANT TO ALL APPLICABLE RULES
GOVERNING CIVIL PROCEDURE, YOU ARE
REQUESTED TO PRODUCE, WITHIN THIRTY
"(30) DAYS FROM THE DATE OF SERVICE OF
THIS REQUEST, THE FOLLOWING DOCUMENTS,
RECORDS, PAPERS, TANGIBLE THINGS WHICH
ARE IN YOUR POSSESSION, CUSTODY OR
CONTROL, TO WIT:

P1

74

NOTE: WHEN USED HEREIN, THE TERM "you" AND "your" ARE INTENDED TO, AND SHALL EMBRACE AND INCLUDE IN ADDITION TO YOU, THE NAMED PARTY TO WHOM THEY ARE DIRECTED, YOUR ATTORNEY, THE PARTY OR PARTIES FOR YOU ARE SUING, AND ANY AND ALL AGENTS, EMPLOYEES, REPRESENTATIVES, PRIVATE INVESTIGATORS, AND OTHERS WHO ARE IN POSSESSION OF OR MAY HAVE OBTAINED INFORMATION FOR OR ON YOUR BEHALF.

1. ANY AND ALL LETTERS, MEMORANDA, FILES, CORRESPONDENCE, NOTES, INSTRUMENTS, RECORDS, PAPERS, DOCUMENTS OR THINGS OF ANY AND EVERY KIND WHICH RELATE IN ANY WAY TO A "JOINT ACCOUNT" AT ANY BANK BETWEEN "ALICE KELLY AND BARBARA MORRIS" AT ANY BANK IN THE STATE OF ALABAMA OR FLORIDA WHICH WOULD SHOW A $3,000.00. WITHDRAWAL FOR THE MONTH OF SEPTEMBER 1998 AND A RE DEPOSIT OF $3,000.00 FOR THE MONTH OF SEPEMBER AND OR OCTOBER 1998.

P2.

75

2. AND HAVE AN OFFICER OF SAID
BANK ATTACH AN AFFIDVAITS THAT
SAID JOINT ACCOUNT IS A TRUE
BILL

3. AND FOWARD THE SAID RECORDS TO THE
GENE VA COUNTY CIRCUIT COURT CLERK
WITH A CENTIFICATE OF SERVICE TO
MAIL PLAINTIFF WINSTON DAVIS A COPY.

RESPECTFULLY SUBMITTED
DONE THIS MARCH 28, 2004 Winston Davis
WINSTON DAVIS
PRO SE PLAINTIFF
519 SANTOLINA RD
DOTHAN, ALABAMA
36303

P.3.

76

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE ON THIS MARCH 28, 2004, SERVED A COPY OF THE FOREGOING PLEADING ON THE FOLLOWING NAMED PERSONS BY PLACING THE SAME POSTAGE PRE PAID FIRST CLASS MAIL ADDRESSED TO THE GENEVA COUNTY CIRCUIT COURT CLERK TO MAIL TO DEFENDANTS

DEFENDANTS ADDRESS :

ALICE KELLY
4672 WIND STARR DRIVE
DESTIN, FL. 32541

BARBARA MORRIS
111 E. CAMPBELL AVE.
GENEVA, ALABAMA 36346

RACHEL TOWNSEND
126 DEER RUN LANE
HARVEST, AL 35749

P4.

77

GARY D. GRANTHAM
307 NORTH MERRITT ST.
GENEVA, AL 36340

*Winston Davis*

3/30/04 - Mailed Def's Copies as furnished
by Pltf to above listed Defs.

P 5.

*78*

115 East Campbell Avenue
Geneva, Alabama 36340
April 2, 2004

FILED IN OFFICE

APR 0 7 2004

*Gale Laye*
CLERK

Gale Laye
Clerk of the Circuit Court
P. O. Box 86
Geneva, Alabama 36340

Reference:    Winston Davis v Alice Kelly, et als
              Case CV 2003 000187.00

Dear Madame:

The purpose of this letter is to request that we be granted a waiver of the pre-trial
conference in the above referenced case, scheduled before Hon. Kenneth W. Quattlebaum
on April 15, 2004.

We have filed a motion for summary judgment in this case, and a date of May 13, 2004
has been set for this hearing before Judge Quattlebaum.  The outcome of his ruling will
determine whether or not this case goes to trial.

Respectfully submitted,

*Alice R. Kelly*

Alice R. Kelly, et als

IN THE CIRCUIT COURT
OF GENEVA COUNTY ALABAMA

WINSTON DAVIS
PRO SE PLAINTIFF,

VS.                              CV. 03-187Q

                                 FILED IN OFFICE

ALICE KELLY, ET AL.,             APR 0 8 2004
PRO SE DEFENDANTS.
                                 CLERK

MOTION FOR ORDER TO STRIKE
DEFENDANTS MOTION FOR SUMMARY
JUDGEMENT FILED WITH THIS COURT ON
MARCH 10. 2004, PURSUANT TO CODE OF
ALABAMA 1975 § 34-3-1

COMES NOW PLAINTIFF WINSTON DAVIS, PRO SE.
IN THE ABOVE STYLED CAUSE OF ACTION AN MOVES
THIS HONORABLE COURT FOR AN ORDER TO STRIKE
DEFENDANTS MOTION FOR SUMMARY JUDGMENT
AND GOOD CAUSE HERE SET FORTH.

1.

_80_

<u>Brief Summary of .</u>

1. On December 26, 2003, Plaintiff Winston Davis filed this civil action against defendants Alice Kelly, Barbara Morris, Rachel Townsend and Gary Grantham.

2. On February 23, 2004 this civil cause of action was served upon the defendants Alice Kelly, Barbara Morris, Rachel Townsend and Gary Grantham.

3. On or about March 8, 2004, this honorable court set a pre trial conference hearing.

4. On March 10, 2004 the defendants Alice Kelly, Barbara Morris, Rachel Townsend Gary Grantham filed a motion for Summary Judgment, there in defendant Alice Kelly P3. is attempting to represent defendants Barbara Morris, Rachel Townsend and Gary Grantham, in this civil cause of action Pro Se. in violation of code of Alabama 1975 § 34-3-1 practicing law in the state of Alabama.

2.

81

## STATEMENT OF FACTS

PLAINTIFF WINSTON DAVIS ASSERTS THAT THE CODE OF ALABAMA 1975 § 34-3-1 CLEARLY STATES:

§ 34-3-1. UNLAWFUL PRACTICE OF LAW; PENALTY.

" IF ANY PERSON SHALL, WITHOUT HAVING BECOME DULY LICENSED TO PRACTICE OR WHOSE LICENSE TO PRACTICE SHALL HAVE EXPIRED EITHER BY DISBARMENT, FAILURE TO PAY HIS LICENSE FEE WITHIN 30 DAYS AFTER IT BECOMES DUE, OR OTHERWISE, PRACTICE OR ASSUME TO ACT OR HOLD HIMSELF OUT TO THE PUBLIC AS A PERSON QUALIFIED TO PRACTICE OR CARRY ON THE CALLING OF A LAWYER, " HE SHALL BE GUILTY OF A MISDEMEANOR AND FINED NOT TO EXCEED $500.00, OR BE IMPRISONED FOR A PERIOD NOT TO EXCEED SIX MONTHS, OR BOTH."

## ARGUMENT

PLAINTIFF WINSTON DAVIS ASSERTS THAT DEFENDANT ALICE KELLY PROCESSED THE SUMMARY JUDGMENT MOTION NOT JUST FOR HERSELF BUT FOR

3.

THE OTHER DEFENDANTS BARBARA MORRIS, RACHEL TOWNSEND AND GARY GRANTHAM AND IS IN VIOLATION OF CODE OF ALABAMA 1975 § 34-3-1 " PRACTING LAW WITHOUT A LICENSE.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED PLAINTIFF WINSTON DAVIS MOVES THIS HONORABLE COURT TO ISSUE AN ORDER TO STRIKE DEFENDANTS MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW.

RESPECTFULLY SUBMITTED

DONE THIS APRIL      2004. Winston Davis
                              PRO SE Plaintiff
                              Santolina RD.
                              Dothan, Al 36303.

4.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE HAND DELIVERED A COPY OF THE FOREGOING PLEADINGS UPON THE CIRCUIT COURT CLERK ___ SERVE UPON DEFENDANT ALICE KELLY ACTING AS PRO SE COUNSEL FOR DEFENDANTS BARBARA MORRIS RACHEL TOWNSEND, AND GARY GRANTHAM, POSTAGE PAID BY PLAINTIFF WINSTON DAVIS PROPERLY ADDRESSED TO ALICE KELLY 115 EAST CAMPBELL STREET GENEVA, ALABAMA 36340.
DONE THIS APRIL 7, 2004 ___ Winston Davis

Copy placed in mail this date to Alice Kelly
4/8/04

5.

```
1352                                          CV 2003 000187.00
                              JUDGE: KENNETH W. QUATTLEBA
------------------------------------------------------------
                ALABAMA JUDICIAL DATA CENTER
               CASE ACTION SUMMARY CONTINUATION
                      CIRCUIT CIVIL
------------------------------------------------------------
IN THE CIRCUIT COURT OF GENEVA        COUNTY
------------------------------------------------------------
WINSTON DAVIS V ALICE KELLY, ET AL
FILED: 12/30/2003 TYPE: OTHER CV CASE    TYPE TRIAL: JURY    TRACK:
------------------------------------------------------------
DATE1:        CA:            CA DATE:
DATE2:        AMT:           $.00   PAYMENT:
------------------------------------------------------------
```

8/04 | Motion for Subpoena Duces Tecum is denied /s/KWQ

8/04 | Motion to Transport is denied /s/KWQ

8/04 | Motion to proceed Informa Pauperis is granted, except Pltf shall pay cost of service by certified mail in amount of $58.56 /s/KWQ

3/04 | Service will not be issued until receiving of CM fees
CAS to Davis

3/04 | S/C/ Motion issued to DCSO for service on Kelly,
Morris, Townsend, Grantham (Dfs came in for service

2/24/04 | Amy Grantham, Rachel Townsend, Barbara Morris, & Alice Kelly Served on 2/23/
CC to Winston Davis, to lawyer.

3/04 | Memo in support of Dfs' Motion for S/J filed
Pro Se by Kelly, Morris, Grantham

2/04 | Motion for S/J filed by Kelly for Dfs, Kelly,
Morris, Grantham Townsend

4/04 | Memo in Support of S/J filed by Townsend
4/04 | Motion / Memo in Support mailed to Pltf

19/04 | Motion for S/J is set for hearing 5/13/04 at 9:00 a.m.

13/04 | CAS to Pltf and Dfd Kelly, Morris, Townsend,
Grantham

30/04 | Req for Prod of Docs of Kelly, Morris filed by
Pltf Pro Se

7/04 | Notice from Def. Kelly to pass at Pltf - already set for hearing May 13

3/04 | Motion for Order to Strike Dfs Motion for S/J
filed W/ CF filed by Pltf Pro Se

6/04 | All motions will be heard 5/13/04 at 9:00 a.m.
3/12/04 | CAS to Davis, Kelly, Morris, Townsend, Grantham
5/7/04 | Motion for Court to Deny Def Alice Kelly's
Motion for S/J filed by Pltf, Pro Se

01/07/2004

IN THE CIRCUIT COURT
OF GENEVA COUNTY ALABAMA

WINSTON DAVIS
PRO SE PLAINTIFF,

V.S.                                    CIVIL ACTION NO 03-187-Q

                                        FILED IN OFFICE

ALICE KELLY ET AL.,                     MAY - 7 2004
       DEFENDANTS.
                                        CLERK

MOTION FOR COURT TO DENY
DEFENDANT ALICE KELLY'S MOTION
FOR SUMMARY JUDGEMENT PURSUANT
TO CODE OF ALABAMA 1975 § 12-21-12

COMES NOW, PLAINTIFF WINSTON DAVIS
PRO SE, IN THE ABOVE STYLED CAUSE OF
ACTION AND MOVES THIS HONORABLE COURT
TO ISSUE AN ORDER DENYING DEFENDANT
ALICE KELLY'S MOTION FOR SUMMARY
JUDGEMENT AND FOR GOOD CAUSE HERE
SET FORTH.

1.

86

<u>BRIEF SUMMARY OF CASE</u>
<u>CV 03-187 @ FILED ON</u>
<u>DECEMBER 26 2003</u>

1. ON JUNE 1, 1999, DEFENDANT ALICE
KELLY FILED A CRIMINAL CHARGE
WITH, GENEVA COUNTY DISTRICT ATTORNEY
DAVID EMERY.
    THEREIN DEFENDANT ALICE KELLY
TESTIFIED TO WIT:
    " ON ONE OCCASION 26, SEPTEMBER '98,
YOU ASKED THAT ALICE TAKE BACK A <u>CHECK</u>
GIVEN TO YOU EARLIER THAT DAY AND GIVE
YOU <u>CASH</u> INSTEAD. ALICE ASKED HER
SISTER BARBARA MORRIS TO DRAW OUT
THE <u>MONEY</u> FROM A <u>JOINT ACCOUNT</u> ON
MONDAY AND GIVE YOU THE <u>CASH</u> IN RETURN
FOR THE <u>CHECK</u>. WHICH <u>"BARBARA DID."</u>
ALICE THEN ISSUED A CHECK FOR $3,000.00
ON 29, SEPTEMBER '98 TO <u>BARBARA TO</u>
<u>REIMBURSE HER</u>, THE $3,000.00 CHECK TO YOU
<u>WAS THEN VOIDED.</u> "
    * SEE <u>PLAINTIFF WINSTON DAVIS'S EXHIBIT</u>
<u>NO. 1. ATTACHED</u> "

2.

ON JULY 29, 1999, THE GENEVA COUNTY GRAND JURY CHARGE THAT, BEFORE THE FINDING OF THIS INDICTMENT ONE WINSTON DAVIS, DID KNOWINGLY OBTAIN BY DECEPTION UNAUTHORIZED CONTROL OVER "UNITED STATES CURRENCY," THE PROPERTY OF "ALICE KELLY" IN AN AMOUNT EXCEEDING "$ 1,000.00 DOLLARS," WITH "INTENT" TO "DEPRIVE" THE "OWNER" OF SAID "PROPERTY", IN "VIOLATION" OF SECTION 13A-8-3 OF THE CODE OF ALABAMA." CC 99-126

SEE PLAINTIFF WINSTON DAVIS'S EXHIBIT NO. 2 ATTACHED

3. ON JUNE 8, 2000 THE GENEVA COUNTY GRAND JURY RETURNED A VERDICT OF GUILTY IN THE FIRST-DEGREE AS CHARGED IN THE INDICTMENT CC 99-126

4. ON JUNE 8, 2000, THE TRIAL COURT JUDGE CHARLES L. WOODS ISSUED AN ORDER FOR A PRE SENTENCE REPORT.

3.

5. ON JUNE 23, 2000, THE ALABAMA BOARD
OF PARDONS AND PAROLES OFFICER
GREGORY W. HUGHES SUBMITTED
HIS PRE SENTENCE REPORT,
WHICH STATES IN PERTINENT PART:
C-174

"THERE WAS NO FORMAL WRITTEN REPORT
COMPLETED BY ANY LAW ENFORCEMENT
AGENCY OR THE DISTRICT ATTORNEY'S
OFFICE IN REFERENCE TO THIS CASE.
THIS OFFICER DID FIND A TRANSCRIBED
INTERVIEW THAT TOOK PLACE BETWEEN
THE DEFENDANT AND INVESTIGATOR
JIMMY HAND OF THE GENEVA COUNTY
DISTRICT ATTORNEY'S OFFICE HOWEVER,
DID NOT REFLECT ANY SPECIFIC ACT
THAT WINSTON DAVIS COMMITTED."

"IN ADDITION, THIS OFFICER" FOUND A
"WRITTEN LETTER" SUBMITTED BY THE VICTIM
IN THIS CASE, ALICE KELLY, ADDRESSED
TO WINSTON DAVIS OUTLINING WHAT
WINSTON DAVIS "NEGLECTED" TO DO AS FAR
AS FULFILLING THE CONTRACT WITH MS.
KELLY. (THIS OFFICER IS PROVIDING

4.

...THE COURT A COPY OF THAT LETTER WHICH
...WAS SUBMITTED BY MS. ALICE KELLY
...TO THE DISTRICT ATTORNEY'S OFFICE.)
"THIS OFFICER" WOULD "ASSUME" THAT
"BASED ON THE LETTER "THAT" MS. KELLY
SUBMITTED TO WINSTON DAVES,"
"THIS WAS THE BASES "FOR "THE WARRANT"
BEING "ISSUED FOR THE ARREST OF
"WINSTON DAVES "FOR "THEFT BY
DECEPTION ."' SEE PLAINTIFF
WINSTON DAVES'S EXHIBIT NO. 3 ATTACHED
(C-173 THROUGH 178)

6. ON OR ABOUT JUNE 28, 2000, PLAINTIFF
WINSTON DAVES RECEIVED THROUGH
LEGAL MAIL AT STATON CORRECTIONAL
CENTER HIS EXHIBIT NO. 1, AND NO. 3.
28 SOME DAYS AFTER THE TRIAL OF
JUNE 6, 7 AND 8 2000.

7. ON DECEMBER 26 2003 PLAINTIFF WINSTON
DAVES FILED HIS COMPLAINT CV 03-1870

8. ON FEBRUARY 18,04 PLAINTIFF WINSTON
DAVES WAS GRANTED PAROLE 4 1/2 YEARS
EARLIE.

...

5.

...

...

9. ON FEBRUARY 22, 2004 THE DEFENDANTS ALICE KELLY, BARBARA MORRES, RACHEL TOWNSEND AND GARY GRANTHAM WAS SERVED WITH A COPY OF SAID COMPLAINT.

10. ON OR ABOUT MARCH 10, 2004 THIS HONORABLE COURT SET A PRE-TRIAL HEARING FOR APRIL 15, 2004. ONCV 03-187 Q PT. EX. NO. 4.

11. ON MARCH 10, 2004 DEFENDANT ALICE KELLY FILED "HER" PRO SE MOTION FOR SUMMARY JUDGEMENT PURSUANT TO RULE 56 ALABAMA RULES OF CIVIL PROCEDURE SEE PLAINTIFF WINSTON DAVIS'S EXHIBIT NO. 5. ATTACHED.

12. ON MARCH 28, 2004, PLAINTIFF WINSTON DAVIS FILED HIS REQUEST FOR PRODUCTION OF DOCUMENTS OF DEFENDANTS ALICE KELLY AND BARBARA MORRIS FOR A COPY OF ANY AND ALL BANK STATEMENTS AT ANY ANY BANK FOR THE STATE OF ALABAMA AND OR FLORIDA WHICH WOULD REFLECT A CASH WITHDRAWAL OF $3,000.00 FOR THE MONTHS

6.

91

SEPTEMBER AND OR OCTOBER 1998 OF
A JOINT ACCOUNT AND A RE DEPOSIT
OF $3,000.00 FOR THE MONTHS OF
SEPTEMBER OR OCTOBER OF '98
PURSUANT TO PLAINTIFF WINSTON
DAVIS'S EXHIBIT NO. 1. ATTACHED.
SEE PLAINTIFF WINSTON DAVIS'S
EXHIBIT NO. 6 ATTACHED.

13. ON APRIL 8, 2004 PLAINTIFF WINSTON
DAVIS FILED HIS MOTION TO "STRIKE"
DEFENDANT ALICE KELLY'S PRO SE
MOTION FOR SUMMARY JUDGEMENT
PURSUANT TO CODE OF ALABAMA 1975
§ 34-3-1 SEE PLAINTIFF WINSTON
DAVIS'S EXHIBIT NO. 7 ATTACHED

14. ON APRIL 15, 2004 PRE-TRIAL CONFERENCE
WAS SCHEDULED, DEFENDANT ALICE
KELLY ASKED THE COURT TO RULE ON
THE MOTION FOR SUMMARY JUDGEMENT,
PLAINTIFF WINSTON DAVIS ENTERED HIS
OBJECTION TO DEFENDANT ALICE KELLY
REPRESENTING DEFENDANTS BARBARA
MORRIS, RACHEL TOWNSEND AND GARY

7.

GRANTHAM IN THAT DEFENDANT
ALICE KELLY WAS IN VIOLATION
OF CODE OF ALABAMA 1975 § 34-3-1
SEE PLAINTIFF WINSTON DAVIS'S
EXHIBIT NO. 7. ATTACHED.

## STATEMENT OF CRITICAL ISSUES TO THIS CIVIL ACTION CASE 03-187 Q

**CRITICAL ISSUE ONE:**

(A). WHETHER OR NOT DEFENDANT ALICE
KELLY WILFULLY AND INTENTIONALLY
COMMITTED FRAUD AND MISREPRESENTATION
OF MATERIAL FACTS TO THE GENEVA
COUNTY DISTRICT ATTORNEY DAVID
EMERY BY SUBMITTING FALSE EVIDENCE
AS A MATTER OF LAW? AND

(B). WHETHER OR NOT DEFENDANT ALICE
KELLY IS ENTITLED TO SUMMARY
JUDGEMENT AT THIS TIME AS A
MATTER OF LAW?

8.

CRITICAL ISSUE TWO:

WHETHER OR NOT PLAINTIFF WINSTON DAVIS IS ENTITLED TO ANSWERS TO INTERROGATORIES AND ANY DOCUMENT REQUESTED FROM THE DEFENDANTS BEFORE THE TRIAL COURT ENTER A MOTION FOR SUMMARY JUDGEMENT AS A MATTER OF LAW?

ARGUMENT

PLAINTIFF WINSTON DAVIS ASSERT THAT THIS COURT IN REVIEWING DEFENDANT ALICE KELLY'S MOTION FOR SUMMARY JUDGEMENT TO APPLY THE SAME STANDARD AS THE ALABAMA CIVIL APPEALS COURT DID IN DUDLEY V. BASS ANGLERS SPORTMEN SOC, 777 SO2D 135, 137 (ALA CIV. APP. 2000) PURSUANT TO RULE 56, ALA. R. CIV. P., ESTABLISHES A TWO PART STANDARD FOR ENTERING A SUMMARY JUDGEMENT. THE TRIAL COURT MUST DETERMINE THAT THERE IS NO GENUINE

9.

ISSUE AS TO ANY MATERIAL FACT AND
THAT THE MOVING PARTY IS ENTITLED TO
A JUDGEMENT AS A MATTER OF LAW
SEE RULE 56 (C)(3) ALA. R. CIV. P.;
GROOM V. WEST WEAVER BAPTEST
CHURCH 777 SO2D 234, 236, (ALA CIV. APP 2000)

AND
(2) FURTHERMORE TO DEFEAT A PROPERLY
SUPPORTED MOTION FOR A SUMMARY JUDGE-
MENT THE NONMOVING PARTY MUST
PRESENT "SUBSTANTIAL EVIDENCE"
CREATING A GENUINE ISSUE OF
MATERIAL FACTS. "SEE § 12-21-12
ALA. CODE 1975." "CANTRELL V. NORTH RIVER
HOMES INC. 628 SO2D 551, 553
(ALA. 1993.)" "[S]UBSTANTIAL EVIDENCE
IS EVIDENCE OF SUCH WEIGHT AND
QUALITY THAT FAIR-MINDED PERSONS
IN THE EXERCISE OF IMPARTIAL
JUDGEMENT CAN REASONABLE INFER
THE EXISTENCE OF THE FACTS SOUGHT
TO BE PROVED." SEE WEST V.
FOUNDER LIFE ASSURANCE CO. OF FLORIDA
547 SO2D 870, 871 (ALA 1989.) AND

10.

...FURTHER

... IN DETERMINING WHETHER SUBSTANTIAL

...EVIDENCE EXIST TO DEFEAT A

...PROPERLY SUPPORTED, SUMMARY   JUDGEMENT

...MOTION, A COURT MUST VIEW THE

...EVIDENCE IN THE LIGHT MOST

...FAVORABLE TO THE NONMOVING PARTY.

... SEE "GOODIN V. CITY OF FULTONDALE"

... 706 SO2U 766, 767 (ALA CIV. APP. 1997)

...

... PLAINTIFF WINSTON DAVIS ASSERTS

... AS THE ALABAMA CIVIL APPEALS COURT

...HELD IN WEST V. BRUNO'S 837 SO2U

...CITING OTHER CASE LAWS AT [1,2]

... 306 "IT CANNOT BE DENIED" THAT

... THE ENTRIES CONTAINED IN BANK

... STATEMENTS ARE GENERATED BY THE

...OWNER OF THE ACCOUNT. BANK STATEMENTS

...ARE RELIED ON EVERY DAY IN THE

...BUSINESS WORLD TO VERIFY THE

...ACCOUNT OWNER'S FINANCIAL TRANSACTIONS.

...WE HAVE NO HESITANCY IN HOLDING

...THAT BANK STATEMENT MADE IN THE

...REGULAR COURSE OF BUSINESS AND

...PRESENTED TO THE OWNER OF THE ACCOUNT

11.

...AS A RECORD OF ACCOUNT TRANSACTIONS
...ARE TRUSTWORTHLY SOURSE OF INFORMATION
...AND MAY BE ADMITTED --- AS A
PART OF THE FINANCIAL RECORDS OF THE
OWNER'S ACCOUNT.

PLAINTIFF WINSTON DAVIS ASSERTS
THAT THE ALABAMA BOARD OF PARDONS
AND PAROLES OFFICER IN HIS WRITTEN
REPORT STATED THAT THE LETTER
SUBMITTED BY MS KELLY TO
THE DISTRICT ATTORNEY WAS THE
BASES FOR THE WARRANT BEING ISSUED
FOR THE ARREST OF WINSTON DAVIS
SEE GREGORY HURGESS'S WRITTEN
REPORT, PLAINTIFF WINSTON DAVIS'S
EXHIBIT NO.3 ATTACHED AND
DEFENDANT ALICE KELLY'S LETTER
SUBMITTED TO THE DISTRICT ATTORNEY
PLAINTIFF'S EXHIBIT NO1 ATTACHED

... PLAINTIFF WINSTON DAVIS ASSERTS
... IF THERE IS NO JOINT ACCOUNT
... WHICH WOULD REFLECT A 3,000.00
... WITHDRAWAL FOR THE MONTHS OF SEPTEMBER
...
...                    12.
...

...

... AND OR OCTOBER 1998. AND A REDEPOSIT
... INTO SAID ACCOUNT, IN THE AMOUNT
... OF $3,000.00, THEN THE INVESTMENT
... WOULD BE BAD?, AND THEN
... THERE WOULD HAVE NOT BEEN A
PROBABLE CAUSE FOR THE WARRANT
BEING ISSUED FOR THE ARREST
... OF WINSTON DAVIS?

... PLAINTIFF WINSTON DAVIS ASSERTS
... THE BANK RECORDS OF THE JOINT ACCOUNT
... BETWEEN DEFENDANTS ALICE KELLY
... AND BARBARA MORRIS IS "CRUCIAL"
... TO PLAINTIFF WINSTON DAVIS'S CASE
... AS THE NON MOVING PARTY'S CASE AS THE
"ALABAMA SUPREME COURT HAS CONSISTENTLY
... STATED THAT IT IS ERROR FOR A TRIAL
... COURT TO ENTER A SUMMARY JUDGEMENT
... BEFORE THE PARTY MOVING FOR SUMMARY
... JUDGEMENT HAS PRODUCED ANSWERS
... TO INTERROGATORIES AND ANY DOCEMENT
... REQUESTED.  SEE PARR V. GOOD YEAR TIRE
... 641 SO2D 769 (ALA. 1994) TYLER V. CITY OF
... ENTERPRISE, 521 SO2D 951 (ALA. 1988).
... AND REEVES V. PORTER 521 SO2D 963, 965
... (ALA 1988).

                        13.

SEE WILLIAM V. WILLIAMS  617SO2D 1632-36
(ALA. 1992) AND SEE WEST V. BRUNO'S INC
837 SO2D 309 (ALA CIV. APP. 2002)
" IT IS CLEAR FROM OUR REVIEW
OF THE RECORDS THAT BRUNO'S BANK
RECORDS ARE NEED TO VERIFY WHEATHER
PAYMENT WAS MADE.

PLAINTIFF WINSTON DAVIS ASSERTS
THAT HE HAS [S] UBSTANTAIL EVIDENCE
SOUGHT TO BE PROVED THE
JOINT ACCOUNT BETWEEN DEFENDANT
ALICE KELLY AND BARBARA MORRIS.

        RELIEF SOUGHT

PLAINTIFF WINSTON DAVIS MOVES THIS
HONORABLE COURT FOR AN ORDER TO
DENY DEFENDANT ALICE KELLY MOTION
FOR SUMMARY AND ISSUE A COMPELLING
ORDER TO DEFENDANT ALICE KELLY
AND BARBARA MORRIS TO PRODUCE
ANY JOINT ACCOUNT OR ALL JOINT
ACCOUNTS, SEE PLAINTIFF'S
MOTION TO COMPEL(ATTACHED)

                14

RESPECTFULLY

DONE THES 1, MAY 2004   WINSTON DAVIS

*Winston Davis*

519 SANTOLINA RD

DOTHAN, AC 36303

(334) 621 8652

CERTIFICATE OF SERVICE

I HEREBY CERTIFICATE THAT I
HAVE HAND DELIVERED THE ABOVE
FOR FOREGOING TO THE GENEVA COUNTY
CIRCUIT CLERK TO BE MAILED
TO THE DEFENDANT ALICE KELLY
POSTAGE PRE-PAID BY PLAINTIFF
WINSTON DAVIS
DONE THES MAY 7, 2004

*Winston Davis*

FILED IN OFFICE

Mr. Winston Davis
Dothan, Alabama

MAY - 7 2004

*Gale Rays* MHT
CLERK

1 Jun 1999

Dear Winston

The purpose of this letter is to inform you officially that we do not believe it is your intention to complete the work we contracted and paid you for to renovate our Mother's home at 115 E. Campbell Avenue in Geneva, Alabama. You were given this contract because we needed the work done quickly, and you agreed to do it in 30 days. You convinced us this could be done because you and a friend from Huntsville, Alabama (Ed) would work inside, and you would use known subcontract personnel to simultaneously do the den and handicapped bath addition. You initially told us you would do it all for $25,000 and we settled on a final figure of $36,500, which included vinyl siding and soffits around the addition and all outside wood surfaces. In good faith, and because of this quick time schedule, we gave you significant and repeated installments of funds up-front to pay for all of the supplies and labor to get it done – except for funds to pay for the air conditioning and a final labor payment to you of $2,500 (if we were happy with the job)

You asked for the money up front because you said you did not have credit as the result of an on-going court case and had to pay in advance to get things ordered. On one occasion, 26 Sep 98, you asked that Alice take back a check given to you earlier that day and give you cash instead. According to you, you had to make payments locally that next week and did not have a local bank account to draw upon. Alice asked her sister, Barbara Morris, to draw out the money from a joint account on Monday and give you the cash in return for the check, which Barbara did. Alice then issued a check for $3,000 on 29 Sep 98 to Barbara to reimburse her. The $3,000 check to you was then voided. We accommodated you in every way possible to make it easy to do this work. Each time you came back to draw additional funds, telling us you had spent previous funding for the building supplies and to subcontract labor, we issued you more. We did this to assure you had all of the tools in hand to get this work done in the minimal time agreed to. We worked with you to select all supplies either from samples you showed us, or went to other sources with you to pick out items required to do this work. On every occasion, we selected items within the allowance you gave us, or a less costly item (as with the ceramic tile for the kitchen and den/porch addition).

It has been nine and a half months since you began this one-month job. You have been given every possible chance to make good on this contract. There have been many promises from you to meet time periods, and you have failed to keep any of them. By the 14th of November, we had issued you $34,440 against a contract price of $36,500. Since that time, we have had to pay an additional $3,871 to keep work moving – a total of $38,311. All of this against a fixed/turnkey contracted price of $36,500.

We have lived through all of the excuses for not completing this work:
(1) The first delay was because you said the company making the cabinets had their million-dollar machine break down, so we had to pick out cabinets from another company. You said it would take at least 6 weeks for the second set of cabinets to be ready.
(2) You then had the flu and had to return to Huntsville for a couple of weeks to recover.
(3) The flu turned into pneumonia for more than a month of additional lost time, and you said that your doctor wouldn't release you to come back.
(4) Your truck broke down when returning from Huntsville to start work again, so you had to turn around in Montgomery and go back home???
(5) You later returned to line up your subcontractors and get back to work, but you did not stay. You met Alice and Dianne in Destin, FL on 14 Nov after repeated requests to outline how you were going to get the remaining work accomplished. You said that you had paid for all supplies and labor except for some minimal additional items, which you outlined out of the $4,200. You said you had left. You then said the roof had cost you more than anticipated and asked for help in covering this. You asked for and received an additional $2040 on the roof, explaining that you hadn't contracted at a set price. We gave you this money, even though we were not bound by contract to do so. You then told us you had scheduled a hernia operation on 20 Nov and needed time off for

PLAINTEFF WINSTON DAVIS'S
EXHIBET NO. 1.

HELD (SUPRESSED) BY DISTRICT ATTORNEY.
SUBMITTERBY P.O. OFFICER G. HUGHES TO COURT 6/27/2000

that. We did not agree to this further delay. Alice told you that you would have to have someone else do the work if you could not continue. You had promised us that our Mother would be in her house before Thanksgiving. This had been the third deadline promise. You left Destin and immediately returned to Huntsville....not doing any further work that month.

(6) You scheduled your operation anyway and phoned to tell us you'd get the house done by 15 December. You said that your doctor said you could return to Geneva two weeks after the operation and though you couldn't do the work yourself, that you had people lined up to get the job done. You estimated that you could still do it in approximately two weeks time once you returned.

(7) You continued to delay returning. You told us during repeated calls that you had infection from the hernia and your doctor would not let you leave.

(8) You did not meet the 15 Dec deadline. You finally returned, but minimal work was done on the house, and you continued to return to Huntsville. You came to Geneva subsequently to meet with Alice to discuss again how you would get the job done. She drove up from Destin, Florida, specifically because of this. She agreed to meet with you after lunch that day, but when she called to get together, you had headed back to Huntsville. In a conversation at the first of the week, you said you were returning to set up a schedule with your subcontractors and get back to work on the house. Our expectation was that you were back to do work. But, you left word with your sister-in-law that you couldn't stay to meet with Alice because you had to get back home before bad weather.

(9) After multiple absences, you came down in January to complete work, telling the family that you would have everything done by late February. You said the kitchen cabinets would be going in the last week of February when we pressed you for a schedule. We added an extra two weeks to your schedule and told you we would give you until the 15th of March to do the work, but this meant everything, including the siding. We did not want to move our Mother in until completed. Alice even scheduled leave for the last two weeks in March to get her moved. You made a point of emphasizing to our brother-in-law, Robert Morris, saying, "You heard me say it, I'll have everything done by 15 March, and you're going to be really happy with the job."

(10) Your next reason for leaving was that your wife got the flu and you had to go back up to look after her. You then got bronchitis, but in the phone call telling Alice this...your reason for not coming back you assured her that you would still meet the 15 March deadline. When you were not back by 21 February, Alice talked to you and was told by phone that you would be returning the next week and that you had lined up your subcontractors to start either Tuesday or Wednesday of that week (23 or 24 February). Because Mr. Brad Bynum (Geneva subcontractor doing the A/C and heating or the house) had just asked our brother about completing his heating/air conditioning work, Alice phoned to assure he was set to begin. Mr. Bynum said that you had not contacted him since November and that he had been waiting for you to get back in touch with him so he could finish the job and get paid. When Alice phoned you back about this, you said that wasn't the case, that you knew you had talked to him in December. At that point you did call him and arrange for him to do the work. He let Alice know that you had then asked him to return to the job. (NOTE: This work was paid directly by the family later. Rachel Grantham Townsend paid Mr. Bynum $2,900 and Alice reimbursed her by check on 22 March 1999).

(11) You returned to restart work at the end of February with the promise that would not leave the job again until the work was completed...not even to join your wife and our family the week-end of the 13-14 of March because you and your subcontractors would be using that week-end to finish up the job. You did not meet the 15 March deadline.

(12) In April, you left the work site and took another job in Dothan, Alabama. You left Geneva and set up residence in Dothan, telling us you would subcontract completion of the rest of the work. You said you could get the job done better that way. But you did not subcontract the work, and when we found a family member to do a portion of it, you claimed that was work you planned to do yourself and did not have funds to pay for it (see next item number 13).

(13) When we got a family member to agree to do the tile work in the handicapped bathroom, you asked that we pick out different tile than what you and Alice had selected months earlier in Destin, FL. You said you wanted to buy directly from the distributor and save money. Alice went to DAL-Tile in Destin, FL and picked out another product. This was done and the information given to you. You told us that you had ordered the tile from a Dothan distributor and it would take a week to ten days to get in. You then told us you could not find the right grout. Alice went back to DAL Tile, purchased the grout, and brought up to the work site on 9 May for you. We waited for the tile and

fully expected that the tile work would begin not later than the week-end of the 15th of May, and our family member was ready to do the work. You let us wait, and when the tile did not arrive and you were pressed to explain, you told us that the tile had been ordered but would not be shipped until paid for. You let us believe you had done this for over two weeks. You then said it had to be paid for out of the remainder of the money that we were holding. You also said that since you had planned to do the work yourself, we would have to pay for the labor. NOTE: The tile was discussed with you at the 14 November meeting in Destin, when you went over all you had purchased and all of the money you still had in your hands. You did this when we asked why you didn't pay the roof overage out of your remaining funds. You said you didn't have it because you had bought all the other supplies and paid for labor. You had approximately $4,200 dollars left at that time that you said had not already been spent to prepay for supplies and labor, and purchase of the tile was a part of what you itemized you still had to buy with that money – the reason you couldn't use it for the roof.

(14) You were asked why you wouldn't start instead on the kitchen cabinets (which you previously said would be picked up on the 1st of May). You gave the reason that the dining room bay window had to be completed first. You said you have to build a frame for it. But you did not offer to return to build the frame. When asked to show us receipts for the supplies that you have purchased, just to prove that they are paid for, you have repeatedly refused, saying you don't have to do this.

The facts speak for themselves. You took our money to do a job quickly....the reason we contracted with you in the first place...and you needed the work. You have defaulted repeatedly on promises to get the job done. You have walked off the job, continuing excuses why it cannot be completed. We have asked for evidence of good faith so that we can be assured that you have not actually stolen this money from us. You refuse to do that.

We do not want to believe that you would do this to us....not after the friendship we have extended to you and your family. At this very moment, your wife is living with our family. She is a dear friend, the reason we have tried to work with and believe in you. We offered you a place to stay in Geneva, we offered many times to help out on week-ends with labor just to try to push this job through.

You cannot believe the stress and anguish you have caused us. We have lost many hours of fitful sleep over this situation, and our Mother has despaired of ever having this new home. She is in ill health, as you know, and we desperately need her moved next door to our sister. My brother, Gordon, is handicapped and both of them need the shower facility we are waiting for to assist them in bathing. We have been paying for two places (rent and mortgage payment) during this, paying for utilities and insurance on an empty house for months. The words echo in our ears and keep us awake at night: "Thank you for trusting me (with the money); I would never do that to your family (take our money and spend it on something else); don't worry, I'll have this work done in a month (from 16 Aug start date) ....then I promise by 31 Oct, then 26 Nov, then 15 Dec, then 28 Feb, then 15 Mar." It is now June.

We see only one recourse to take, one we have been avoiding for months as we've tried to give you every opportunity to do this job: to file charges against you for defrauding us of our money.

In nine and a half months, you have completed the following work:

Painted the interior of the house. Put in ceiling tile inside the house. Tore out the interior bathroom fixtures, moved the wall between the kitchen and the bathroom, and sheetrocked the new wall. You have set a molded shower into the interior bathroom. You rerouted the hot water, and washer/dryer lines from the kitchen into the utility room at the back of the carport and opened up a doorway from the kitchen to this room. You put a new door on the front, side and back of house. You put a new roof on the house. You framed up the back addition, covered it with fiberboard, put in windows, and finished off the sheetrock inside. You closed up a door from the hallway into the kitchen with sheetrock and enlarged another opening into the kitchen. You put a plywood floor down in the kitchen/dining room. You have plumbing partially completed, and the heating/air conditioning has been installed.

The house is still far from complete, with most major cost items still missing.

Kitchen - No upper and lower cabinets, extending from the living room entrance around three walls to the back door, no formica top, double sinks and fixtures, flourescent lights, flooring (ceramic tile) or labor to install.

Dining Room - No flooring (ceramic tile), bay window, door to utility room, ceiling fan/lights or labor to install.

Interior Bathroom - No flooring, vanity cabinet/marble top, sink or faucets, fixtures for shower, handicapped toilet and wall bar, lights, or labor to install.

Handicapped Bathroom - 5X5 foot shower not tiled, no shower fixtures, no whirlpool tub or exterior frame, no faucets/fixtures, no handicapped toilet or wall bar, no double vanity, sinks, faucets, no flooring, no light fixtures, or labor to install.

Den/Porch - No flooring (ceramic tile), not painted, no ceiling fans (2) with lights, no rods, shelves in the closet, or labor to install.

Utility Room - No shelves, or labor to install.

Exterior of House - No vinyl siding around addition or outside wood, no labor to install.

Bedrooms and living room not finished - no carpet, no light fixtures/fans in all rooms, no labor to install.

Back Step/Pad not done or labor to install.

Please take this as notice that because of your default, we are demanding return of money for all uncompleted work. This can be in the form of supplies already purchased, or money for those supplies, and labor money for their installation.

It was our intention to offer you an opportunity to give us back supplies or the money for them, pay someone else to install them, and work out a plan for you to repay labor money if, in fact, you had paid yourself for all the labor under the contract. We were not happy with that, but we realized that you were not going to do this work, and our Mother's health continues to get worse. That was before we received your letter last week. Had we any question at that point about your character or your intent, your letter dispelled it. We are now convinced that you do not have any money to give back or supplies pre-purchased. You and we know that assertions in your letter are flagrant lies, and your demand for additional money was the ultimate insult after stealing so much from us already. The only changes ever made in the plans for the house were adjustments in where bathroom fixtures would be placed and a flip/flop of one window/door in the den. We agreed to a set layout on paper, and came back on both occasions to tell us we had to move bathroom fixtures elsewhere because you couldn't make your original agreement work. The den/porch addition was initially planned as living space to double as extra sleeping room since my Mother was moving from a four to a three bedroom place. (We covered this with Mr. Bynum in discussing the size unit necessary to air condition this back area and upgraded original plan for the A/C from a 2500 to a 3000 unit when we decided on the addition.) You assured us you felt a 3000 unit was enough. Surely we wouldn't air condition a screened porch. We did exchange the placement of the back door and one of the windows before you framed up the addition to better accommodate flow through that room.

We fully intend to file criminal charges against you to assure you do not do this to anyone else. We have all evidence required to do this (contract, phone call records, records/stubs of payments to you and others, witnesses). You are leaving us with no alternative. Our Mother is going to have her house, but we will not pay for it twice without taking action against you for this unforgivable act.

Bertha Grantham Children

Signed: _____

        Alice R. Kelly                              Rachel M. Townsend

Grand Jury Information.#1

# The State of Alabama
## GENEVA COUNTY

# CIRCUIT COURT

THE STATE

VS.

Winston Davis
Theft by Deception - 1st

# INDICTMENT

David C. Emery, Prosecutor

STATE WITNESSES

Alice Kelly

A TRUE BILL

W. M. Pennell
Foreman of the Grand Jury

Presented to the Court by the Foreman of the Grand
Jury in the presence of _Le_ other Grand Jurors.

MAY - 7 2004

Gail Love
CLERK     MM

Filed _____ 1999.

_____ Clerk

Writ of arrest ordered issued and amount of Bail to be
required of the defendant
$50,000.00
Charles L. Woods
Judge

I,
Clerk of the Circuit Court of Geneva County,
Alabama, hereby certify that this is a true and
correct copy of the original indictment with all
the endorsements thereon, in case of the State of
Alabama against

This _____ day of _____ 1999.

Clerk of the Circuit Court of Geneva County, Alabama

PLAINTIFF WINSTON
DAVIS'S EXHIBIT NO.2.

INDICTMENT

*CC 99-126*

CIRCUIT COURT

# THE STATE OF ALABAMA

### GENEVA COUNTY

July 29,_____TERM 1999

The Grand Jury of said County Charge that, before the finding of this Indictment

one Winston Davis, did knowingly obtain by deception unauthorized control over United States Currency, the property of Alice Kelly in an amount exceeding $1000.00 dollars, with intent to deprive the owner of said property, in violation of Section 13A-8-3 of the Code of Alabama,

ATE OF ALABAMA
UNTY OF GENEVA
is to certify that the foregoing is a true and correct
/ of the Document on file in my office.

ess my hand and seal this ___*2nd*_____day of

*March, 23. 04*

*Gale Laye*_____Clerk/Register

gainst the peace and dignity of the State of Alabama

District Attorney of the 33rd Judicial Circuit

MAY - 7 2004

## ALABAMA BOARD OF PARDONS AND PAROLES
### REPORT OF INVESTIGATION

*Dale Layle*
CLERK

Type of Investigation  PRE-SENTENCE                          Date Dictated    6/22/2000

Name    WINSTON DAVIS                        True name    SAME

Alias    NONE

RSA    WM-57                DOB    6/17/43          Height and Weight    5'10"  205 LBS.

Complexion    FAIR              Color of Hair    GRAY          Color of Eyes    BROWN

Bodily Marks    NONE

Driver's License #    AL-5524341                    SSN    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

AIS#    207.010              FBI#    207399F4              SID#    AL-00402178

Address    CURRENT-ALABAMA DEPARTMENT OF    Phone #
           CORRECTIONS (LAST KNOWN) -
           519 SANTOLINA DR..DOTHAN. AL.36301

County    GENEVA                          Case #    CC 99-126

Offense(s)    THEFT BY DECEPTION

Sentence(s)

Date of Sentence                          Date Sentence Began

Date of Arrest    8/5/99        Date of Bond    8/5/99          Bond Amount $    50,000.00

Judge    CHARLES L. WOODS                  D.A.    DAVID EMERY

Attorney    CHARLES BLAKENEY                  Retained              Appointed    X

Court Ordered Restitution $

Barred From Parole              Yes                          No    X

Date Copies Sent to Central Records

NOTES:

plaintiff Winela Davis's
Exhibit NO. 3.

PBF 203

FILED IN OFFICE

JUN 2 3 2000

*109*

# PRESENT OFFENSE(S)

<u>County, Court, and Case Number</u>

Geneva County Circuit Court CC 99-126

<u>Offense:</u>

Theft by Deception

<u>Sentence:</u>

<u>Date of Sentence:</u>

<u>Details of Offense:</u>

The grand jury of said county charged that, before the finding of this indictment one Winston Davis, did knowingly obtain by deception unauthorized control over United States currency, the property of Alice Kelly in an amount exceeding $1,000.00, with intent to deprive the owner of said property, in violation of Section 13A-8-3 of the Code of Alabama, against the peace and dignity of the State of Alabama.

There was no formal written report completed by any law enforcement agency or the District Attorney's Office in reference to this case. This officer did find a transcribed interview that took place between the defendant and Investigator Jimmy Hand of the Geneva County District Attorney's Office however, did not reflect any specific acts that Winston Davis committed.

In addition, this officer found a written letter submitted by the victim in this case, Alice Kelly, addressed to Winston Davis outlining what Winston Davis had neglected to do as far as fulfilling the contract with Ms. Kelly. (This officer is providing the court a copy of that letter which was submitted by Ms. Alice Kelly to the District Attorney's Office.) This officer would assume that based on the letter that Ms. Kelly submitted to Winston Davis, this was the basis for the warrant being issued for the arrest of Winston Davis for Theft by Deception.

<u>Bars to Parole:</u>

None.

2

Subject's Statement:

None obtained. (Subject was moved from the Geneva County Jail back to the Alabama Department of Corrections without this officer being able to interview him for a statement).

Case Status of Co-Defendants:

None.

Victim Notification Information:

Alice R. Kelly, P.O. Box 1760, Eglin AFB 32542

Victim Impact:

As a result of this offense, Ms. Kelly lost approximately $35,000.00 plus dollars.

Location of Offense:

This offense occurred in Geneva, Alabama, in Geneva County, Alabama.

Court Ordered Restitution:


# RECORD OF ARREST(S)

Prior Arrest Record:

| 8/25/63 | SO Houston Co. Al. | DWI | Disposition not listed in NCIC records check. |
| 4/11/74 | SO Houston Co.,Al. | Fraud/ Insufficient Funds | Disposition not listed in NCIC records check. |
| 7/26/88 | SO Houston Co.,Al. | NWNI (2 counts) (DC 88-1897,1898) | Found guilty 5/8/90, restitution plus court cost. |
| 11/27/95 | SO Geneva Co.,Al. | NWNI | Dismissed 8/2/96. |

| 4/4/96 | SO Geneva Co.,Al. | NWNI (5 counts) DC 96-235-239) | 1.Dismissed 8/2/96. 2-4. Guilty on 10/6/97, 30 days suspended, fine and restitution in each case. |
| 4/4/96 | SO Houston Co.,Al. | NWNI (DC 96-681) | Found guilty 8/22/96, 30 days suspended, 2 years probation, fine plus restitution. |
| 11/4/96 | SO Geneva Co.,Al. | 1.TOP II (CC 96-219) 2.TOP I (2 cases) (CC 96-220,221) | 1,2. Four years penitentiary, suspended, 3 years formal probation, revoked 9/29/99. |

Subsequent Arrest Record:

None.

# PERSONAL / SOCIAL HISTORY

The remainder of this report was taken from a pre-sentence report dated October 9, 1997. As of today's date, Winston Davis had been moved from the Geneva County Jail back to the Alabama Department of Corrections therefore, this information may or may not be accurate.

Subject:

Winston Davis was born on June 17, 1943 in Houston County, Alabama to Webster and Dovie Davis. Mr. Davis was raised in the Dothan, Alabama area and moved to Houston, Texas in 1976. Mr. Davis resided in Texas for a period of approximately ten years and moved in 1988 to Geneva, Alabama were he resided for one year. Mr. Davis resided again in Houston, Texas in 1995 for a period of three years and then on to Harvest, Alabama where he presently resides. Mr. Davis appears to have had adequate benefits both socially and economically during his childhood period.

Marital Status / History:

Winston Davis is currently married to the former Maria Ann Cardwell. This marriage having taken place on December 26, 1976. Prior to this, Mr. Davis was formerly married to Stephanie Davis from 1966 to 1974. According to Mr. Davis, he has three children by his former wife; Patrick age 33, Paul age 27, and Perry age 28. According to Davis, he has one daughter; Shannon age 23 by his present wife.

Health:

Winston Davis considers his health to be only fair and suffers from a hernia as well as shoulder and lower back problems and is blind in the left eye since 1982.

Mr. Davis denies any present or past problems mentally or emotionally and has never been treated for the same.

Winston Davis denies any present or past association with any controlled substance and denies any association with alcoholic beverages.

Education:

Winston Davis received a GED in 1963 from Rehobeth High School in Houston County, Alabama. Mr. Davis furthered his training in aircraft mechanics in Ozark and Ft. Rucker, Alabama.

Financial Status:

Winston Davis lists his assets as his 1994 Ford Crown Victoria automobile. Mr. Davis has approximately $85,000.00 in debts. Mr. Davis states that his income is approximately $1,000.00 a month and his wife's income is approximately the same. Mr. Davis reports that at the time of his arrest he was self employed.

Employment History:

Since 1974, Winston Davis has been self employed doing remodeling and renovation work and worked on a commission basis.

Military Record:

Winston Davis served in the United States Marine Corps for four years and four months earning the rank of E4 and his military job title was Combat Engineer. Mr. Davis received an honorable discharge after his time was up and was released from the marines.

Offender's Family:

Father: Webster Davis, deceased 1963.

Mother: Dovie Davis, deceased 1989.

Siblings:

Brother: Dean Hardy, age 70, presently resides in Dothan, Alabama.

Brother: Windell, age 57, currently resides in Dothan, Alabama.

Brother: Joe, age 59, presently resides in Dothan, Alabama.

Brother: Jack, age 66, presently resides in Mississippi.

Brother: Dan, age 69, presently resides in Dothan, Alabama.

Sister: Lina Morris, age 68, presently resides in Dothan, Alabama.

Sister: Ester Lynn, age 62, presently resides in Dothan, Alabama.

Sister: Judy, age 50, currently resides in Dothan, Alabama.

## EVALUATION OF OFFENDER

Psychological Reports:

None found.

Reputation and Community Activities:

N/A

Probation and Parole Officer's Remarks:

None.

## PROBATION PLAN

Home:

Undetermined at this time.

6

Employment:

Undetermined at this time.


Signed and dated at Enterprise, Alabama this the 22nd day of June, 2000.



Gregory W. Hughes
Alabama Probation & Parole Officer


GWH:at

7

S11Z0019



113

**× × × IN THE CIRCUIT COURT OF GENEVA COUNTY × × ×**

WINSTON DAVIS V ALICE KELLY, ET ALS
PLA ATTY:                              DEF ATTY:

PT·EX NO 4.

|          | |
|----------|--|
| CASE: | CV 2003 000187.00 |
| JUDGE: | KENNETH QUATTLEBAUM |
| CASE SET FOR: | PRETRIAL CONFERENCE |
| ON THIS DATE: | 04/15/2004 AT: 0900 AM |
| PLACE: | CIRCUIT COURTROOM |
| | GENEVA COUNTY COURTHOUSE |
| | ALABAMA |

FILED IN OFFICE

MAY – 7 2004

*Gale Laye*
CLERK /MH

THE FOLLOWING CASES ARE SCHEDULED FOR PRE-TRIAL BEFORE
HON. KENNETH W. QUATTLEBAUM ON APRIL 15, 2004, 9:00 A.M
CASE 0022 OF 0085 CASES
(03/17/2004)   OPER: JAF                         FORM: A465

*See Reverse Side For Easy Opening Instructions*

GALE LAYE
P O BOX 86
GENEVA AL  36340

RETURN SERVICE REQUESTED
CASE NO: CV2003000187.00



PRSRT  FIRST CLASS
US  POSTAGE  PAID
MONTGOMERY,  AL
PERMIT  #994

DAVIS WINSTON
519 SANTOLINA RD
DOTHAN, AL 36303-2520

*PLAINTIFF WINSTON DAVIS'S EXHIBIT NO 5.*

CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

FILED

FILED IN OFFICE

WINTON DAVIS ( )
PRO SE PLANTIFF ( )
( )
( )     MAY - 7 2004
( )
V ( )
( )
( )     MAR 1 0 2004
ALICE KELLY ( )     CLERK
BARBARA MORRIS ( )
GARY GRANTHAM ( )     CASE NO. CV-03-187Q
RACHEL TOWNSEND ( )
PRO SE DEFENDANTS ( )


## MOTION FOR SUMMARY JUDGMENT


        COME NOW Alice Kelly, Barbara Morris, Gary Grantham,
and Rachel Townsend (hereinafter "defendants") and file this
Motion for Summary Judgment pursuant to the Rule 56 of the
Alabama Rules of Civil procedure, and would show the Court
the following:

All civil action and motions in plaintiff's complaint are
clearly invalid on their face, as evidentiary issues have
already been well heard and tried in Circuit Criminal Court
in Geneva County, Geneva, Alabama (Case: CC 1999 000126.00,
8 June 2000). The preponderance of evidence in the
criminal court was presented to a jury, and the plaintiff
was found guilty of "theft by deception in the first
degree." Verdict was based on evidence presented at the
trial that was beyond a reasonable doubt. (See Exhibit A of
attached Memorandum of Points and Authorities)

The criminal charge against plaintiff still stands, as his
request for appeal was denied by the State of Alabama Court
of Criminal Appeals (Case CR-00-0344) on 22 June 2001. (See
Exhibit B of attached Memorandum of Points and Authorities)

/.

Furthermore, plaintiff's allegation of malicious prosecution in above case is not supportable and does not meet the prerequisites of State of Alabama Code (see attached Memorandum of Points and Authorities).

Defendants do not at this time seek sanctions for the frivolous proceedings being brought by plaintiff. However, should plaintiff continue to pursue such unfounded civil actions against defendants, they may seek them at a later date. Suit is clearly insufficient on its face, there is no merit in whole or in part of plaintiff's claim, and action is intended as an instrument of harassment against defendants.

Based on above, defendants respectfully submit that they are entitled to Summary Judgment as a matter of law pursuant to Alabama Rules of Civil procedure.

WHEREFORE, PREMISES CONSIDERED, defendants pray that they be granted summary judgment in this cause, and dismissing with prejudice and assessing all cost of this action to plaintiff.

Respectfully Submitted this the 5th day of March 2004.


                        Alice Kelly, et al
                        115 East Campbell Avenue
                        Geneva, Alabama 36340
                        For: Alice Kelly, Barbara
                        Morris, Gary Grantham, and
                        Rachel Townsend


2.

*116*

Furthermore, plaintiff's allegation of malicious prosecution in above case is not supportable and does not meet the prerequisites of State of Alabama Code (see attached Memorandum of Points and Authorities).

Defendants do not at this time seek sanctions for the **frivolous** proceedings being brought by plaintiff. However, should plaintiff continue to pursue such unfounded civil actions against defendants, they may seek them at a later date. Suit is clearly insufficient on its face, there is no merit in whole or in part of plaintiff's claim, and action is intended as an instrument of harassment against defendants.

Based on above, defendants respectfully submit that they are entitled to Summary Judgment as a matter of law pursuant to Alabama Rules of Civil procedure.

WHEREFORE, PREMISES CONSIDERED, defendants pray that they be granted summary judgment in this cause, and dismissing with prejudice and assessing all cost of this action to plaintiff.

Respectfully Submitted this the 5th day of March 2004.


*Alice Kelly*
Alice Kelly, et al
115 East Campbell Avenue
Geneva, Alabama 36340
For: Alice Kelly, Barbara
Morris, Gary Grantham, and
Rachel Townsend

*3.*

*117*

CASE NUMBER

<u>CV    03    187Q</u>

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

WINTON DAVIS
PRO SE PLANTIFF
CASE NO. CV-03-187Q

V

ALICE KELLY
BARBARA MORRIS
GARY GRANTHAM
RACHEL TOWNSEND
Telephone: (334) 684-2002
Telefax: (256) 851-0953
PRO SE DEFENDANTS   CASE NO. CV-03-187Q

IN THE CIRCUIT COURT
OF GENEVA COUNTY, ALABAMA,

Dates & Times of Motions:
Case Filed by Plaintiff on Dec 30, 2003,
Served to Defendants on Feb 23, 2004,

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA
Summ. Motion:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. CV-03-187Q

Defendants Alice Kelly, et al, oppose plaintiff's motion for
civil charges and request a summary judgment to dismiss this
suit, as plaintiff has made false statements of malicious
prosecution.

4.

<u>Winston Davis has not met the prerequisite to prove</u>
<u>malicious prosecution:</u>

In **State of Alabama Code**, **Wilson v. Brooks** <u>(Ala.369 So.2d</u>
<u>1221), it states: "Termination of the prior proceeding in</u>
<u>favor of plaintiff is a prerequisite for a successful</u>
<u>malicious prosecution action"</u>.

    (1)   In Geneva County Case 1999 000126.00, State of
                Alabama brought criminal charges against, Winston
                Davis based on <u>complaint of Alice Kelly</u> when
                Winston Davis defrauded her on a remodeling
                contract.  Winston Davis was tried in the Criminal
                Court in Geneva, Alabama on June 8, 2000, and was
                found guilty.  The jury returned a verdict of,
                <u>"We the jury find the Defendant, Winston Davis,</u>
                <u>guilty of theft by deception in the First Degree"</u>
                **(see attached Exhibit "A")**.

    (2)   Based on two prior felony counts of fraud, Winston
                Davis was listed as a <u>Habitual Offender</u>, sentenced
                to 40 years in the state penitentiary, and required
                to pay victim (Alice Kelly) the sum of $30,000 in
                restitution **(see attached Exhibit "A")**.

In **State of Alabama Code**, **Turner v J. Balch & Sons**, <u>(242</u>
<u>Ala.127,129, 5 So.2d 93,94 (1941)</u>, it states:  "It is
generally considered that the following elements must be
shown in order to maintain an action for <u>malicious</u>
<u>prosecution:</u> (1) the institution or continuation of original
proceedings, either civil or criminal; (2) by, or at the
instance of, the defendant; (3) <u>the termination of such</u>
<u>proceedings in plaintiff's favor</u>; (4) <u>malice in instituting</u>
<u>the proceedings;</u> (5 <u>want of probable cause for the</u>
<u>proceedings;</u> and (6) the suffering of injury or damage as a
result of the action or prosecution complained of."

    (1) Ref(3)above: Appeal of original proceedings was
          denied.  State of Alabama Court of Criminal Appeals
          upheld the original judgment of theft by deception
          on March 9, 2001 **(see attached Exhibit "B")**.

(2) Ref(4) above:  Alice Kelly, et al, have never sought any criminal warrant against Winston Davis other than the aforementioned theft by deception case, or ever taken any malicious action against him.

(3) Ref(5) above:  Probable cause was supported by the overwhelming evidence in the theft by deception case against Winston Davis, which resulted in a guilty verdict and subsequent denial of his appeal of this case.

Defendants (Alice Kelly, et al) do not at this time seek sanctions for the frivolous proceedings being brought by Winston Davis.  However, should he continue to pursue such unfounded civil actions against us we may have to seek them at a later date.  He is attempting to use the court system to harass defendants who have already been damaged by his prior criminal action.

SIGNED:


_____          _____
Alice Kelly                          5 March 04
                                 Date

_____          _____
Barbara Morris                       3/5/04
                                 Date

_____          _____
Gary Grantham                        March 5, 04
                                 Date


_____          _____
Rachel Townsend                  Date

/20

(2) Ref(4)above:  Alice Kelly, et al, have never sought any criminal warrant against Winston Davis other than the aforementioned theft by deception case, or ever taken any malicious action against him.

(3) Ref(5)above:  Probable cause was supported by the overwhelming evidence in the theft by deception case against Winston Davis, which resulted in a guilty verdict and subsequent denial of his appeal of this case.

Defendants (Alice Kelly, et al) do not at this time seek sanctions for the frivolous proceedings being brought by Winston Davis.  However, should he continue to pursue such unfounded civil actions against us we may have to seek them at a later date.  He is attempting to use the court system to harass defendants who have already been damaged by his prior criminal action.

SIGNED:

_____          _____
        Alice Kelly                                Date


_____          _____
        Barbara Morris                             Date


_____          _____
        Gary Grantham                              Date
*Rachel Townsend*                              *March 5, 2004*
        Rachel Townsend                            Date

ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 1999 000___
CASE ACTION SUMMARY
CIRCUIT     CRIMINAL     RUN DATE: 08/__

THE CIRCUIT COURT OF     GENEVA     JUDGE: PB

STATE OF ALABAMA     VS     DAVIS WINSTON
2100 TRAWICK RD LOT 14
CC 1999 000125.00     DOTHAN, AL  36305 0000

DOB: 00/00/0000     SEX:     RACE:     HT: 5 10  WT: 205  HR: GRY  EYES:
SSN: 417231548  ALIAS NAMES:

CHG01: THEFT BY DECEPT 1ST  CODE01: TD1  LIT: THEFT BY DECEP  TYPE: F  $:
OFFENSE DATE: 07/29/1994     AGENCY/OFFICER: 0540000

DATE WAR/CAP ISS:     DATE ARRESTED: 08/05/1999
INDICTED: 07/30/1999     DATE FILED: 08/06/1999
RELEASED: 08/05/1999     DATE HEARING:
BOND AMOUNT: $50,000.00 P     SURETIES: Property

CHARGE 1:     DESC: JTRL     TIME: 0930 A
CHARGE 2:     DESC:     TIME: 0000

TRACKING NOS:

DEF/ATTY: Waldrop, Richard (WAL051)     Johnson, L. Scott, Jr. (JOH094)
PO Box     TYPE: A     PO Box 1547
Enterprise, AL  36331     Montgomery, AL  36102

PROSECUTOR: EMERY, DAVID C

CASE: 00000000000  CHK/TICKET NO:     GRAND JURY: 1
CT REPORTER:     SID NO:  00000000
STATUS: Jail     DEMAND:     OPER:

DATE     ACTIONS, JUDGEMENTS, AND NOTES

'13/99 | Motion to produce of defendant.  dmb
'13/99 | Order.  CLW  dmb
-31-99 | Hon. Cracker Waldrop apptd. to represent Def. for Arraignment purposes + as stand by atty after the reading of the indictment Def. enters plea of not guilty. Place on TD. Def. to retain counsel. - Clw
7/99 | Motion to dismiss.  dmb
7/99 | Motion to dismiss set for hearing on Sept. 17, 1999 at 10:00 A.M.  notify ☑ Clw)
'/99 | Notify DA, PO, SO and Defendant.  dmb
6/99 | Motion for continuance.  dmb
6/99 | Motion for discovery.  dmb
6/99 | Order.  dmb
-17-99 | Motion to dismiss denied. Discovery Order to be issued. Case cont'd for Def. to next term. - Clw.
'/20/99 | Order of Discovery
1/20/99 | copy to DA & Waldrop

ALABAMA  JUDICIAL  INFORMATION  CENTER
CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1989 000
JUDGE ID: CLW

OF ALABAMA                    VS    DAVIS WINSTON

ACTION, JUDGMENTS, CASE NOTES

| Date | Entry |
|---|---|
| 0/99 | Motion to withdraw the theft by deception charge. (Submitted by defendant).  dm |
| 1/99 | Copy motion to DA and Waldrop.  dmb |
| 21/99 | *Motion to withdraw Charge denied. Notify - CLW* |
| 1/99 | Notify DA, PO, SO and Waldrop.  dmb |
| 23/99 | Defendant's motion for funds for transcript.  dmb |
| 3/99 | *Motion to be considered during week of Sept 27, 1999 Notify. Clw* |
| 3/99 | Copy CAS to Waldrop.  dmb |
| 1/99 | *Motion for funds for Transcript denied. Notify  CLW* |
| /99 | Copy CAS to DA, SO and Waldrop.  dmb |
| 3-00 | *Motion* |
| 4-00 | *Fax Motion to transport. NB* |
| 5-00 | *Motion to Transport. NB* |
| 5-00 | *Order* |
| 24-00 | *Continuance Granted at request of State & Def.* |
| 24-00 | *Def makes statement re counsel filing. And* |
| | *Counsel motion to withdraw for lack of* |
| | *cooperation. Under advisement. (CLW)* |
| /00 | Copy CAS to DA, SO, and Waldrop.  dmb |
| /00 | Hon Richard Waldrop motion to withdraw granted. *NaJ* |
| /00 | Hon Charles Blakeney appointed to represent Defendant. *(CLW)* |
| /00 | *Copy to Waldrop, Blakeney, & DA* |
| /00 | Request to compel disclosure request for production.  dmb |
| 10/00 | *Order for Production - Clw* |
| 10/00 | Motion for speedy trial.  dmb |
| 10/00 | Motion for transfer of defendant.  dmb |
| /13/0 | *Case set on trial next line Criminal* |
| | *Jury Court. JPM* |
| 5/00 | Copy CAS to DA, PO, SO and Blakeney.  dmb |
| 0/00 | Defendant's motion for funds to fly to Phoenix, Arizona and depose Michael Cosc |
| 0/00 | Defendant's motion for funds for an architectural engineer. |
| /00 | Defendant's motion for funds for a private investigator. |
| /00 | Motion requesting issuance of a subpoena duces tecum. |
| /00 | Motion requesting issuance of a subpoena duces tecum.  dmb |
| 2/00 | Defendant's motion for funds with which to hire a certified public accountant. |

ALABAMA · JUDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1999 000120.0
JUDGE ID: PBM

DF ALABAMA                    VS    DAVIS WINSTON

TE          ACTION, JUDGMENTS, CASE NOTES

| | |
|---|---|
| /00 | Subpoena duces tecum.  dmb |
| )/00 | Motion for transfer of defendant. |
| )/00 | Motion for change of vewnue. |
| )/00 | Motion to compel disclosure/motion to compel production. |
| )/00 | Request for permission for defendant to be present at deposition of Michael Casconi and petition for funds with which to pay the expense of travel. |
| )/00 | Motion requesting issuance of a subpoena duces tecum - Barbara Morris. |
| )/00 | Motion requesting issuance of a subpoena duces tecum - Sheriff Greg Ward. |
| )/00 | Petition for extraordinary expenses to pay attorney's fees. |
| )/00 | Motion requesting issuance of a subpoena duces tecum - Harry O. Adkison. |
| )/00 | Motion requesting issuance of a subpoena duces tecum - Rachel Townsend. |
| )/00 | Motion requesting issuance of a subpoena duces tecum - PO Madison County, AL. |
| )/00 | Motion requesting issuance of a subpoena duces tecum - PO Geneva County, AL. |
| 5/00 | All motions filed are hereby denied.  Notify Clk |
| 5/00 | Transport order 10 days prior to trial.  Notify Clk |
| /00 | Copy CAS to DA, PO, SO and Blakeney.  dmb |
| 9-00 | Transport ord. expired. SB |
| /00 | Motion to suppress. |
| /00 | Defendant's objection to the denial of requests for funds and request for reconsideration.  dmb |
| /06 | All motions to be heard prior to trial. Notify Clk |
| /00 | Copy CAS to DA, PO, SO and Blakeney.  dmb |
| 5/00 | Transport order.  dmb |
| 6-00 | Defendant transported to Geneva County Jail. SB |
| 26-00 | Trial Docket - Clk. |
| /00 | Motion (from Defendant).  dmb |
| 6/00 | Motion in Liminie filed by Blakeney. |
| 6-00 | Jury struck. - Clk. |
| -7-00 | Case tried to jury. - Clk. |
| 8-00 | Case tried to jury. Jury returned verdict as follows: "We the jury find the Defendant, Winston Davis, guilty of theft by Deception in the First Degree." Court adjudges Def. guilty & Orders a pre-sentence investigation. Sentence hearing set for June 30, 2000, at 11:00 A.M. Clerk to notify. - Clk. |

ALABAMA JUDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1977-000106.00
JUDGE ID: CLW

OF ALABAMA                    VS      DAVID WINSTON

ACTION, JUDGMENTS, CASE NOTES

| '00 | Copy CAS to DA, PO, SO and Blakeney. dmb  *cont/span* |
| /00 | Habitual offender notification (from DA) dmb |
| 5-00 | Motion for transfer of Defendant. 508 |
| 00 | Alabama board of pardons and paroles report of investigation. dmb |
| 00 | Attorney's fee declaration. 508 |
| 00 | Transport order prepared - 508 |
| 00 | Defendant returned. Returns to Jail. SO |
| 0-00 | Def. sentenced to 40 yrs. in st pen., under the Amended Felony Habitual Offender Act. Def. to pay CC, IAF, $50.00 VCF & restitution to victim in the sum of $30,000.00. Court appoints the flaw firm of Johnson & Birdsong for appeal purposes. Clerk to notify. / Clt |
| 00 | Copy of Case Action Summary FAXED to Johnson and Birdsong at (334) 834-2336 |
| 00 | Motion to dismiss the conviction of theft by deception 508 |
| 00 | Copy CAS to DA, SO, PO and Blakeney 508 |
| 00 | Transcript of record (prepared for DOC) 508 |
| 00 | Attorney fee declaration 508 |
| 00 | Restitution Affidavit. MB |
| 00 | Letter from Defendant requesting certified copy court transcript. dmb |
| 00 | Letter to Defendant with instructions to contact Rachel Hood at 334 774-3726. dmb |
| 00 | Defendant's motion for release pending appeal. dmb |
| 00 | Def. motion for release set for hearing on Aug. 8, 2000 at 11:00 A.M. / Notify Clt |
| 00 | Copy CAS to DA, PO, SO and Johnson. dmb |
| /00 | The motion for release pending appeal is hereby denied. Transport order dated July 26, 2000 is hereby rescinded. Appointed attorneys may contact Def. at Elmore Correctional Facility. Notify. Charles L. Woods, Judge. |
| 8/00 | The motion for release pending appeal is hereby denied. Transport order dated July 26, 2000 is hereby rescinded. Appointed attorneys may contact Defendant at Elmore Correctional Facility. Notify. Charles L. Woods, Judge. |
| 8/00 | Copy CAS to DA and Johnson. dmb |

ALABAMA    JUDICIAL    INFORMATION    CENTER

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1999 000126.00
JUDGE ID:  CLW

OF ALABAMA                    VS    DAVIS WINSTON

ACTION, JUDGMENTS, CASE NOTES

| | |
|---|---|
| 00 | Letter from Defendant requesting copy CAS. |
| 00 | Copy CAS mailed to Defendant. dmb |
| 00 | *Letter from Defendant* |
| 00 | *Notice of Appeal* |
| /00 | *Motion for Forma Pauper Status filed by defendant* |
| /00 | *Motion to Arrest Judgment filed by defendant* |
| 00 | *Motion for Supplemental Record filed by defendant* |
| 00 | *Amended Notice of Appeal filed.* |
| 3/9/01 | *Appellant's Brief filed - Not for being denied* |
| 3/01 | *Order - App'd for rehearing overruled by Lane man* |
| /01 | *Order - Judgment affirmed by Lane W. Mann -* |
| /01 | *See CC-96-219 wherein Davis file Motion new* |
| | *Trial + to Set Aside sentence (of) (Mot. for New Trial was denied 3/14/02) KW* |
| | See C.A.S. to CC-96-219.60 wherein def this date filed Motion for Relief from |
| | Conviction w/ Motion for Transport Order. (motions are listed under 96-219 but |
| | defendant has listed this case (99-126) also on the motions.) *of* |
| /02 | *CAS to DA - Dillion, Hm of* |
| /02 | *CAS FAXED to Jean Therauson - AG's Office* |
| /02 | *CAS mailed to Shirlin w/ Cop of 4/3/02 Mot filed in 96-219/no/221 (of)* |
| /04 | *See CAS for CC-99-126-60 for Rule 32* |

STATE OF ALABAMA
COUNTY OF GENEVA
This is to certify that the above and foregoing is a true and correct
copy of the Document on file in my office.
*this _____ page and this page (85)*
Witness my hand and seal this _____ 22nd _____ day of _____

*B. Cook, of*
_____ Clerk/Register

## CERTIFICATE OF SERVICE

I hereby state that on March 10th, 2004, I delivered a copy of the above Motion for Summary Judgment and attached Points and Authorities to the Clerk of the Circuit Court of Geneva County, Geneva County Courthouse, Geneva, Alabama, and requested that a copy be mailed to Plaintiff, Winston Davis, pro se, at his place of residence in Dothan, Alabama.

Alice Kelly

Alice Kelly, et/al
115 East Campbell Avenue
Geneva, Alabama 36340
For: Alice Kelly, Barbara
Morris, Gary Grantham,
and Rachel Townsend

IMPROPER CERTIFICATE
OF
SERVICE, AS THERE IS NO ADDRESS TO SERVE
PLAINTIFF WINSTON DAVIS

RECEIVED BY PLAINTIFF
MARCH 24, 2004.



RECEIVED BY
WINSTON DAVIS
ON MARCH 24, 2004.
WINSTON DAVIS
Winston Davis

GALE LAYE
CIRCUIT CLERK
P. O. Box 86
GENEVA, ALABAMA 36340



Winston Davis

207010

Phil B
519 Santolina Rd
Dothan, Al 36303

EXHIBIT NO. 6.

IN THE CIRCUIT COURT
OF GENEVA COUNTY

WINSTON DAVIS
PROSE PLAINTIFF,

MAY - 7 2004
_____ Lane
CLERK

US.                          CIVIL ACTION NO. 03-187 Q

ALICE KELLY ETQL,
    DEFENDANTS

REQUEST FOR PRODUCTION OF DOCUMENTS
OF ALICE KELLY AND BARBARA MORRIS

TO DEFENDANTS ALICE KELLY AND BARBMORRIS
PROSE DEFENDANTS.

PURSUANT TO ALL APPLICABLE RULES
GOVERNING CIVIL PROCEDURE, YOU ARE
REQUESTED TO PRODUCE, WITHIN THIRTY
(30.) DAYS FROM THE DATE OF SERVICE OF
THIS REQUEST, THE FOLLOWING DOCUMENTS,
RECORDS, PAPERS, TANGIBLE THINGS WHICH
ARE IN YOUR POSSESSION, CUSTODY OR
CONTROL, TO WIT:

P1

NOTE: WHEN USED HEREIN, THE TERM "YOU" AND "YOUR" ARE INTENDED TO, AND SHALL EMBRACE AND INCLUDE IN ADDITION TO YOU, THE NAMED PARTY TO WHOM THEY ARE DIRECTED, YOUR ATTORNEY, THE PARTY OR PARTIES FOR YOU ARE SUING, AND ANY AND ALL AGENTS, EMPLOYEES, REPRESENTATIVES, PRIVATE INVESTIGATORS, AND OTHERS WHO ARE IN POSSESSION OF OR MAY HAVE OBTAINED INFORMATION FOR OR ON YOUR BEHALF.

1. ANY AND ALL LETTERS, MEMORANDA, FILES, CORRESPONDENCE, NOTES, INSTRUMENTS, RECORDS, PAPERS, DOCUMENTS OR THINGS OF ANY AND EVERY KIND WHICH RELATE IN ANY WAY TO A "JOINT ACCOUNT AT ANY BANK BETWEEN ALICE KELLY AND BARBARA MORRIS" AT ANY BANK IN THE STATE OF ALABAMA OR FLORIDA WHICH WOULD SHOW A $3,000.00 WITHDRAWAL FOR THE MONTH OF SEPTEMBER 1998 AND A RE DEPOSIT OF $7,000.00 FOR THE MONTH OF SEPEMBER AND OR OCTOBER 1998.

P2.

2. AND HAVE AN OFFICER OF SAID
BANK ATTACH AN AFFIDAVITS THAT
SAID JOINT ACCOUNT IS A TRUE
BILL

3. AND FOWARD THE SAID RECORDS TO THE
GENEVA COUNTY CIRCUIT COURT CLERK,
WITH A CERTIFICATE OF SERVICE TO
MAIL PLAINTIFF WINSTON DAVIS A COPY.

RESPECTFULLY SUBMITTED
DONE THIS MARCH 28, 2004  Winston Davis
WINSTON DAVIS
PRO SE PLAINTIFF
519 SANTOLINA RD
DOTHAN, ALABAMA
36303

P.3.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE ON THIS MARCH 28, 2004, SERVED A COPY OF THE FOREGOING PLEADING ON THE FOLLOWING NAMED PERSONS BY PLACING THE SAME POSTAGE PREPAID FIRST CLASS MAIL ADDRESSED TO THE GENEVA COUNTY CIRCUIT COURT CLERK TO MAIL TO DEFENDANTS

DEFENDANTS ADDRESS

ALICE KELLY
4672 WIND STARR DRIVE
DESTIN, FL. 32541

BARBARA MORRIS
111 E. CAMPBELL AVE.
GENEVA, ALABAMA 36346

RACHEL TOWNSEND
126 DEER RUN LANE
HARVEST, AL 35749

P4.

GRANTHAM
RTH MERRITT ST.
AL 36340

*Winelve Davis*

P5.

*134*

IN THE CIRCUIT COURT
OF GENEVA COUNTY ALABAMA

WINSTON DAVIS
PRO SE PLAINTIFF,

MAY - 7 2004

CLERK

VB.                    CV. 03-187-Q

FILED IN OFFICE

ALICE KELLY, ET AL.,
PRO SE DEFENDANTS.

APR 08 2004

CLERK

MOTION FOR ORDER TO STRIKE
DEFENDANTS MOTION FOR SUMMARY
JUDGEMENT FILED WITH THIS COURT ON
MARCH 10, 2004, PURSUANT TO CODE OF
ALABAMA 1925 3 34-3-1

COMES NOW PLAINTIFF WINSTON DAVIS, PRO SE,
IN THE ABOVE STYLED CAUSE OF ACTION AN MOVES
THIS HONORABLE COURT FOR AN ORDER TO STRIKE
DEFENDANTS MOTION FOR SUMMARY JUDGMENT
AND GOOD CAUSE HERE SET FORTH.

PLAINTIFF WINSTON DAVIS'S
EXHIBIT NO. 1.

1.

BRIEF SUMMARY OF

1. ON DECEMBER 26, 2003, PLAINTIFF WINSTON DAVIS FILED THIS CIVIL ACTION AGAINST DEFENDANTS ALICE KELLY, BARBARA MORRIS, RACHEL TOWNSEND AND GARY GRANTHAM.

2. ON FEBRUARY 23, 2004 THIS CIVIL CAUSE OF ACTION WAS SERVED UPON THE DEFENDANTS ALICE KELLY, BARBARA MORRIS, RACHEL TOWNSEND AND GARY GRANTHAM.

3. ON OR ABOUT MARCH 8, 2004, THIS HONORABLE COURT SET A PRE TRIAL CONFERENCE HEARING.

4. ON MARCH 10, 2004 THE DEFENDANTS ALICE KELLY, BARBARA MORRIS, RACHEL TOWNSEND GARY GRANTHAM FILED A MOTION FOR SUMMARY JUDGMENT, THERE IN DEFENDANT ALICE KELLY P3. IS ATTEMPTING TO REPRESENT DEFENDANTS BARBARA MORRIS, RACHEL TOWNSEND AND GARY GRANTHAM, IN THIS CIVIL CAUSE OF ACTION PRO SE IN VIOLATION OF CODE OF ALABAMA 1975 § 34-3-1. PRACTICING LAW IN THE STATE OF ALABAMA.

2.

## STATEMENT OF FACTS

PLAINTIFF WINSTON DAVIS ASSERTS THAT THE CODE OF ALABAMA 1975 § 34-3-1 CLEARLY STATES:

§ 34-3-1. UNLAWFUL PRACTICE OF LAW; PENALTY.

"IF ANY PERSON SHALL, WITHOUT HAVING BECOME DULY LICENSED TO, PRACTICE OR WHOSE LICENSE TO PRACTICE SHALL HAVE EXPIRED EITHER BY DISBARMENT, FAILURE TO PAY HIS LICENSE FEE WITHIN 30 DAYS AFTER IT BECOMES DUE, OR OTHERWISE, PRACTICE OR ASSUME TO ACT OR HOLD HIMSELF OUT TO THE PUBLIC AS A PERSON QUALIFIED TO PRACTICE OR CARRY ON THE CALLING OF A LAWYER, "HE SHALL BE GUILTY OF A MISDEMEANOR AND FINED NOT TO EXCEED $500.00, OR BE IMPRISONED FOR A PERIOD NOT TO EXCEED SIX MONTHS, OR BOTH."

## ARGUMENT

PLAINTIFF WINSTON DAVIS ASSERTS THAT DEFENDANT ALICE KELLY PROCESSED THE SUMMARY JUDGMENT MOTION NOT JUST FOR HERSELF BUT FOR

3.

THE OTHER DEFENDANTS BARBARA MORRIS,
RACHEL TOWNSEND AND GARY GRANTHAM
AND IS IN VIOLATION OF CODE OF ALABAMA
1975 § 34-3-1 " PRACTING LAW WITHOUT
A LICENSE.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED PLAINTIFF
WINSTON DAVIS MOVES THIS HONORABLE
COURT TO ISSUE AN ORDER TO STRIKE
DEFENDANTS MOTION FOR SUMMARY JUDGMENT
AS A MATTER OF LAW.

RESPECTFULLY SUBMITTED

DONE THIS APRIL     2004. Winston Davis
                    PRO SE. Plaintiff
                    Santolina RD.
                    Dothan, Al 36303.

4.

CERTIFICATE OF SERCIVE

I HEREBY CERTIFY THAT I HAVE HAND DELIVERED
A COPY OF THE FOREGOING PLEADINGS UPON THE
CIRCUIT COURT CLERK      SERVE UPON
DEFENDANT ALICE KELLY ACTING AS PRO SE
COUNSEL FOR DEFENDANTS BARBARA MORRIS,
RACHEL TOWNSEND, AND GARY GRANTHAM,
POSTAGE PAID BY PLAINTIFF WINSTON DAVIS
PROPERLY ADDRESSED TO ALICE KELLY
115 EAST CAMBELL STREET GENEVA, ALABAMA.
36340.
DONE THIS APRIL 7,2004     Winston Davis

5.

ATTORNEY-AT-LAW

ARTICLE 1

GENERAL PROVISIONS

## § 34-3-1. Unlawful practice of law; penalty.

If any person shall, without having become duly licensed to practice, or whose license to practice shall have expired either by disbarment, failure to pay his license fee within 30 days after the day it becomes due, or otherwise, practice or assume to act or hold himself out to the public as a person qualified to practice or carry on the calling of a lawyer, he shall be guilty of a misdemeanor and fined not to exceed $500.00, or be imprisoned for a period not to exceed six months, or both.

**Cross references.** — Attorney licensing, § 40-12-49.

**Am. Jur. 2d.** — 7 Am. Jur. 2d, Attorneys at Law, § 1 et seq.

**C.J.S.** — 7 C.J.S., Attorney and Client, § 28 et seq.

**ALR.** — Activities of adjusters as practice of law. 29 ALR4th 1156.

Assignability of claim for legal malpractice. 40 ALR4th 684.

Attorney's personal liability for expenses incurred in relation to services for client. 66 ALR4th 256.

Bar admission or reinstatement of attorney as affected by alcoholism or alcohol abuse. 39 ALR4th 567.

Failure to pay creditors as affecting applicant's moral character for purposes of admission to bar. 4 ALR4th 436.

Liability in tort for interference with attorney-client relationship. 90 ALR4th 621.

Modern status of rules and standards in state courts as to adequate representation of client. 2 ALR4th 27.

Privilege as to communications between lay representative in judicial or administrative proceedings and client. 31 ALR4th 1226.

Use of compulsory bar association dues or fees for activities from which particular members dissent. 40 ALR4th 672.

## CASE NOTES

Agency.
Bankruptcy.
Contract.
Disbarment.
Divorce.
Elements.
Standing.
Title.
Miscellaneous.
Cited.

**Agency.**

The local and national counsel of a servicing agent in a bankruptcy proceeding facilitated the agent's practice of law without a license and furthered its activities in the unauthorized practice of law in violation of this section where, once it was determined by counsel that it was operating beyond its own authority as an agent for the servicing agent and actually representing the rights, interests, and claims of a third party, the principal, counsel knew or should have known that their client was actually practicing law without a license and acting in a manner so as to constitute the unautho-

rized practice of law and where, rather than advising the agent of such, and distancing themselves from their client's activities, counsel for the agent advocated the position laid forth by their client in disregard of the prohibitions already set forth against such activities. In re O'Dell, 251 Bankr. 602, 2000 Bankr. LEXIS 855 (Bankr. N.D. Ala. 2000).

**Bankruptcy.**

The agent's advocacy of the principal's rights, appearing in the judicial proceedings, and responding, through a judicial process, to objections raised against administrative filings constituted the practice of bankruptcy law as prohibited in Fed. R. Bankr. P. 9010(a), by this section of state law, by the code of professional ethics, and by §§ 2090-2 and 2991-1(d) of the Local Bankruptcy Rules of the Northern District of Alabama. In re O'Dell, 251 Bankr. 602, 2000 Bankr. LEXIS 855 (Bankr. N.D. Ala. 2000).

**Contract.**

A contract to publish an advertisement in

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

WINSTON DAVIS,

      PLAINTIFF

VS.                             CASE NO. CV-03-187-Q

ALICE KELLY, et al.,

      DEFENDANTS.

## ORDER

This cause comes before the Court on Defendants' *Motion for Summary Judgment.* Upon review of the pleadings, Defendants' motion, Plaintiff's response, and oral arguments heard May 13, 2004, the Court finds that the contract, contracts and/or agreements made the basis of this suit are the same as those which were the basis of the transaction between the Plaintiff and the Defendant, Alice Kelly, for the performance under which Plaintiff was convicted in the Circuit Court of Geneva County of Theft by Deception in the first degree. Because Plaintiff was convicted of perpetrating a fraud in his performance of the contract on which he sued, the court finds that the fraud and the conviction make the contract unenforceable by the Plaintiff. Furthermore, the court finds that Plaintiff's conviction is prima facie evidence of probable cause for the institution of the criminal prosecution for which he complains in Counts Three, Four and Five. The Court, therefore, finds that Defendants' *Motion for Summary Judgment* is well taken and due to be granted as to all counts of Plaintiff's Complaint.

It is, therefore, ORDERED that Defendants' *Motion for Summary Judgment* is granted and Plaintiff's complaint is dismissed with costs taxed as prepaid.

DONE this 3ʳᵈ day of _____June_____, 2004.

Kenneth W. Quattlebaum, Circuit Judge

FILED IN OFFICE

JUN 0 3 2004

CLERK

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this day served a copy of the foregoing on the parties in this case by placing a copy of the same in the United States mail, postage prepaid and properly addressed.

this 4ᵗʰ day of _____June_____, 2004.

Clerk

To - Davis
   Kelly
   Morris
   Townsend
   Grantham

Case Number:
_CIVIL NO._
_CV-03-187(Q)_

# AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

f Alabama
l Judicial System

C-10
of 2     Rev. 2/95

HE _CIRCUIT_ COURT OF _GENEVA COUNTY_ , ALABAMA
(Circuit, District, or Municipal)     (Name of County or Municipality)

LE OF CASE: _WINSTON DAVIS_ v. _ALICE KELLY ETAL_
Plaintiff(s)     Defendant(s)

E OF PROCEEDING: _MALICIOUS PROSECUTION_ CHARGE(s) (if applicable): ___

☐ IVIL CASE— I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request
hat payment of these fees be waived initially and taxed as costs at the conclusion of the case.
☐ IVIL CASE— (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an
ttorney and I request that the court appoint one for me.
☐ RIMINAL CASE— I am financially unable to hire an attorney and request that the court appoint one for me.
☐ ELINQUENCY/NEED OF SUPERVISION— I am financially unable to hire an attorney and request that the court appoint
ne for my child/me.

## AFFIDAVIT

 action I.     7/2/04 Mr. Davis to furnish transcript D. Friday 7/9/04 ℗

IDENTIFICATION
Full name _WINSTON DAVIS_     Date of birth _6/11/43_
Spouse's full name (if married)     _N/A_
Complete home address     _519 Santolina Rd, Dothan, AL 36303_

Number of people living in household     _3 ( THREE )_
Home telephone number _334 671 8152_
Occupation/Job _CARPENTER_     Length of employment _3 months_
Driver's license number _5524 341_     *Social Security Number _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_
Employer _DOUGLAS M. BATES_     Employer's telephone number _334 (?) 793 3332_
Employer's address
_DOTHAN, AL_

ASSISTANCE BENEFITS

Do you or anyone residing in your household receive benefits from any of the following sources? (If so, please check those which
apply.)

☐ AFDC     ☐ Food Stamps     ☐ SSI     ☐ Medicaid     ☐ Other___

INCOME/EXPENSE STATEMENT

Monthly Gross Income:
Monthly Gross Income     $ _1,000.00_
Spouse's Monthly Gross Income (unless a marital offense)     _-0-_
Other Earnings: Commissions, Bonuses, Interest Income, etc.     _-0-_
Contributions from Other People Living in Household     _-0-_
Unemployment/Workmen's Compensation,
Social Security, Retirements, etc.     _-0-_
Other Income (be specific) ___     _-0-_

TOTAL MONTHLY GROSS INCOME     $ _1,000.00_

Monthly Expenses:
A.   Living Expenses
Rent/Mortgage     $ _700.00_
Total Utilities: Gas, Electricity, Water, etc. ___
Food     _50.00_
Clothing     _0_
Health Care/Medical     _0_
Insurance     _0_
Car Payment(s)/Transportation Expenses     _0_
Loan Payment(s)     _0_

OPTIONAL

FILED IN OFFICE
JUL 0 2 2004
[signature] CLERK

C-10 Page 2 of 2   Rev. 2/95

# AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Monthly Expenses: (cont'd page 1)

Credit Card Payment(s) _____

Educational/Employment Expenses _____

Other Expenses (be specific) *PAROLE FEE*    $30.00

**Sub-Total**    A  $ 780.00

B.  Child Support Payment(s)/Alimony    $ 0

**Sub-Total**    B  $ -0-

$ 780.00

C.  Exceptional Expenses    $ 0

**TOTAL MONTHLY EXPENSES (add subtotals from A & B monthly only)**    $

**Total Gross Monthly Income Less total monthly expenses:**

**DISPOSABLE MONTHLY INCOME**    $ 220.00

LIQUID ASSETS:

Cash on Hand/Bank (or otherwise available such as stocks, bonds, certificates of deposit)    $ 50.00

Equity in Real Estate (value of property less what you owe) _____

Equity in Personal Property, etc. (such as the value of motor vehicles, stereo, VCR, furnishing, jewelry, tools, guns, less what you owe) _____

Other (be specific)

Do you own anything else of value? ☐ Yes ☒ No    -0-

(land, house, boat, TV, stereo, jewelry)

If so, describe _____    $ 220.00

**TOTAL LIQUID ASSETS**

**Affidavit/Request**

I swear or affirm that the answers are true and reflect my current financial status. I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury. I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me. I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

2nd day of *July* 2004.

_____    _____

Judge/Clerk/Notary    Affiant's Signature

*WINSTON DAVIS*

Print or Type Name

# ORDER OF COURT

SECTION II.

IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:

☐ Affiant is not indigent and request is DENIED.

☐ Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay $_____ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise ordered and disbursed as follows:

☐ Affiant is indigent and request is GRANTED.

☒ The prepayment of docket fees is waived. *All other costs associated w/ appeal must be paid by plaintiff.*

IT IS FURTHER ORDERED AND ADJUDGED that *none* is hereby appointed as counsel to represent affiant.

IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the court and paid to the appointed counsel, and costs of court.

Done this 23rd day of *July* 2004

_____

Judge

**NOTICE OF APPEAL TO THE** (Check appropriate block)

Civil Action Number 144

Alabama Judicial System

☑ **SUPREME COURT OF ALABAMA**

☐ **COURT OF CIVIL APPEALS OF ALABAMA**

RAP-1 (front)    Rev. 1/97

CV-03-187

HE CIRCUIT COURT OF _GENEVA_ COUNTY, ALABAMA

FILED IN OFFICE

ELLANT _WINSTON DAVIS    PRO SE_

APPELLEE _ALECE KELLY ET 2L._

JUL 02 2004

_Dan Laye_
CLERK

AL JUDGE _KENNETH QUATTLEBURN_

DATE OF POST-JUDGMENT ORDER:

TE OF JUDGMENT: _6/03/04_

ICE IS HEREBY GIVEN THAT _WINSTON DAVIS_ appeal(s) to the above-named

: from the ☐ Final Judgment ☑ Order _SEE ATTACHED ORDER DATED 6/3/04_ entered in this cause.
                                              (describing it)

CK THE PROPER DESCRIPTION OF THE APPEALED CASE UNDER THE APPROPRIATE COURT:

| SUPREME COURT | COURT OF CIVIL APPEALS |
|---|---|
| 1. ☐ Summary Judgment, amount claimed more than $50,000 | 1. ☐ Summary Judgment, amount claimed $50,000 or less |
| 2. ☐ Judgment Amount exceeds $50,000 | 2. ☐ Judgment Amount $50,000 or less |
| 3. ☑ Amount Sought in trial court more than $50,000, judgment for defendant | 3. ☐ Amount Sought $50,000 or less, Judgment for defendant |
| 4. ☐ Equitable Relief, except for domestic relations | 4. ☐ Workmen's Compensation |
| 5. ☐ Other: | 5. ☐ Domestic Relations |
|  | 6. ☐ Other: |

ELLANT FILES WITH THIS NOTICE OF APPEAL:

1. ☐ Security for costs of appeal
2. ☐ A supersedeas bond in the amount of $ _____
3. ☐ Deposited cash security in the amount of $ _____

4. ☑ Is exempted by law from giving security for costs of appeal by virtue of _AFFADAVIT OF HARDSHIP_

_July 2, 2004_
(Date)

_519 SANTOLINA RD_
Address
_DOTHAN, ALABAMA_    _(334) 671-8152_
                      Telephone Number

RTIFIED AS A TRUE COPY

_Dan Laye_
cuit Clerk

_Winston Davis_
Appellant or Attorney for Appellant

**SECURITY FOR COSTS**

We hereby acknowledge ourselves security for costs of appeal. For the payment of all costs secured by this undertaking, we hereby waive our ht of exemption as to personal property under the Constitution and laws of the State of Alabama.

Executed with our seals this _____ day of _____, _____  _____ (L.S.)

ed and approved: _____
                   (Date)

Appellant-principal _____ (L.S.)

Surety _____ (L.S.)

ircuit Clerk
.mended November 9, 1976; October 1, 1991.)

Surety _____

**SUPERSEDEAS BOND**

We, the undersigned principal and sureties, hereby acknowledge ourselves bound unto _____, and each other, our heirs, the sum of _____ Dollars, for the payment of which we bind ourselves, executors, [( for amount of bond see Rule 8(a)] and administrators, jointly and severally, and as part of this undertaking we hereby waive our rights of xemption as to personal property under the Constitution and laws of the State of Alabama.

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

WINSTON DAVIS,

        PLAINTIFF

VS.                                CASE NO. CV-03-187-Q

ALICE KELLY, et al.,

        DEFENDANTS.

## ORDER

This cause comes before the Court on Defendants' *Motion for Summary Judgment.* Upon review of the pleadings, Defendants' motion, Plaintiff's response, and oral arguments heard May 13, 2004, the Court finds that the contract, contracts and/or agreements made the basis of this suit are the same as those which were the basis of the transaction between the Plaintiff and the Defendant, Alice Kelly, for the performance under which Plaintiff was convicted in the Circuit Court of Geneva County of Theft by Deception in the first degree. Because Plaintiff was convicted of perpetrating a fraud in his performance of the contract on which he sued, the court finds that the fraud and the conviction make the contract unenforceable by the Plaintiff. Furthermore, the court finds that Plaintiff's conviction is prima facie evidence of probable cause for the institution of the criminal prosecution for which he complains in Counts Three, Four and Five. The Court, therefore, finds that Defendants' *Motion for Summary Judgment* is well taken and due to be granted as to all counts of Plaintiff's Complaint.

It is, therefore, ORDERED that Defendants' *Motion for Summary Judgment* is granted and Plaintiff's complaint is dismissed with costs taxed as prepaid.

*146*

DONE this **3ʳᵈ** day of _____ *June* _____, 2004.

_____
Kenneth W. Quattlebaum, Circuit Judge

**FILED IN OFFICE**

JUN 0 3 2004

*Dale Faye*
CLERK

CERTIFICATE OF SERVICE

this _4th_ day of _June_, 20*04*
*Dale Faye* Clerk

To - Davis
Kelly
Morris
Townsend
Grantham

_4th_ _____ day of
_June_ _____ *04*
*Dale Faye* Clerk/Register

/47



GALE LAYE
CIRCUIT CLERK
P. O. Box 86
GENEVA, ALABAMA  36340

36303+2520

Winston Davis
519 Santolina Rd.
Dothan, AL  36303





COVER SHEET
CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

e of Alabama
ted Judicial System
n ARCivP-93        1.74

GENERAL INFORMATION

Pg. 148
COUNT

THE CIRCUIT COURT OF _____

PLAINTIFF _WINSTON DAVIS_        v. DEFENDANT _ALICE KELLY, et al._

First Defendant      ☐ Business    ☑ Individual
                     ☐ Government  ☐ Other

ff Plaintiff    ☐ Business    ☑ Individual
                ☐ Government  ☐ Other

NATURE OF SUIT: In the column of boxes preceding the categories listed below, number the boxes (in order of priority; one = highest priority) that best describes or categorizes the basis or theory of your suit. You may number up to five case types.

**TORTS PERSONAL INJURY**
- ☐ WDEA – Wrongful Death
- ☐ TONG – Negligence: General
- ☐ TOMV – Negligence: Motor Vehicle
- ☑ TOWA – Wantonness
- ☐ TOPL – Product Liability/AEMLD
- ☐ TOMM – Malpractice - Medical
- ☐ TOLM – Malpractice - Legal
- ☐ TOOM – Malpractice - Other
- ☑ TOXX – Other: _MALICIOUS PROSECUTION_

**TORTS PROPERTY INJURY**
- ☑ TOPE – Personal Property
- ☐ TORE – Real Property

- ☐ RPRO – Real Property
- ☐ ACCT – Account & Non-Mortgage
- ☑ COXX – Contract: All other
- ☐ CVRT – Civil Rights
- ☐ WTEG – Wills/Trusts/Estates/Guardianships
- ☐ EQND – Non-Damage Actions (Declaratory Judgment, Injunction)
- ☐ MSHC – Habeas Corpus/Extraordinary Writ
- ☐ AOPA – Admin. Procedure Act
- ☐ FELA – Railroad/Seaman (FELA)
- ☐ CCMP – Workmen's Compensation
- ☐ CEND – Condemnation (Fruits at Crime, Rt of Way, Aband. Vehicle)
- ☑ CVXX – Other _MALICIOUS PROSECUTION_

DEC 30 2003
Dale Page
CLERK

ORIGIN (check one):    s ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    o ☐ OTHER: _____
                       R ☐ REMANDED    F ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?    ☑ YES  ☐ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, ARCP, for procedure.)

RELIEF REQUESTED:    $ ____ Compensatory    $ ____ General
                     $ ____ Punitive    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:    | | | | | |    _12/26/03_
                                  Date

_WINSTON DAVIS_
_Winston Davis_ PRO SE PT.
Signature of Attorney/Party filing this form

**DISPOSITION DATA** (TO BE COMPLETED BY THE COURT)

DISPOSITION DATE:    | | | | | |
Month  Day  Year

ADMINISTRATIVE DOCKET:    | | | | | |
Month  Day  Year

TRIAL BEGUN NO VERDICT:    | | | | | |
Month  Day  Year

JUDGE TAKING FINAL ACTION:
Judge Code  | | | | | |

JUDGMENT FOR PLAINTIFF
Type:
- F ☐ Default
- A ☐ Consent
- M ☐ Summary
- N ☐ Bench Trial
- J ☐ Jury Trial
- o ☐ Other: _____

Amount:
$ ____ Compensatory
$ ____ Punitive
$ ____ General
☐ NO MONETARY AWARD

JUDGMENT FOR DEFENDANT
Type:
- F ☐ Default
- A ☐ Consent
- M ☐ Summary
- N ☐ Bench Trial
- J ☐ Jury Trial
- o ☐ Other: _____

Amount:
$ ____ Compensatory
$ ____ Punitive
$ ____ General
☐ NO MONETARY AWARD

DISMISSALS
- R ☐ Dismissed With Prejudice
- P ☐ Dismissed Without
- S ☐ Prejudice
- T ☐ Transferred to Other Circuit/Venue
- ☐ Other: _____

TRIAL BEGAN    | | | | | |
Month  Day  Year

TRIAL ENDED    | | | | | |
Month  Day  Year

Number of Trial Days: | |

*Attn: Chad*

**Circuit Clerk**
**Geneva County**
P.O. Box 86
GENEVA, ALABAMA 36340

334-684-5620

*Gale Laye*
CLERK

F A X   334-684-5605

*Faxed 2:10 pm 7/23/04 gl*

**F A X  TRANSMITTAL COVER SHEET**

DATE: _7/23/04_

TO: _Supreme Court Clerk_

SUBJECT: _Davis Appeal – Geneva Co._

FAX NO. CALLED _334-242-0588_

LOCATION: _Montgomery_ _Al_
(City)                (State)

No. of Pages:  (Including this page) _2_

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

FROM: _Gale Laye_
_Circuit Clerk_
_Geneva_

COMMENTS:   _Chad –_
_Aff. of Hardship, w/ Order,_
_And  C.A.S. follow –_
_Thanks –_
_Gale Laye_

*54*
*Fine – Sup Ct.*
*would recur until*
*has Order of*
*Hardship (gl)*

of Alabama
rd Judicial System

: C-10
1 of 2       Rev. 2/95

# AFFIDAVIT OF SUBSTANTIAL
# HARDSHIP AND ORDER

CELL NO.
(V-03-187(Q)

THE _CIRCUIT_ COURT OF _GENEVA COUNTY_, ALABAMA
     (Circuit, District, or Municipal)          (Name of County or Municipality)

YLE OF CASE: _WINSTON DAVIS_ v. _ALICE KELLY ETAL_
              Plaintiff(s)                        Defendant(s)

PE OF PROCEEDING: _MALICIOUS PROSECUTION_ CHARGE(s) (if applicable): _____

**CIVIL CASE**– I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

**CIVIL CASE**– (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an attorney and I request that the court appoint one for me.

**CRIMINAL CASE**– I am financially unable to hire an attorney and request that the court appoint one for me.

**DELINQUENCY/NEED OF SUPERVISION**– I am financially unable to hire an attorney and request that the court appoint one for my child/me.

## AFFIDAVIT

ECTION I.    7/2/04 Mr. Davis to Summer examine H.O. Friday 7/9/04 8L

### IDENTIFICATION

Full name _WINSTON DAVIS_                        Date of birth _6/18/43_
Spouse's full name (if married) _N/A_
Complete home address _519 SANTALINA Rd, DOTHAN, AL 36303_

Number of people living in household _3 (THREE)_
Home telephone number _334 671 8152_
Occupation/Job _CARPENTER_        Length of employment _2 MONTHS_
Driver's license number _5524 341_        *Social Security Number _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_
Employer _DOUGLAS M. BATES_        Employer's telephone number _334 CO 7933332_
Employer's address
_DOTHAN, AL_

### ASSISTANCE BENEFITS

Do you or anyone residing in your household receive benefits from any of the following sources? *(If so, please check those which apply.)*

☐ AFDC    ☐ Food Stamps    ☐ SSI    ☒ Medicaid    ☐ Other _____

### INCOME/EXPENSE STATEMENT

Monthly Gross Income:
| | |
|---|---|
| Monthly Gross Income | $ _1,000.00_ |
| Spouse's Monthly Gross Income *(unless a marital offense)* | – 0 – |
| Other Earnings: Commissions, Bonuses, Interest Income, etc. | – 0 – |
| Contributions from Other People Living in Household | – 0 – |
| Unemployment/Workmen's Compensation, | |
| Social Security, Retirements, etc. | – 0 – |
| Other Income (be specific) | – 0 – |
| **TOTAL MONTHLY GROSS INCOME** | $ _1,000.00_ |

JUL 0 2 2004
_[signature]_
CLERK

Monthly Expenses:
A.  Living Expenses
| | |
|---|---|
| Rent/Mortgage | $ _700.00_ |
| Total Utilities: Gas, Electricity, Water, etc. | _50.00_ |
| Food | 0 |
| Clothing | 0 |
| Health Care/Medical | 0 |
| Insurance | 0 |
| Car Payment(s)/Transportation Expenses | 0 |
| Loan Payment(s) | |

*OPTIONAL

**Monthly Expenses:** (cont'd page 1)
Credit Card Payment(s) _____
Educational/Employment Expenses _____
Other Expenses *(be specific)* _PAROLE FEE_ _$30.00_

_____

     **Sub-Total**                   A $ _780.00_

B.   Child Support Payment(s)/Alimony    $ _0_

     **Sub-Total**                B $ _-0-_

C.   Exceptional Expenses         $ _0_   $ _780.00_ _220.00_

     **TOTAL MONTHLY EXPENSES** (add subtotals from A & B monthly only)   $ _230.00_

_____

**Total Gross Monthly Income Less total monthly expenses:**

       **DISPOSABLE MONTHLY INCOME**          $ _220.00_

_____

**LIQUID ASSETS:**
Cash on Hand/Bank *(or otherwise available such as stocks, bonds, certificates of deposit)*     $ _50.00_
Equity in Real Estate (value of property less what you owe) _____
Equity in Personal Property, etc. (such as the value of motor vehicles, stereo, VCR, furnishing, jewelry, tools, guns, less what you owe) _____
Other *(be specific)*
Do you own anything else of value? ☐ Yes ☒ No   _-0-_
(land, house, boat, TV, stereo, jewelry)
If so, describe _____

_____

     **TOTAL LIQUID ASSETS**          $ _220.00_

_____

**Affidavit/Request**
I swear or affirm that the answers are true and reflect my current financial status. I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury. I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me. I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

_2nd_ day of _July_ , _2006_

_Dan Kays_
Judge/Clerk/Notary

_Winston Davis_
Affiant's Signature

_WINSTON DAVIS_
Print or Type Name

_____

                    **ORDER OF COURT**

SECTION II.
  IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:
  ☐ Affiant is not indigent and request is DENIED.
  ☐ Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay $_____ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise ordered and disbursed as follows:
  ☐ Affiant is indigent and request is GRANTED.
  ☒ The prepayment of docket fees is waived. _All other costs associated w/ appeal must be paid by plaintiff._
IT IS FURTHER ORDERED AND ADJUDGED that _none_ , is hereby appointed as counsel to represent affiant.
IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the court and paid to the appointed counsel, and costs of court.
Done this _23rd_ day of _July_ , _2006_

_[signature]_
Judge

e of Alabama
ied Judicial System

**DOCKETING STATEMENT**
**Appeal to the Supreme Court of Alabama**
*NOTE: Completed Civil Case Cover Sheet must be attached.*

Supreme Court Case Number
(To be filled in by Clerk of Supreme Court.)

ARAP-24 (front) Rev. 1/97

| TY | CIVIL ACTION NUMBER | TRIAL JUDGE |
|---|---|---|
| *ENEVA* | *CV-03-187* | *KENNETH QUTTLEBUAM* |

PARTY/PARTIES FILING APPEAL (Appellant): *WINSTON DAVIS*

APPELLANT'S ATTORNEY: *PRO SE*                    (    )
                                          Telephone Number

Address                City                State                Zip Code

PARTY/PARTIES APPEALED AGAINST (Appellee): *ALICE KELLY, eT al.*

APPELLEE'S ATTORNEY: *PRO SE*                    (    )
                                          Telephone Number

Address                City                State                Zip Code

APPELLANT IS THE TRIAL COURT:  ☐ Plaintiff  ☐ Defendant  ☐ Other      IV. IS THIS A CROSS-APPEAL?  ☐ Yes  ☐ No

RELIEF AWARDED/REQUESTED:      Please check the appropriate block(s):

A. ✓ Monetary damages were either sought or awarded, as set out below:

(1) Compensatory damages were:
  (a) ☐ awarded in the amount of $ _____
  (b) ☐ not awarded, but sought in the amount of $ _____
  (c) ☒ sought, but not awarded - the amount sought was not specified in the complaint.

(2) Punitive damages were:
  (a) ☐ awarded in the amount of $ _____
  (b) ☐ not awarded, but sought in the amount of $ _____
  (c) ☒ sought, but not awarded - the amount sought was not specified in the complaint.

3. A general award of damages (not differentiating between compensatory and punitive) was:
  (a) ☐ made in the amount of $ _____
  (b) ☐ not made, but sought in the amount of $ _____
  (c) ☐ sought, but not made - the amount sought was not specified in the complaint

4. Other monetary damages (Type: _____ ) were:
  (a) ☐ awarded in the amount of $ _____
  (b) ☐ not awarded, but sought in the amount of $ _____
  (c) ☐ sought, but not awarded - the amount sought was not specified in the complaint

5. Was there a remittitur or additur at issue in the trial court? ☐ Yes  ☐ No
  (If yes, please provide the details in the "FACTS" section on the back of this form.)

B. _____ Equitable and/or declaratory relief was sought in the trial court.

C. _____ Other
  (Please provide the details of the issue(s) before the Court in the "ISSUES" section on the back of this form.)

FILED IN OFFICE
JUL 0 2 2004

TYPE OF JUDGMENT OR ORDER APPEALED. (Please check one):

A ☐ Judgment based on a Jury Verdict
B ☐ Judgment based on a Non-Jury Decision
C ☐ Judgment Notwithstanding the Verdict (JNOV)
D ☐ Order granting a New Trial
E ☐ Judgment as a Matter of Law
F ☒ Summary Judgment
G ☐ Dismissal
H ☐ Default Judgment
I ☐ Other

IF THE CASE WENT TO TRIAL, HOW MANY DAYS DID THE TRIAL TAKE?  *3 DAYS*

FINALITY OF JUDGMENT: Date of entry of judgment or order appealed from:  *6  3  2004*
                                          Month  Day  Year

1. Is the judgment or order appealed from in compliance with Rule 58, A.R.Civ.P.?          ☒ Yes  ☐ No
2. Does the order appealed from constitute a disposition of all claims as to all parties?   ☒ Yes  ☐ No
3. If not, did the trial court enter an order intended to make the order final pursuant to Rule 54(b)?   ☒ Yes  ☐ No
4. If the trial court intended to make the order appealed from final pursuant to Rule 54(b), did the court in the Rule 54(b) order expressly determine that there was no just reason for delay and expressly direct that final judgment be entered?   ☐ Yes  ☐ No
5. If the answer to question 2 is "NO," and the trial court did not make the order final by full compliance with Rule 54(b), please explain the basis for seeking appellate review and cite the authority for this appeal:

_____
_____

II. POST-JUDGMENT MOTIONS:  List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rule 59.1, A.R Civ P.).

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| onth | Day | Year | | Month | Day | Year |
| | | | *NONE* | | | |
| | | | | | | |
| | | | | | | |

(RAP 24 (back)  Rev 1/97)

**CONSTITUTIONAL ISSUES:**
1. Are the provisions of Rule 44, A R App P , applicable to this appeal?  ☐ Yes  ☐ No
2. If so, have the provisions been complied with?  ☐ Yes  ☐ No

**NATURE OF CASE ON APPEAL:**  In the left column of boxes preceding the categories listed below, check the box (check only one) that best describes or categorizes the basis or theory of the primary issue on appeal. In the right column of boxes, check any secondary theories that are applicable to the suit.

**TORTS:**
- ☐☐ Bad Faith
- ☑☐ Fraud
- ☐☐ Legal Malpractice
- ☐☐ Medical Malpractice
- ☐☐ Other Malpractice
- ☐☐ Products/AEMLD
- ☐☐ Negligence (Vehicular)
- ☐☐ Negligence (General/Other)
- ☐☐ Personal Property

- 10 ☐☐ Real Property
- 11 ☐☐ Wrongful Death (All Types)
- 12 ☐☐ Wantonness
- 13 ☐☐ Conversion
- 14 ☐☐ Wrongful Employ. Termination
- 15 ☐☐ Premises Liability
- 16 ☐☐ Outrage
- 29 ☐☐ Other:_____

**CONTRACTS:**
- 30 ☑☐ Commercial

- 31 ☐☐ Personal
- 32 ☐☐ Pension
- 33 ☐☐ Insurance
- 34 ☐☐ Employment
- 39 ☐☐ Other:_____

**OTHER:**
- 40 ☐☐ Real Property
- 41 ☑☐ Civil Rights (Prisoner)
- 42 ☑☐ Civil Rights (Other)
- 43 ☐☐ Wills/Trusts/Estates

- 44 ☐☐ Declaratory Judgment
- 45 ☐☐ Injunction (Commercial)
- 46 ☐☐ Injunction (Employment)
- 47 ☐☐ Injunction (Other)
- 48 ☐☐ Extraordinary Writ
- 49 ☐☐ Pub.Service Comm
- 50 ☐☐ RR/Seaman(FELA)
- 51 ☐☐ RICO
- 99 ☐☐ Other:_____

**APPELLATE REVIEW:**  Please take notice that your case may be initially reviewed by the Court of Civil Appeals. Pursuant to § 12-2-7, Code of Alabama 1975, the Supreme Court has the authority to transfer any civil case within its jurisdiction to the Court of Civil Appeals, except cases presenting a substantial question of federal or state constitutional law; cases involving a novel legal question, the resolution of which will have significant statewide impact; utility rate cases appealed pursuant to § 37-1-140, Code of Alabama 1975; bond validation cases appealed pursuant to § 6-6-754, Code of Alabama 1975; or Alabama State Bar disciplinary proceedings.

If you believe this case should not be transferred to the Court of Civil Appeals, please state with specificity the reason(s) why it should **not** be transferred, referring to pertinent sections of § 12-2-7. Reasons should be supported in the ISSUES and FACTS sections of this docketing statement.

_____
_____
_____

**I. ISSUES:** Briefly summarize the issue(s) on appeal.

ONE: WHETHER OR NOT, PLAINTIFF WINSTON DAVIS WAS ENTITLED TO ANSWERS TO INTERROGATORIES AND ANY DOCUMENTS REQUESTED FROM THE MOVING PARTY BEFORE COURT JUDGE COULD ENTERTAIN A MOTION FOR SUMMARY JUDGEMENT AS A MATTER OF LAW?

**III. FACTS:** Without argument, briefly summarize the facts to inform the court of the nature of the case.

TWO: WHETHER OR NOT THE TRIAL COURT JUDGE COMMITTED PLAIN ERROR WHEN HE ENTERED JUDGEMENT FOR DEFENDANT'S, BARBARA MORRIS, RACHEL TOWNSEND, AND GARY GRANTHAM, WHEN THEY FAILED TO FILE A MOTION FOR SUMMARY JUDGEMENT PURSUANT TO RULE 56, ALABAMA RULES OF CIVIL PROCEDURE AS A MATTER OF LAW?

_____ 7/02/04                    _____
Date                                        Signature of Attorney/Party Filing this Form

**TRANSCRIPT PURCHASE ORDER**
**OF APPELLANT - CRIMINAL**

Appellate Case Number
(to be completed by appellate court)

Alabama
Judicial System

ARAP-1A    Rev. 8/91    (See Rules 10(b) and 11(a) of the Alabama Rules of Appellate Procedure)

| APPELLANT | |
|---|---|
| WINSTON DAVIS PRO SE | JUL 09 2004 |

APPELLEE

*ICE KELLY, BARBARA MOUNTS, RACHEL TOWNSEND, GARY GRANTHAM.

| Action Number 3-187 | Trial Judge KENNETH QUATTLEBAUM | (CV-03-187) |
|---|---|---|
| Reporter PAYNE GUMAN | County GENEVA | Date of Notice of Appeal 7/7/04 |

**I. TO BE COMPLETED AND FILED WITH THE COURT REPORTER BY APPELLANT WITHIN 7 DAYS OF THE FILING OF THE NOTICE OF APPEAL.**

A. Request is hereby made to the reporter for a transcript of the following proceedings (give particulars):
NOTE: Exhibits are included in the clerk's record and need not be specified - see Rule 10(b)(1), A.R.App.p.

- [X] Entire Transcript
- [X] Testimony of Plaintiff
- [X] Testimony of Defendant
- [ ] Testimony of Witness _____
- [ ] Testimony of Witness _____

- [ ] Oral Charges to the Jury
- [ ] Objection to Oral Charge
- [ ] Objection to Refused Requested Written Charge(s), Numbers _____
- [X] Others: AND ALL EXHIBITS

NOTE: Unless the entire transcript is ordered, appellant must attach a statement of the issues to Pages 4 and 5.

B. I CERTIFY that I HAVE paid the Court Reporter the estimated cost of transcribing that part of the proceedings I have deemed necessary to be included in the record. PLAINTIFF'S REQUEST TO BE ALLOWED TO PROCEED HS INDIGENT - WINSTA DAVIS

| 7/9/2004 | WINSTA DAVIS | (334) 445-4620 |
|---|---|---|
| Date | Signature | Telephone Number |

NOTE: Upon Completion of PART I, Appellant should distribute pages as follows:

| * | Pages 1, 2 and 3 - Court Reporter | Page 4 - Trial Court | Page 5 - Appellee | Page 6 - Retained by Appellant |
|---|---|---|---|---|

**PART II. TO BE COMPLETED BY COURT REPORTER ON SAME DATE TRANSCRIPT PURCHASE ORDER IS RECEIVED.**

A.

| Date Transcript Purchase Order Received | Estimated Completion Date |
|---|---|
| Estimated Number of Pages | Estimated Cost |

B. I CERTIFY THAT [ ] I HAVE [ ] I HAVE NOT (check one) been paid the estimated cost of the transcript.

| Date | Signature | Telephone Number |
|---|---|---|

NOTE: Upon Completion of PART II, Court Reporter should distribute pages as follows:

| * | Pages 1 and 2 - Retained by the Court Reporter | Page 3 - Transmitted to the Appropriate Appellate Court on Same Date Transcript Purchase Order is Received. |
|---|---|---|

**PART III. CERTIFICATE OF COMPLETION OF REPORTER'S TRANSCRIPT.**

NOTE: This is to be completed by court reporter on date of filing of transcript in trial court. On the day of completion, this certificate must be forwarded to the appropriate appellate court (Page 2) and copies thereof shall be served on the clerk of the trial court and each of the parties.

I CERTIFY that I have this date completed and filed with the clerk of the trial court the original of a true and correct transcript of the evidence and matters designated by the parties. All pages are numbered serially in the upper right corner of the pages, prefaced by an index, and ending with the following number: _____

I CERTIFY that photocopies of this certificate are this date being served on the clerk of the trial court and each of the parties, along with a copy of the index (with copies of the transcript as ordered).

Dated this _____ day of _____

_____
Court Reporter

NOTE: Upon Completion of PART III, Court Reporter should distribute pages as follows:

| * | Page 1 - Retained by the Court Reporter | Page 2 - Transmitted to the Appropriate Appellate Court |
|---|---|---|

| Distribution Code: | Page 1: White | Page 2: Blue | Page 3: Green | Page 4: Canary | Page 5: Pink | Page 6: Goldenrod |
|---|---|---|---|---|---|---|



Robert G. Esdale
 Clerk
Lynn Knight
 Assistant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

## 1031615

Winston Davis v. Alice Kelley et al.  (Appeal from Geneva Circuit Court: CV-03-187).

### NOTICE

JUL 27 2004

CLERK

You are hereby notified that your case has been docketed.  Future correspondence should refer to the above Supreme Court case number.

## AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure.

Appellate Mediation:  On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil cases.  On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules.  The rules can be accessed at http://www.judicial.state.al.us.  Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

Form Requirements for Documents filed with the Court:  The rules amendments, effective June 1, 2002, may be found in the advance sheets of the Southern Reporter dated December 20, 2001, and in the volume of the Alabama Reporter containing cases from 798 - 804 So.2d.  They may also be accessed at the Administrative Office of Courts' Web site at www.alacourt.org/rulechanges and at the Alabama State Law Library's Web site at www.alalinc.net.

Please note that one recent rule amendment requires that briefs be set in Courier New 13.  See Rule 32(a)(5), Ala. R. App. P., as amended.  This paragraph is typed in Courier New 13.

Petitions for Writ of Certiorari:  Major changes have been made to Rules 39 and 40, governing petitions for writ for writ of certiorari and applications for rehearing.  PLEASE FAMILIARIZE YOURSELF WITH THESE CHANGES.

Other Amendments to the Alabama Rules of Appellate Procedure:  Other amendments to the Alabama Rules of Appellate Procedure that should be reviewed are those that became effective August 1, 2000; September 1, 2000; and October 1, 2001.  Those amendments govern, among other things, the presumptive reasonable time for filing of petitions for a writ

## BRIEFS - EXTENSION OF TIME FOR FILING BRIEFS

NOTE: THIS OFFICE IS NOT RESPONSIBLE FOR INFORMING YOU WHEN YOUR BRIEF IS DUE. PLEASE CONSULT RULE 31(a), ALABAMA RULES OF APPELLATE PROCEDURE, FOR TIMES FOR FILING.

One seven day extension of time, as provided by Rule 31(d), Alabama Rules of Appellate Procedure, may be granted to each side. The party requesting a Rule 31(d) extension may do so by telephone request to the clerk's office, PRIOR to the date the brief is due. If the Rule 31(d) extension is obtained by a telephone call to the clerk's office, a letter confirming the extension and stating the date the brief will be due shall be sent to the Clerk's office. A copy of the letter must be served on all other attorneys or parties. If a party obtains a seven day extension to file the principal brief pursuant to Rule 31(d), no further extensions will be granted pursuant to that rule.

For extensions, please call the Supreme Court Clerk's Office at 334-242-4609.

Motions for enlargement of time to file the brief after the seven day extension pursuant to Rule 31(d) will not be granted unless extraordinary good cause is shown. Unless there is an unanticipated event or emergency that results in extreme hardship, a motion for enlargement of time will not be granted. A heavy workload alone will not be considered good cause.

Any request for enlargement of time must be made by motion and must be filed in the Clerk's office before the first extension has expired.

## FILINGS - NUMBER OF COPIES, COLOR OF COVERS, BINDINGS, SERVICE, ETC.:

Number of copies: An original and nine copies must be filed.

Color of covers of briefs and other filings: Rule 32 requires the following colors be used on brief covers: appellant – blue, appellee – red, intervenor/amicus – green, reply – gray. The cover of any filing not specifically mentioned in the rules shall be white.

Certificate of service: The certificate of service shall contain the attorney's name, address, telephone number and party represented for all served.

Binding of Briefs: Rule 32(a)(3) requires that the brief be bound on the left in a manner that is secure. It is recommended that any clasps, staples, or other fasteners used to bind the briefs be covered by nylon reinforced tape so as to prevent injury to those handling the briefs.

Filing: Papers are not considered filed until RECEIVED by the clerk of this Court; however, papers shall be deemed filed on the day of mailing if CERTIFIED, REGISTERED,

Notice to Trial Court Clerk when Appellee's Brief is Filed: Rule 31(a) requires that the appellee give notice of the filing of the appellee's brief to the clerk of the trial court. Compliance with this rule is necessary in order for the trial clerk to know when to forward the record on appeal to the appellate court.

Second Copy of Record on Appeal: Rule 11(a)(4) requires that the appellant file in this Court a copy of the record on appeal within 14 days after the date shown on the copy of the certificate of completion of the record on appeal.

Settlement Negotiations: If the parties are negotiating a settlement of the case after the case is submitted, they should notify the clerk in writing. No appeal will be dismissed after a proposed opinion has been circulated.

Stays: There are no stays of time schedules for preparing the record or filing briefs unless this Court issues a specific order granting such a stay. For example, even if a Rule 10(f) motion to supplement the record is granted by the trial court or this Court, the briefing schedule is not stayed unless this Court orders a stay. Any requests for a stay must be made by motion. See also Rule 8(b).

Admission of Nonresident Attorneys - Pro Hac Vice Rule: Rule VII of the Rules Governing Admission to the Alabama State Bar governs admittance pro hac vice of lawyers who are not members of the Alabama State Bar. Failure to comply with this rule will result in the attorney's name being stricken from any pleadings filed in the Court, and the attorney will not be allowed to participate in any oral argument concerning the appeal. Note that in cases where the attorney whose name is stricken is the only attorney of record, failure to comply with the Rule may result in dismissal of the appeal.

<div align="right">
Robert G. Esdale, Sr., Clerk<br>
Supreme Court of Alabama
</div>

RGE:LK/cc

WINSTON DAVIS,                    )        IN THE CIRCUIT COURT OF

      PRO SE PLAINTIFF         )        GENEVA COUNTY, ALABAMA

VS.                              )        TRIAL COURT NO. CV-03-187(Q)

ALICE KELLY, ET AL.,             )        ~~SUPREME COURT NO. 1031615~~

      **DEFENDANTS.**           )        COURT OF CIVIL APPEALS #2030985

================================================================

## CLERK'S CERTIFICATE

================================================================

    I CERTIFY THAT THE FOREGOING COPY OF THE CLERK'S PORTION OF

THE RECORD ON APPEAL IS A TRUE AND CORRECT COPY OF THE FILES OF WHICH

THE ORIGINALS ARE ON RECORD AND FILED IN MY OFFICE.

    WITNESS MY HAND AND SEAL THIS _19th_ DAY OF _August_.

                               GALE LAYE, CLERK

of Alabama
d Judicial System

ARAP-4   Rev. 11/91

# CERTIFICATE OF COMPLETION
## OF CLERK'S RECORD

| THE CLERK OF THE: | ☐ SUPREME COURT OF ALABAMA<br>☒ COURT OF CIVIL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:   July 2, 2004 |
|---|---|---|

ELLANT      WINSTON DAVIS

APPELLEE
ALICE KELLY, ET AL

I certify that I have this date completed the clerk's record by make a photocopy of each of the papers, hibits, orders, etc. as designated by the parties (in the entire record) and I have included therein the original tice of appeal, (security for costs) (supersedeas bond), designations of the record on appeal, and appropriate dexes. All original paginations were removed or covered; all pages constituting the designated clerk's record e assembled chronologically in order of their filing by fastening at the left side; and all pages are numbered rially and in the upper right corner of the page. A copy of this certificate will appear as the last page of the erk's record and the page number is affixed hereto.

(Affidavit of Hardship and Order

I further certify that I am this date serving a copy of this certificate of completion on the court reporter d on counsel for each of the parties, along with a copy of the index. The designated clerk's record will remain this office until the reporter's transcript is filed, at which time the record on appeal will be assembled and ade available first to counsel for appellant and then to counsel for appellee as an aid in the preparation of their spective briefs.

DATED this 20th day of  August                    , 2004             .

_Gale Laye_
Circuit Clerk

_Geneva_
County

Amended October 1, 1991.)

[1] *The court reporter is reminded that the designated reporter's transcript, prefaced by an appropriate index, is due to be iled in this office on _____, _____, 56 days from the date of the filing of the notice of appeal nd that the pages of the transcript are to be numbered serially in the upper right corner of the page.*

[2] *Counsel for the respective parties are reminded that the record on appeal must be returned to this office in sufficient ime for filing by this office with the clerk of the appellate court not more than 14 days from the filing of the appellee's brief— he same date on which appellant's reply brief, if any, is due to be filed.*

| **LETTER OF TRANSMITTAL OF RECORD ON APPEAL TO APPELLATE COURT BY TRIAL CLERK** | Appellate Case Number<br>2030985 |
|---|---|

f Alabama<br>Judicial System

ARAP-10    Rev. 9/91

TRIAL COURT #CV-03-187

| HE APPELLATE<br>RK OF THE: | ☐ SUPREME COURT OF ALABAMA<br>☒ COURT OF CIVIL APPEALS OF ALABAMA | APPELLEE'S BRIEF DATE FILED (or due if no brief is filed): |
|---|---|---|

ELLANT      WINSTON DAVIS

APPELLEE<br>ALICE KELLY, ET ALS.

I have this date transmitted to you the record on appeal for filing in the appellate court. I am this date serving a copy of is letter on counsel for each of the parties.

DATED this <u>1st</u> day of <u>Sept.</u>, <u>2004</u>.



_____<br>Circuit Clerk, Gale Laye

<u>Geneva</u>_____<br>County

Amended October 1, 1991.)