IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WINSTON DAVIS, #207010 | ) |
| | ) |
| PETITIONER, | ) |
| | ) |
| vs. | ) CIVIL NO. |
| | ) 01: 06-CV-00842-MHT |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| RESPONDENTS. | ) |

**ANSWER OF RESPONDENTS**

Come now the Respondents, by and through the Attorney General for the State of Alabama, and in response to this Honorable Court's Order issued September 27, 2006, make the following answer:

1. In his federal petition, Winston Davis attacks his June 8, 2000 conviction of first-degree theft by deception in the Geneva County Circuit Court on the following grounds:

    (1) Denial of due process and prejudice on the part of the trial court.

    (2) Ineffective assistance of counsel.

2. Respondents admit Davis is in state custody serving a sentence of forty years in the state penitentiary pursuant to his conviction of first-degree theft of property by deception in the Geneva County Circuit Court in case number CC-99-126, but aver that Davis's conviction and sentence are valid and constitutional under the laws and treaties of the United States and the State of Alabama.

3. Respondents deny each and every material allegation of the petition and demand strict proof thereof.

## PROCEDURAL HISTORY

4. On August 6, 1999, the Geneva County Grand Jury indicted Davis on charges of first-degree theft by deception in case number CC-99-126. On June 8, 2000, Davis was brought to trial and convicted in the Geneva County Circuit of first-degree theft by deception in case number CC-99-126. On June 30, 2000, the trial court sentenced Davis to forty years in the state penitentiary under the Alabama Habitual Felony Offender Act.

5. On December 22, 2000, Davis's appellate counsel, L. Scott Johnson, Jr., filed an <u>Anders</u> brief in the Alabama Court of Criminal Appeals raising numerous issues on Davis's behalf. (Exhibit A) On March 9, 2001, the Alabama Court of Criminal Appeals affirmed Davis's conviction of first-degree theft in a memorandum opinion, as follows:

> Winston Davis was convicted following a jury trial of theft by deception, First Degree, a violation of §13A-8-3, Ala. Code 1975. The trial court sentenced Davis, a habitual felony offender, to serve 40 years' imprisonment in the penitentiary, and to pay fines, restitution, and court costs. Davis appealed.
>
> Defense counsel has filed a brief with this Court, stating that he can find no arguable error in the record, citing <u>Anders v. California</u>, 386 U. S. 738 (1967). Davis filed a pro se brief, arguing many of the issues defense counsel discussed in his brief to this Court. Defense Counsel filed a response stating that he maintained the same position he took in his initial <u>Anders</u> brief to this Court.
>
> A review of the record supports counsel's assertion that there is no error in the record. Having reviewed the record of the proceeding, we find that the claims raised by Davis were either waived for purposes of review or without merit. This cause is due to be affirmed without opinion.

(Exhibit A)

6. Certificate of final judgment was entered on direct appeal on June 22, 2001. (Exhibit B) Davis filed a habeas corpus petition in this Court on June 25, 2002. Respondents filed an answer, arguing that Davis had not exhausted his remedies in state court, because he still had a potential remedy under Rule 32 Ala.R.Crim.P. On December 31, 2003, on motion of the petitioner, this Court dismissed Davis's petition without prejudice to allow him to exhaust his state remedies. <u>Davis v. Deloach</u>, CV-02-T-718-S (M. D. Ala. 2003). (Exhibit D)

7. On January 20, 2004, Davis filed a Rule 32 petition in the Geneva County Circuit Court attacking his conviction of theft by deception. (Exhibit C) On August 5, 2004, the trial court summarily denied Davis's petition on grounds

3

that the claims contained therein could have been raised at trial, or on appeal, or were not alleged with sufficient specificity. (Exhibit C) A copy of the court's order was mailed to Davis on August 20, 2004. (Exhibit C) Davis did not appeal the denial of his petition. (Exhibit C) On September 21, 2006, Davis filed the instant petition attacking his conviction of theft by deception on grounds of denial of due process and ineffective assistance of counsel, and this action follows.

## MEMORANDUM BRIEF

### One-Year Period Of Limitation Under Title 28 U.S.C. §2244(d)

8. Davis's petition is barred because it was not filed within the one-year statute of limitation. Title 28 U. S. C. §2244 (d) (1), enacted by Title I of the Antiterrorism and Effective Death Penalty Act of 1996, pub. L. No. 104-132, 110 Stat. 1214, provides for a one-year statute of limitation applicable to a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. This law became effective on April 24, 1996. The section specifically provides the following:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added.)

9. Certificate of final judgment was issued on Davis's direct appeal by the Alabama Court of Criminal Appeals on June 22, 2001. (Exhibit B) On June 25, 2001, Davis filed his first federal petition in case number CV-02-T-718-S. Respondents filed an answer, arguing that Davis had not exhausted his remedies in state court, because he still had a potential remedy under Rule 32 Ala.R.Crim.P. On December 31, 2003, on motion of the petitioner, this Court dismissed Davis's petition without prejudice to allow him to exhaust his state remedies. Davis v. Deloach, CV-02-T-718-S (M. D. Ala. 2003). (Exhibit D)

10. Twenty days later, on January 20, 2004, Davis filed a Rule 32 petition in the Circuit Court of Geneva County attacking his conviction of theft by deception. (Exhibit C) The trial court summarily denied the petition on August 5, 2004.

5

(Exhibit C) Davis did not file an appeal in the Alabama Court of Criminal Appeals from the denial of his Rule 32 petition. (Exhibit C) Forty-two days later, on September 16, 2004, upon expiration of the time for appeal, the federal statute of limitation began to run. More than two years later, on September 21, 2006, Davis filed the instant federal petition.

    11. In all, seven-hundred-fifty-five days, or more than two years, have elapsed from the expiration of time to file an appeal from the denial of Davis's Rule 32 petition and the date upon which Davis filed this petition. Davis's federal petition is plainly barred from review because it was filed more a year *after* the one-year statute of limitation expired. Davis's petition is due to be denied on these grounds.

    Accordingly, Davis's petition for writ of federal habeas corpus is due to be denied as barred by the one-year statute of limitation under Title 28 U.S.C. 2244(d).

## CONCLUSION

Based upon the foregoing, Davis's petition for writ of habeas corpus attacking his conviction of theft by deception is due to be denied because the petition is barred by the federal statute of limitation.

                  Respectfully submitted,

                  Troy King (KIN047)
                  Attorney General
                  By:

                  s/Jean A. Therkelsen
                  <u>Jean A. Therkelsen</u>

## EXHIBITS

Exhibit A - Opinion of the Alabama Court of Criminal Appeals, CR-00-0344.

Exhibit B – Certificate of final judgment, CR-00-0344.

Exhibit C - Case action summary, CC-99-126.60

Exhibit D – Order dismissing Davis's first federal petition without prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>27th</u> day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including exhibits) to the following non-CM/ECF participants: <u>Winston Davis, 519 Santolena Road, Dothan, Alabama 36303</u>.

    Respectfully submitted,

    s/Jean A. Therkelsen
    Jean A. Therkelsen
    Office of the Attorney General
    Alabama State House
    11 South Union
    Montgomery, AL  36130-0152
    Telephone:  (334) 242-7300
    Fax:  (334) 242-2848
    E-Mail:  JTherkelsen@ago.state.al.us

192562/100322-001

Theikelnex
22384-001

# Court of Criminal Appeals
## State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges


RELEASED
MAR - 9 2001
CLERK
COURT CRIMINAL APPEALS

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-00-0344                                    Geneva Circuit Court No. 99-126

Winston Davis v. State

COBB, Judge.

    Winston Davis was convicted following a jury trial of theft by deception, First Degree, a violation of § 13A-8-3, Ala. Code 1975. The trial court sentenced Davis, a habitual felony offender, to serve 40 years' imprisonment in the penitentiary, and to pay fines, restitution, and court costs. Davis appealed.
    Defense counsel has filed a brief with this Court, stating that he can find no arguable error in the record, citing Anders v. California, 386 U.S. 738 (1967). Davis filed a pro se brief, arguing many of the issues defense counsel discussed in his brief to this Court. Defense counsel filed a response, stating that he maintained the same position he took in his initial Anders brief to this Court.
    A review of the record supports counsel's assertion that there is no error in the record. Having reviewed the record of the proceedings, we find that the claims raised by Davis were either waived for purposes of review or without merit. This cause be is due to be affirmed without opinion.
    AFFIRMED.

McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.

EXHIBIT A

# THE STATE OF ALABAMA— JUDICIAL DEPARTMENT
# THE COURT OF CRIMINAL APPEALS

## CERTIFICATE OF JUDGMENT

*22384*

**Criminal Appeals Case**   CR-00-0344

Winston Davis v. State of Alabama (Appeal from Geneva Circuit Court: CC99-126).

Whereas, the appeal in the above cause having been duly submitted and considered, it is now hereby certified that on the 9th day of March, 2001, the judgment of the court below was affirmed.

Witness, Lane W. Mann, Clerk,
Court of Criminal Appeals, this
22nd day of June, 2001

_____
Clerk
Court of Criminal Appeals
State of Alabama

EXHIBIT B

```
ACR0370                ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 1999 000126.60
OPER: GAL                      CASE ACTION SUMMARY
PAGE:   1                      CIRCUIT   CRIMINAL             RUN DATE: 01/21/2004
==============================================================================
    THE CIRCUIT COURT OF   GENEVA                                 JUDGE: CLW
                                                                        3/2/04
STATE OF ALABAMA                      VS     DAVIS WINSTON             Winston Davis
                                             P.O. BOX 710              519 Santolina Rd.
CASE: CC 1999 000126.60                      ELBA WORK RELEASE         Dothan, AL 36303
                                             ELBA, AL 36323 0000       (334) 671-8152

DOB: 00/00/0000          SEX:     RACE:    HT: 5 10   WT: 205   HR: GRY EYES: GRY
SSN: 417621548   ALIAS NAMES:
==============================================================================
CHARGE01: RULE 32-FELONY          CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 07/29/1999                  AGENCY/OFFICER: 0340000

DATE WAR/CAP ISS:                         DATE  ARRESTED: 08/05/1999
DATE    INDICTED: 07/30/1999              DATE     FILED: 01/20/2004      EXHIBIT
DATE    RELEASED: 08/05/1999              DATE   HEARING:
   BOND AMOUNT:      $5,000.00 P              SURETIES:                      C

DATE 1:              DESC:                    TIME: 0000
DATE 2:              DESC:                    TIME: 0000

TRACKING NOS:                       /                           /

   DEF/ATY: *** NOT ON-FILE ***        TYPE: S                           TYPE:

                                  00000                           00000

PROSECUTOR:


==============================================================================
    CSE:    000000000000 CHK/TICKET NO:                         GRAND JURY: 1
   JRT REPORTER: _____ SID NO:      000000000
DEF STATUS: OTHER              DEMAND:                                OPER: GAL
==============================================================================
   TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                           OPE
==============================================================================
| 01/20/2004 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE            GAL
| 01/20/2004 | -FILED BY DEFENDANT, PRO SE, FROM ELBA WORK RELEAS         GAL
| 01/20/2004 | -E CENTER - INCLUDED W/ PETITION ARE: PETITION TO          GAL
| 01/20/2004 | -PROCEED IN FORMA PAUPERIS/EXHIBIT #1(PRO SE BRIEF         GAL
| 01/20/2004 | -WHICH IS ALSO MARKED APPENDIX A)/ANOTHER SET OF           GAL
| 01/20/2004 | -OF PAPERS ENTITLED APPENDIX A PRO SE BRIEF ON AP-         GAL
| 01/20/2004 | -PEAL GROUNDS OF PETITION/EXHIBIT B ALSO MARKED            GAL
| 01/20/2004 | -EXHIBIT 2 WHICH IS A BRIEF/US DISTRICT COURT OPIN         GAL
| 01/20/2004 | -ION DATED 12/31/03 AND US DISTRICT COURT JUDGMENT         GAL
| 01/20/2004 | -DATED 12/31/03.                                           GAL
| 01/21/2004 | DEFENDANT ARRESTED ON: 08/05/1999          (AR01)          GAL
| 01/21/2004 | DEFENDANT INDICTED ON: 07/30/1999          (AR01)          GAL
| 01/21/2004 | FILED ON: 01/20/2004                       (AR01)          GAL
| 01/21/2004 | COPY OF ALL PLEADINGS SERVED ON DAVID EMERY, D.A.          GAL
| 01/21/2004 | CHARGE 01: RULE 32-FELONY/#CNTS: 001       (AR01)          GAL
| 01/21/2004 | CASE ACTION SUMMARY PRINTED                (AR08)          GAL
```

| 3/2/04 | Motion for stay of Restitution, Atty Fees & Court Costs filed by def. (nw) |

```
ACR0369   ALABAMA   JUDICIAL   INFORMATION   CENTER
                    CASE ACTION SUMMARY
                         CONTINUATION              CASE: CC 1999 000126.60
                                                   JUDGE ID:  CLW
STATE  OF  ALABAMA                    VS    DAV  WINSTON
```

| DATE | ACTION, JUDGMENTS, CASE NOT |
|---|---|
| 3/2/04 | Motion by Davis, Pro Se, for Court to take jurisdiction by issuing Order allowing Petitioner to proceed in his substantial hardship filed with his Rule 32 Petition on January 16, 2004. |
| 3/2/04 | Notice of address change by Davis to 519 Santolina Road, Dothan, AL 36303 |
| 3/4/04 | Motion for Stay is denied. Motion to proceed in forma pauperis is granted. [handwritten] |
| 3/4/04 | Motion for stay is denied. Motion to proceed in forma pauperis is granted.  /s/ Kenneth W. Quattlebaum, Circuit Judge |
| 3/4/04 | Copy of C.A.S. to Davis and Emery. |
| 4/8/04 | Motion by Davis, Pro Se, for Court to Appoint Counsel to Represent Petitioner in his Rule 32 Petition filed with Exhibits #1,#2,#3,#4,#5,#6,#7,#8 and #9. Prayer in Motion requests appointment of an attorney "from out of the Geneva County Area". |
| 8/5/04 | The court has reviewed the petition and finds that it is due to be summarily dismissed. Grounds A.(4) could have been raised at trial. Grounds (6), (8) and (9) could have been raised on appeal and are not alledged with sufficient specifics. There is no material issue of fact or law that would entitle Pet. to relief under ground B. Ground E. is not timely filed or alleged of sufficient specifics. Case dismissed. [handwritten signature] |
| 8/5/04 | The Court has reviewed the petition and finds that it is due to be summarily dismissed. Grounds A.(4) could have been raised at trial. Grounds (6), (8) and (9) could have been raised on appeal and are not alleged with sufficient specifics. there is no material issue of fact or law that would entitle Petitioner to relief under ground B. Ground E is not timely filed or alleged with sufficient specifics. Case dismissed. /s/ Kenneth W. Quattlebaum, Circuit Judge |
| 8/20/04 | Copy of Case Action Summary mailed to Davis and furnished to D.A. (Per gl's phone conv. w/ W. Davis 8/20-since 32 denied-is taking to Fed. Ct.) |
| 2/2/06 | Aff of Hardship + Mot to Extend Time filed by Dfy (for filing Pet. from Relief in 126) |

```
ACR0369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R
                           CASE ACTION SUMMARY
                              CONTINUATION              CASE: CC 1999 000126.60
                                                        JUDGE ID:  CLW
STATE OF ALABAMA                    VS    DAVIS WINSTON
    DATE         ACTION, JUDGMENTS, CASE NOTES
```

| Date | Action, Judgments, Case Notes |
|---|---|
| 2/17/06 | Ct. is without jurisdiction or authority to grant Defendant's motion. [signature] Judge |
| 2/22/06 | Copy of Court's Entry of 2/17/06 mailed to W. Davis (gl) |
| 10/11/06 | Copy of U.S. District Court Motion received from Davis. (Motion for Order Staying Restitution in Geneva County Circuit Court Case CC-99-126) (gl) |
| 10/17/06 | Jean Thurkelson, AG's Office, requests copy of Case Action Summary for Rule 32 (CC-99-126.60). Ph: 334-242-7597 / FAX 334-242-2848 (gl) |
| 10/19/06 | C.A.S. faxed to AG (gl) |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
DEC - 5 2003
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

WINSTON DAVIS, #207 010    *

    Petitioner,    *

    v.    * CIVIL ACTION NO. 02-T-718-S

JAMES DELOACH, et al.,    *

    Respondents.    *

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner filed a Motion to Dismiss his Federal Habeas Application Without Prejudice on November 25, 2003. (Paper No. 51.) In support of his motion, Petitioner asserts that he wishes to file a Rule 32 petition in state court and that such remedy is still available to him. (*Id.*) The court, having read and considered Petitioner's motion, concludes that it should be granted.[1]

Accordingly, it is the Recommendation of the Magistrate Judge that Petitioner's Motion to Dismiss Federal Habeas Application Without Prejudice be granted.

Done this 5th day of December, 2003.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[1] In the court's July 8, 2002 order of procedure, the provisions of 28 U.S.C. § 2244(d), which contain language curtailing the scope and availability of federal habeas corpus for prisoners, were set forth *in toto*. (*See* Paper No. 3.)

EXHIBIT D

CIVIL ACTION NO. 02-T-718-S

## ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this _____ day of December, 2003.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WINSTON DAVIS, #207010, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 02-T-718-S |
| | ) |
| JAMES DELOACH, et al., | ) |
| | ) |
| Respondents. | ) |

**JUDGMENT**

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The recommendation of the United States Magistrate Judge entered on December 5, 2003 (Doc. # 52), is adopted.

(2) The Petitioner's motion to dismiss be and is hereby GRANTED.

(3) This case be and is hereby DISMISSED without prejudice.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Done this the 31st day of December, 2003

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE