**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

WINSTON DAVIS, #207010 )
)
PETITIONER, )
)
vs. ) CIVIL NO.
) 01: 06-CV-00842-MHT
STATE OF ALABAMA, *et al*., )
)
RESPONDENTS. )

## SUPPLEMENTAL ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and in response to this Honorable Court's Order issued January 23, 2007, make the following supplemental answer:

1. On January 23, 2007, this Court ordered the Respondents to file a supplemental answer addressing Davis's assertion that he is entitled to equitable tolling of the limitation period until the filing of this petition because a group of individuals, including state and municipal officials, have conspired against him to deprive him of his constitutional and civil rights.

2. Equitable tolling excuses an untimely filing when a petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. Taliani v. Chrans, 189 F.3d

597, 598 (7th Cir. 1999). Section 2254 permits equitable tolling "when a movant untimely filed because of extraordinary circumstances that are both beyond his control and unavoidable with due diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), quoting, Sandvik v. United States, 177 F. 3d 1269, 1271 (11th Cir. 1999). "Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Drew v. Dept. of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2002).

3. "Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. Helton v. Secretary for the Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001); Drew v. Dept. of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. Helton, 259 F.3d at 1313-1314 (Denying equitable tolling in light of the petitioner's failure to present the necessary evidence.) See also: Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted."). Davis's unsupported conspiracy theories do

not entitle him to equitable tolling of the limitation period. Other than making bare accusations, he has not supported his burden of proof.

Accordingly, Davis is not entitled to equitable tolling of the limitation period and his petition is due to be denied as barred by the statute of limitation.

## CONCLUSION

Based upon the foregoing, Davis's petition for writ of habeas corpus attacking his conviction of theft by deception is due to be denied because the petition is barred by the federal statute of limitation.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:

s/Jean A. Therkelsen
Jean A. Therkelsen (WEB017)
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Winston Davis, 519 Santolena Road, Dothan, Alabama 36303.

Respectfully submitted,

s/Jean A. Therkelsen
Jean A. Therkelsen (WEB017)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: JTherkelsen@ago.state.al.us

232385/100322-001