IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

WINSTON DAVIS                    *

     Petitioner,               *

       v.                      *         1:06-CV-842-MHT
                                               (WO)
STATE OF ALABAMA, *et al.*,      *

     Respondents.              *
_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Winston Davis on September 20, 2006.  In this petition, Petitioner challenges his  conviction for first degree theft by deception entered against him by the Circuit Court for Geneva County, Alabama, on June 8, 2000.  On June 30, 2000 the trial court sentenced Petitioner, a habitual offender, to a 40-year prison term. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on March 9, 2001 and issued a certificate of judgment on June 22, 2001. Petitioner's conviction became final by operation of law on July 6, 2001.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  Respondents contend that because Petitioner's conviction became final in 2001- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a Rule 32 petition with the trial court on January 20, 2004.  Respondents maintain, however, that this post-conviction petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. (*Doc. No. 10*.)  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( *Doc. No. 11*.)  The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id*.)  Petitioner filed responses on November 17, 2006, January 19, 2007 and February 27, 2007.[2]  (*See Doc. Nos. 14, 23, 30*.)  In his responses, Petitioner argues that he is actually

---

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[2]Although Petitioner's January 19, 2007 pleading was filed as an amendment to the petition, the court has also  considered it as a response to the order that Petitioner show cause why his petition should not be barred from review under the provisions of 28 U.S.C. § 2244(d)(1).

innocent of the conviction he challenges and that the exhibits attached to his responses show proof of his innocence. (*Doc. No. 30*.)    Petitioner further argues that his claims are jurisdictional in nature and, therefore, not subject to the limitation period. Finally, Petitioner maintains that his inability to timely file a federal habeas petition was part of a conspiracy and interference between state officials and private individuals to such a degree that despite reasonable diligence, Petitioner "was unable to untangle the [scheme] connecting the conspirators together who conspired to deprive Petitioner of his civil rights until March 21, 2006. (*Doc. Nos. 14, 23*.)

## II. DISCUSSION

*A. Fundamental Miscarriage of Justice - Actual Innocence*

This court must determine whether Petitioner has demonstrated his actual innocence before addressing Respondents' assertion that the instant petition is barred by the statute of limitations. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998).    "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518 (2006).    Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v.*

3

*Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*. 513 U.S. at 324.

Petitioner's allegation of actual innocence is not based on new evidence. Rather, Petitioner presents only self-serving and conclusory allegations that he is actually innocent arguing that his conviction is the result of a conspiracy between state and private officials who have acted in concert to deprive him of his constitutional rights. Petitioner's arguments, at most, constitute claims of legal insufficiency rather than factual innocence. *See Bousley*, 523 U.S. at 622. Petitioner has submitted no "new reliable evidence" to support his claims so as to meet the standard set forth by *Schlup*. His mere contention that he is actually innocent of the crime of his conviction is not supported by the record or any credible evidence. Because Petitioner has failed to demonstrate his actual innocence, the court finds that the instant petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

4

B.  *Statute of Limitations*

    1.  *Statutory Tolling*

    A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court.  28 U.S.C. § 2244(d)(1).[3]  28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of first degree theft by deception by the Circuit Court for

_____

    [3]This section provides:

        (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

                (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

                (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

                (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

                (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Geneva County, Alabama, on June 8, 2000.  On June 30, 2000 the trial court imposed sentence on Petitioner.  Petitioner filed a direct appeal.  The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on March 9, 2001 and issued a certificate of judgment on June 22, 2001.  Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 2000 conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  Thus, Petitioner's theft by deception conviction became final on July 6, 2001 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on July 8, 2002.[4]

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[4]Petitioner previously filed a § 2254 with this court on June 21, 2002.  *Davis v. DeLoach*, Civil Action No. 1:02-CV-718-MHT (M.D. 2003).  The court dismissed the petition, on motion filed by Petitioner, by order entered December 31, 2003.  The pendency of a federal civil action, such as Petitioner's previous federal habeas corpus petition, does not trigger tolling of the limitation period under § 2244(d)(2).  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).

judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333-1335. n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on January 20, 2004 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

### 2. Equitable Tolling

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly

rests with the petitioner." *Id*. at 1286.

The court has reviewed Petitioner's responses to the court's order that he show cause why his petition should not be denied and dismissed as barred by the one-year limitation period. Based on this review, the undersigned concludes that Petitioner has failed to set forth any basis for either equitable or statutory tolling of the limitation period until he filed this cause of action.

There is no evidence in the record tending to show that Petitioner's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were both beyond his control and unavoidable with the exercise of diligence. Petitioner argues that he presents jurisdictional claims which are not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law. Petitioner's vague and conclusory assertions of a conspiracy between state officials and private actors as a basis for the untimeliness of his petition are likewise insufficient to establish the extraordinary circumstances required to toll the limitation period. Under the circumstances of this case, this court cannot agree with Petitioner's assertion of entitlement to such equitable tolling because he has failed to show that the delay in filing the instant § 2254 petition resulted from truly extraordinary circumstances beyond his control and unavoidable with the exercise of diligence.

The record in this case establishes that Petitioner participated in the jury trial and sentencing proceedings from which his habeas claims arise. He, therefore, had either actual

or constructive knowledge of the factual basis for each of the claims presented to this court challenging the constitutionality of his conviction. He has failed to demonstrate that the claims he seeks to present in the instant petition are claims he could not have presented to this court in a timely filed § 2254 petition without access to any other information or documents associated with his state court proceedings. Under these circumstances, Petitioner needed nothing more "to proceed with filing a habeas corpus petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633-634 (7th Cir. 2002); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to the filing of a federal habeas petition); *Montgomery v. Meloy*, 90 F.3d 1200, 1203-1204 (7th Cir. 1996) (Petitioner in attendance at state court proceedings "knew or should have known what transpired. He was thus on notice that he should include [post-arrest silence and admissibility of out-of-court statements] in" a properly filed habeas petition.). Additionally, the court notes that no government impediment existed to the presentation of any of the claims presented to this court nor are these claims based on a newly recognized constitutional right. Finally, the factual predicate of Petitioner's claims for federal habeas relief were available to him at the time of his conviction and upon imposition of the sentence. These claims, therefore, fail to meet the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(B), (C) and (D).

Based on the foregoing, the court concludes that Petitioner has failed to present any credible basis for either equitable or statutory tolling of the limitation period. The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition resulted from

extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to equitably toll the statute. Moreover, no basis exists for statutory tolling.

Petitioner filed the instant petition for federal habeas corpus relief on September 20, 2006. Under the facts of this case, the time allowed Petitioner for filing a federal habeas petition expired on July 8, 2002. The limitation period, therefore, lapsed over four years prior to Petitioner filing this federal habeas action and he has failed to demonstrate that his petition should not be dismissed as untimely filed.

## III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Winston Davis be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 4  , 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of July, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE